THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JANEL GRANT, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 3:24-cv-00090-JAM |
| WORLD WRESTLING ENTERTAINMENT, INC. n/k/a WORLD WRESTLING, ENTERTAINMENT LLC; VINCENT K. MCMAHON; and JOHN LAURINAITIS | ) **ORAL ARGUMENT REQUESTED** |
| Defendants. | ) |

**PLAINTIFF JANEL GRANT'S MEMORANDUM OF LAW
IN SUPPORT OF HER MOTION TO STRIKE**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ......................................................................**Error! Bookmark not defined.**
INTRODUCTION ............................................................................................................................. 1
BACKGROUND ............................................................................................................................... 2
ARGUMENT .................................................................................................................................... 3
    A.    This Court Has the Power To Remedy Litigation Abuses, Including by Striking Statements in a Brief. ..................................................................................................... 3
    B.    The Offending Statements Are Clearly the Type of Material the Court Should Strike. ............................................................................................................................ 3
CONCLUSION ................................................................................................................................. 5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Chambers v. NASCO*,
   501 U.S. 32 (1991) ................................................................................................................3

*DLC Mgmt. v. Town of Hyde Park*,
   163 F.3d 124 (2d Cir. 1998) ..................................................................................................3

*Ferry v. Mead Johnson & Company, LLC*,
   3:20-CV-00099, Doc. 82 (D. Conn. Aug. 26, 2020) ..........................................................3, 4

*Hart v. World Wrestling Ent.*,
   2012 WL 1233022 (D. Conn. 2012) .....................................................................................3

*J. M. Cleminshaw v. City of Norwich*,
   93 F.R.D. 338 (D. Conn. 1981) .............................................................................................3

*Kounitz v. Slaatten*,
   901 F.Supp. 650 (S.D.N.Y.1995) ..........................................................................................4

*Smith v. AVSC Int'l, Inc.*,
   148 F.Supp.2d 302 (S.D.N.Y. 2001) .....................................................................................4

**Statutes**

9 U.S.C. § 3 ....................................................................................................................................2

9 U.S.C. § 4 ....................................................................................................................................2

Plaintiff Janel Grant ("Janel") respectfully submits this memorandum of law in support of her motion to strike inflammatory lies made in Defendant Vincent K. McMahon's ("McMahon") memorandum of law in support of his motion to compel arbitration, filed April 23, 2024, ECF No. 30-1 (the "Motion").

## INTRODUCTION

Even for Vince McMahon, the baseless, irrelevant, and false statements in the Motion's "Preliminary Statement"—designed solely to harass and intimidate his longtime victim, Janel Grant—are a new low. For instance, McMahon's unsupported assertions that Janel was "absent in her" dying parents' lives and engaged to a wealthy attorney when she met McMahon are not only falsehoods conceived by McMahon to intimidate Janel into submission—as he has done countless times before—but have nothing to do with the legal arguments raised by the Motion.

McMahon's lies are easily disproven. In truth, while Janel's father was in in-home hospice care during his final days, Janel continued to provide him with around-the-clock care. At the same time, Janel had also cared for her blind, wheelchair-bound mother until her death. Moreover, Janel was not dating, let alone engaged to, her ex-fiancé in 2019. To the contrary, Janel's ex-fiancé generously allowed Janel to stay in his apartment as she rebuilt her life following her parents' passing. During this time, Janel had no job or other financial support aside from the friendship and generosity of her ex. Consistent with his past behavior, McMahon twists these truths to fit his own fictional narrative, much like the fantasy world of professional wrestling from where he came.

Yet even if McMahon's falsities concerning Janel's private life were true (they are not), these statements have no bearing on the merits of Janel's claims, let alone the Motion. McMahon's statements have no place in the Motion, which should be concerned solely with whether this dispute must be submitted to arbitration. It was not necessary, reasonable, or responsible to use a

1

public filing to impugn Janel's moral character. Indeed, McMahon's desperate attempt to distract from the legal substance of the Motion highlight its weakness and the weakness of his overall case.

This Court has inherent power to strike a party's filings. The Court should use that power to strike the Motion's "Preliminary Statement" in its entirety and admonish McMahon and his counsel that such statements have no place in civil litigation.[1]

## BACKGROUND

Janel is a former employee of World Wrestling Entertainment, Inc. n/k/a/ World Wrestling Entertainment, LLC ("WWE") who was a victim of physical and emotion abuse, sexual assault and trafficking at WWE spanning several years. (*See* Compl. ¶ 1.) In Spring 2019, following the passing of her parents, Janel first met McMahon—the Founder and then-Executive Chairman of WWE—who promised her gainful employment with WWE. (*See id*. ¶¶ 5-7.) Over the next several years, however, Janel experienced unspeakable sexual and physical abuse at the hands of McMahon and other WWE employees directed by him. (*See id*. ¶¶ 46-270.) The horrors Janel endured have inflicted permanent trauma. (*See id*. ¶¶ 269-70.) On January 25, 2024, Janel filed her complaint in this action, seeking justice for the wrongs she suffered directly at McMahon's hands.

