**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JANEL GRANT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:24-cv-00090-JAM |
| v. | ) | |
| | ) | |
| WORLD WRESTLING ENTERTAINMENT, INC., | ) | |
| a/k/a WORLD WRESTLING ENTERTAINMENT, | ) | |
| LLC; VINCENT K. MCMAHON; and JOHN | ) | |
| LAURINAITIS, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT VINCENT K. McMAHON'S**
**LOCAL RULE 56(a)(1) STATEMENT OF UNDISPUTED MATERIAL FACTS**
**IN SUPPORT OF HIS MOTION TO COMPEL ARBITRATION**

Pursuant to the Court's May 8, 2024 Order Approving Stipulation re: Scheduling (Dkt. No. 49) and Rule 56 of the Local Rules of the United States District Court for the District of Connecticut, Defendant Vincent K. McMahon ("McMahon" or the "Defendant"), respectfully submits this Statement of Undisputed Material Facts in Support of His Motion to Compel Arbitration filed on April 23, 2024 (Dkt. No. 30). Defendant believes the material facts stated below are underlined undisputed and conclusively resolve the forum dispute before the Court. Should the Court find it necessary to conduct a hearing on any issue, Defendant respectfully reserves his right to introduce additional evidence that bears on witness credibility, sophistication, state of mind, and similar issues.

1.      Plaintiff Janel Grant ("Plaintiff") and McMahon (collectively, the "Parties") had a three-year relationship which ended in or about January 2022. (Defendant Vincent K. McMahon's Declaration in Support of His Motion to Compel Arbitration Executed on April 18, 2024 (Dkt. No. 30-2 ("McMahon Decl.")) ¶ 2.)

2.      During their entire relationship, Plaintiff lived in the same luxury apartment building as Defendant.  (Plaintiff's Complaint (Dkt. No. 1 ("Compl.")[1] ¶ 2.)

3.      When Plaintiff and Defendant's relationship ended, they entered into a contract entitled Confidential Settlement Agreement, General Release and Covenant Not to Sue (the "Agreement" or "Agmt.").  (McMahon Decl. ¶ 2 & Ex. 1.)

4.      Before the Parties involved their respective attorneys in the negotiation of the Agreement, Plaintiff herself negotiated the monetary compensation that Defendant would pay her under the Agreement from $1,000,000 (the amount initially offered by Defendant) to $3,000,000.  (McMahon Decl. ¶ 3; Compl. ¶ 210.)

5.      The Parties were represented by counsel in connection with the drafting and negotiation of the Agreement:  Jonathan M. Shapiro of Aeton Law Partners LLP for Plaintiff, and Jerry S. McDevitt of K&L Gates for Defendant.  (McMahon Decl. ¶ 4.)

6.      On or about January 20, 2022, Defendant's attorney sent a draft of the Agreement to Plaintiff's attorney.  (McMahon Decl. ¶ 4.)

7.      On or about January 27, 2022, Plaintiff's attorney sent a revised version of the draft Agreement to Defendant's attorney proposing that the following language be inserted into the Agreement's arbitration provision:  "In the event of a claim of breach under this Agreement by any

---

[1]  Although a plaintiff cannot cite allegations in their own complaint as evidence to oppose a motion for summary judgment, *see Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996); *Hernandez v. Coca Cola Refreshments USA, Inc.*, No. 12-cv-234, 2013 WL 6388654, at *3 (E.D.N.Y. Dec. 6, 2013) ("[A]llegations in a complaint are not evidence that can defeat a motion for summary judgment.") (internal quotation marks omitted), a defendant can cite a plaintiff's allegations that they do not contest in support of their motion for summary judgment.  *See Brotherhood Mut. Ins. Co. v. Rogers*, No. 20-cv-1295, 2023 WL 2332293, at *2 n. 2 (W.D.N.Y. Mar. 2, 2023) (collecting cases); *see also Dozier v. Genesee Cnty.*, No. 20-cv-6628, 2022 WL 79723, at *1 (W.D.N.Y. Jan. 7, 2022) (deeming factual assertion in defendants' statement of undisputed facts as admitted by plaintiff where they were "taken from the complaint"); *Melvin v. Cty. of Westchester*, No. 14-cv-02995, 2019 WL 1227903, at *1 n. 1 (S.D.N.Y. Mar. 15, 2019) (court will consider a fact from complaint only "to the extent it is undisputed by Defendants").  While reserving all rights and solely for purposes of his Motion to Compel Arbitration, except as stated in footnote 2 below, Defendant accepts the specific factual allegations in the Complaint cited in this Statement of Undisputed Material Facts as true.

party that results in arbitration or any legal proceeding, the prevailing party, as determined by the

tribunal or Court, shall recover from the non-party(ies) all of its resulting costs and attorneys fees."

(McMahon Decl. ¶ 5.)