On April 23, 2024, McMahon filed the Motion, seeking to compel arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 3 and 4. The Motion's "Preliminary Statement," however, spends little time addressing facts or law relevant to the arbitrability of this dispute. (*See* Mot. At 1-4.) Instead, the Preliminary Statement raises a series of wild accusations attacking Janel's moral character. While the Preliminary Statement is riddled with irrelevant personal attacks

---

[1] The entire "Preliminary Statement" is rife with irrelevant lies about Janel and, thus, is properly stricken. At minimum, however, the Court should strike the specific statements concerning her relationship with her parents and her ex-fiancé on pages 2-3 of the Motion.

2

against Janel, most egregiously, the Motion baselessly and shamelessly accuses Janel of fabricating her involvement in her dying parents' care and cheating on her supposed fiancé. (*See id.* at 2-3.)

None of these statements are relevant in any way to the arguments made in the Motion because that is not their purpose. These statements were made solely to harass, embarrass, and intimidate Janel into abandoning her claims against McMahon.

## ARGUMENT

### A. This Court Has the Power to Remedy Litigation Abuses, Including by Striking Statements in a Brief.

The Supreme Court recognizes that courts have inherent authority to police and remedy the "full range of litigation abuses." *Chambers v. NASCO*, 501 U.S. 32, 46 (1991). This includes the power to control the disposition of a case to ensure that civility and decorum are preserved. *DLC Mgmt. v. Town of Hyde Park*, 163 F.3d 124, 136 (2d Cir. 1998); *J. M. Cleminshaw v. City of Norwich*, 93 F.R.D. 338, 352 (D. Conn. 1981). Among other powers, this Court may strike a party's filings and/or reprimand counsel for bad faith conduct. *Chambers*, 501 U.S. at 46. Both actions are appropriate to address McMahon's shocking incivility.

### B. The Offending Statements Are Clearly the Type of Material the Court Should Strike.

McMahon's groundless accusations impugning Janel's moral character are clearly the type of "unnecessary and inflammatory" statements that the District of Connecticut routinely strikes. *Hart v. World Wrestling Ent.*, 2012 WL 1233022, at *12 (D. Conn. 2012) (striking statements suggesting a party was amoral); *see also Ferry v. Mead Johnson & Company, LLC*, 3:20-CV-00099, Doc. 82 (D. Conn. Aug. 26, 2020) (granting motion to strike inflammatory statements in an opposition brief).

There is no need nor basis in the Motion for McMahon's claims that Janel was "adamant that she did not want to be associated" with her dying parents, visited McMahon "at all hours"

3

while engaged to a millionaire, and will "be exposed for [a] liar." (Mot. at 2-4.) These false claims amount to mudslinging, not legal argument, and have no place in this Court. *See*, *e.g.*, *Ferry, LLC*, 3:20-CV-00099, at Doc. 82 (striking inflammatory statements with no bearing on the relevant motion); *Smith v. AVSC Int'l, Inc.*, 148 F.Supp.2d 302, 317 (S.D.N.Y. 2001) (striking allegations that an employment discrimination plaintiff treated his coworkers and managers poorly); *Kounitz v. Slaatten*, 901 F.Supp. 650, 658 (S.D.N.Y.1995) (striking statements regarding "a party's alleged use of profanity and professional demands on her staff," which had no bearing on the case). Accordingly, the Court should exercise its power to strike the Motion's "Preliminary Statement" in its entirety.

4

## **CONCLUSION**

For the reasons above, the Court should: (i) strike the "Preliminary Statement" of the Motion, or such portions thereof as the Court deems proper, and (ii) admonish McMahon and his counsel in a manner the Court deems appropriate.

Dated: April 24, 2024

Respectfully submitted,

*/s/ Ann E. Callis*
**HOLLAND LAW FIRM, LLC**
Eric D. Holland (admitted *pro hac vice*)
Gregory R. Jones (admitted *pro hac vice*)
211 North Broadway, Suite 2625
St. Louis, MO 63102
(314) 241-8111 Telephone
(314) 241-5554 Facsimile
eholland@hollandtriallawyers.com
gjones@hollandtriallawyers.com

Ann E. Callis (admitted *pro hac vice*)
6181 Bennett Drive, Suite 210
Edwardsville, Illinois 62025
(618) 452-1323 Telephone
(618) 452-8024 Facsimile
acallis@hollandtriallawyers.com

*Attorneys for Plaintiff Janel Grant*