       8.      Section X of the Agreement, in its entirety, states:

> In the event of any dispute arising under or out of this Agreement,
> its construction, interpretation, application, performance or breach,
> the parties agree to first attempt to resolve such disputes informally
> and prior to taking any formal legal action to resolve such disputes.
> In the event any such dispute cannot be resolved informally, all
> parties hereto agree that the sole and exclusive legal method to
> resolve any and all disputes and/or controversies is to commence
> binding arbitration under the Federal Arbitration Act pursuant to the
> procedures of the American Arbitration Association and to do so by
> sealed proceedings which preserve the confidential and private
> nature of this Agreement. The parties agree to discuss the venue for
> any such arbitration proceeding if and when such a dispute arises
> which cannot be informally resolved; but in the event the parties
> cannot agree on a venue then the exclusive venue for any arbitration
> proceeding shall be in Stamford, Connecticut. The prevailing party,
> as determined by the arbitration tribunal, shall be entitled to recover
> from the non-prevailing party all of its attorney's fees and costs.

(McMahon Decl. Ex. 1 (Agmt.) § X.)

      9.      The Agreement further contains a provision pursuant to which Plaintiff agreed to

keep the Agreement, and information about Defendant, confidential. (McMahon Decl. Ex. 1

(Agmt.) § I(A)-(D).)

      10.     The Agreement also contains a severability provision: "In the event that any

provision of this Agreement is held to be void or unenforceable by an arbitration panel or court

reviewing an arbitration decision, the remaining provisions shall nevertheless be binding provided,

however, if any of the confidentiality obligations of this Agreement are ever contended to be

unenforceable by Grant, or are found to be unenforceable by any tribunal, Grant agrees that she

shall return all monies paid pursuant to this Agreement to McMahon." (McMahon Decl. Ex. 1

(Agmt.) § IX.)

11.     In the Agreement, Plaintiff acknowledged that "among the rights she is knowingly and voluntarily waiving by executing this Agreement is the right to bring or pursue any claims or causes of action against McMahon and/or WWE."  (McMahon Decl. Ex. 1 (Agmt.) § VII(B) (emphasis added).)

12.     The Agreement provided that Plaintiff was to be paid $1,000,000 within ten (10) days of the execution of the Agreement and the remaining $2,000,000 in four equal installments of $500,000:

> V.     MONETARY CONSIDERATIONS TO GRANT
>
> A.     Upon execution of this Agreement by the parties, McMahon will pay the sum of One Million Dollars ($1,000,000.00) to Grant within ten (10) days of execution of this Agreement.
>
> B.     Provided all confidentiality obligations of Grant under this Agreement are complied with in ensuing years, McMahon will pay the following sums to Grant within ten (10) days of the dates listed below:
>
> > February 1, 2023 - $500,000.00
> >
> > February 1, 2024 - $500,000.00
> >
> > February 1, 2025 - $500,000.00
> >
> > February 1, 2026 - $500,000.00
>
> In the event of any disclosure by Grant of the matters required to be kept confidential under this Agreement, McMahon shall have no obligation to make any payments set forth above which would otherwise become due on the dates indicated, and all monies previously paid to Grant pursuant to this Agreement shall be returned to McMahon in accordance with the terms of this Agreement.

(McMahon Decl. Ex. 1 (Agmt.) § V(A)-(B).)

13.     Finally, the Agreement states that by signing her name, Plaintiff "represents that she is able to read the language and to understand the meaning and effect of this Agreement," that

"she has read and understands this Agreement and the effect of it," and that "her attorney . . . has explained it to her."  (McMahon Decl. Ex. 1 (Agmt.) § VII(A).)

14.     The Parties signed and dated the Agreement on January 28, 2022.  (McMahon Decl. ¶ 6 & Ex. 1 (Agmt.) p. 6.)

15.     Within ten (10) days of the Agreement's execution, Defendant paid Plaintiff the first payment specified in Section V(A) of the Agreement in the amount of $1,000,000.  (Compl. ¶¶ 222, 263.)[2]

Date: May 14, 2024

**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**

James A. Budinetz (ct16068)
McElroy, Deutsch, Mulvaney &
   Carpenter, LLP
One State Street, 14th Floor
Hartford, CT  06103
Telephone: (860) 522-5175
Facsimile:  (860) 522-2796
jbudinetz@mdmc-law.com

Respectfully submitted,

**KASOWITZ BENSON TORRES LLP**

By: */s/ Jessica T. Rosenberg*
   Jessica T. Rosenberg
      (admitted *pro hac vice*)
   Jonathan L. Shapiro
      (admitted *pro hac vice*)
   1633 Broadway
   New York, NY  10019
   Telephone: (212) 506-1700
   Facsimile   (212) 506-1800
   JRosenberg@kasowitz.com
   JShapiro@kasowitz.com

   *Attorneys for Defendant*
   *Vincent K. McMahon*

---

[2]  Defendant expressly denies the allegation in paragraph 263 of the Complaint that Defendant "breached a core term of the NDA" and that he "failed" to make further payments:  indeed, as stated in Defendant's Memorandum of Law in Support of His Motion to Compel Arbitration, Defendant did not pay Plaintiff the payments specified in Section V(B) because Plaintiff failed to comply with her confidentiality obligations under the Agreement by disclosing her relationship with Defendant.

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 14, 2024 a copy of the foregoing was filed electronically.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

*/s/ Jessica T. Rosenberg*
