# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JANEL GRANT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:24-cv-00090-JAM |
| v. | ) | |
| | ) | |
| WORLD WRESTLING ENTERTAINMENT, INC., | ) | |
| a/k/a WORLD WRESTLING ENTERTAINMENT, | ) | |
| LLC; VINCENT K. MCMAHON; and JOHN | ) | |
| LAURINAITIS, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT VINCENT K. McMAHON'S [PROPOSED]**
**MOTION TO ENFORCE THE COURT'S STAY ORDER**

Defendant Vincent K. McMahon, by and through his undersigned attorneys, respectfully moves this Court for an order to enforce this Court's *Order of Stay and Denial Without Prejudice of Pending Motions* [ECF No. 68] (the "Stay Order") pursuant to this Court's inherent authority to address and remedy violations of its orders, for the reasons set forth more fully in the accompanying memorandum of law. Specifically, Mr. McMahon respectfully requests that the Court issue an order (i) enforcing its prior Stay Order; (ii) precluding Plaintiff from using in this lawsuit any of the materials unlawfully obtained from her newly filed Bill of Discovery proceeding in state court; and (iii) admonishing Plaintiff that she may be held in contempt if she continues to violate the Stay Order. Mr. McMahon further moves the Court for such other and further relief as the Court may deem just and proper.

1

Date: July 25, 2024

Respectfully submitted,

**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**

**AKIN GUMP STRAUSS HAUER & FELD LLP**

By: */s/ James A. Budinetz*
James A. Budinetz (ct16068)
McElroy, Deutsch, Mulvaney &
   Carpenter, LLP
One State Street, 14th Floor
Hartford, CT  06103
Telephone: (860) 522-5175
Facsimile: (860) 522-2796
jbudinetz@mdmc-law.com

Jessica T. Rosenberg
   (admitted *pro hac vice*)
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY  10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
jrosenberg@akingump.com


*Attorneys for Defendant*
*Vincent K. McMahon*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 25, 2024 a copy of the foregoing was filed electronically.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.


*/s/ James A. Budinetz* (ct16068)

**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JANEL GRANT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:24-cv-00090-JAM |
| v. | ) | |
| | ) | |
| WORLD WRESTLING ENTERTAINMENT, INC., | ) | |
| a/k/a WORLD WRESTLING ENTERTAINMENT, | ) | |
| LLC; VINCENT K. MCMAHON; and JOHN | ) | |
| LAURINAITIS, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT VINCENT K. McMAHON'S [PROPOSED] MEMORANDUM OF LAW**
**IN SUPPORT OF HIS MOTION TO ENFORCE THE COURT'S STAY ORDER**

**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**

James A. Budinetz (ct16068)
McElroy, Deutsch, Mulvaney &
  Carpenter, LLP
One State Street, 14th Floor
Hartford, CT  06103
Telephone: (860) 522-5175
Facsimile: (860) 522-2796
jbudinetz@mdmc-law.com

**AKIN GUMP STRAUSS HAUER & FELD LLP**

Jessica T. Rosenberg
  (admitted *pro hac vice*)
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY  10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
jrosenberg@akingump.com

*Attorneys for Defendant*
*Vincent K. McMahon*

Defendant Vincent K. McMahon respectfully submits this memorandum of law in support of his motion to enforce this Court's *Order of Stay and Denial Without Prejudice of Pending Motions* [ECF No. 68] (the "Stay Order") pursuant to this Court's inherent authority to address and remedy any violations of its orders.

## PRELIMINARY STATEMENT

Plaintiff Janel Grant willfully and flagrantly violated this Court's Stay Order—entered by the Court based on the parties' mutual consent—less than one month after the Court ordered a complete stay of this action, including discovery, through December 11, 2024.  Notwithstanding this Court's Stay Order, Plaintiff initiated and filed a Bill of Discovery proceeding against two nonparties to this action in Connecticut State Court seeking information "material and necessary to determine whether Defendants were civil conspirators *in her pending claims against McMahon and the WWE*."  (*Complaint – Bill of Discovery* [Entry No. 100.31][1] (the "Bill of Discovery") (attached hereto as Exhibit 1) ¶ 25 (emphasis added).)

The depositions and documents sought from the parties to the Bill of Discovery proceedings are expressly intended to develop information for use in this action.  Indeed, Plaintiff specifically seeks relief "[a]llowing subpoenas to be issued such that depositions of the Defendants [in the Bill of Discovery proceeding] may be taken by the undersigned to ascertain, among other things, [defendant's] *knowledge of the facts underlying Ms. Grant's federal claims*[.]"  (*Id.* (Prayer for Relief), at 7-8 ¶ 2 (emphasis added).)

Any doubt as to Plaintiff's intention to use information developed in the Bill of Discovery proceeding in this action was removed when, shortly after filing the Bill of Discovery, Plaintiff's counsel announced to the media that the information sought is "to assist in our claims in the federal

---

[1] *Janel Grant v. Carlon M. Coker and Peak Wellness, Inc.*, FST-CV24-6068091 (Conn. Super. Ct.).

1

action."[2]   Thus, in a clear end-run around the Stay Order, Plaintiff seeks to obtain one-sided discovery to use in this stayed action—discovery that would, in the ordinary course and without a stay, occur through depositions and third-party subpoenas issued in this case.   Indeed, Mr. McMahon and the other defendants currently have no right to participate in any discovery in the Bill of Discovery proceeding because they are not parties and are subject to the Court's Stay Order.

For the reasons set forth below, this Court should not tolerate Plaintiff's ploys to avoid this Court's Stay Order all while further publicizing her baseless and salacious allegations against Mr. McMahon—allegations that Mr. McMahon has not yet been afforded the opportunity to refute. As such, Mr. McMahon respectfully requests that the Court issue an order (i) enforcing its prior Stay Order; (ii) precluding Plaintiff from using in this lawsuit any of the materials unlawfully obtained from the Bill of Discovery; and (iii) declaring that Plaintiff may be subject to a contempt finding if she continues to violate the Stay Order.   Specifically, should the Plaintiff continue her violative conduct, despite this Court precluding her from doing so, civil contempt and accompanying financial sanctions should result.

## **BACKGROUND**

Plaintiff filed a complaint in this action on January 25, 2024.   [ECF No. 1.]   Pursuant to the arbitration clause in the parties' "Confidential Settlement Agreement, General Release and Covenant Not to Sue," Mr. McMahon moved to compel arbitration.   (*See, generally Defendant Vincent K. McMahon's Memorandum of Law in Support of His Motion to Compel Arbitration* [ECF No. 30].)

---

[2] https://www.law.com/ctlawtribune/2024/07/16/former-wwe-employee-moves-for-medical-discovery-in-sex-assault-case/?kw=Former%20WWE%20Employee%20Moves%20for%20Medical%20Discovery%20in%20Sex%20Assault%20Case&utm_source=email&utm_medium=enl&utm_campaign=newsroomupdate&utm_content=20240716&utm_term=clt&oly_enc_id=



On June 11, 2024, ██████████████████████████ the Court ordered that the action be stayed for at least six months.  In its order granting the stay, the Court expressly noted that it was entered based on the parties' mutual consent to the stay.  (*See* Stay Order.)

Mr. McMahon has complied with the Court's Stay Order and has not made any motions implicating the underlying facts or attempts to conduct discovery.

By complaint dated July 1, 2024—less than one month after the Court's Stay Order—Plaintiff served and, thereafter, returned to Connecticut Superior Court the Bill of Discovery.  The Bill of Discovery names two nonparties to this action, but it attaches and directly refers to the complaint in *this* action.  (*See, e.g.,* Exhibit 1 ¶ 9.)  Through the Bill of Discovery, Plaintiff seeks "records and testimony" that are "material and necessary to determine whether Defendants were civil conspirators in ***her pending claims*** against McMahon and the WWE."  (*Id.* ¶¶ 24-25 (emphasis added).)  Further, the Plaintiff's Prayer for Relief explicitly requests an order from the court "[a]llowing subpoenas to be issued such that depositions of the [defendants] may be taken by [plaintiff's counsel] to ascertain, among other things, [defendant's] ***knowledge of the facts underlying Ms. Grant's federal claims***[.]"  (*Id.* Prayer for Relief ¶ 2 (emphasis added).)

Moreover, Plaintiff's counsel explicitly stated to the media that the information sought in the state court action is "***to assist in our claims in the federal action.***"[3]  (Emphasis added.)

## **ARGUMENT**

The Court should exercise its inherent authority to enforce its orders by precluding Plaintiff from (further) violating the Stay Order.  *See Motown Record Co., L.P. v. Beverage Co. of Ohio*, 28 F. App'x 107, 109 (2d Cir. 2002) (noting that a federal court has "inherent authority" to effectuate its decree); *see also Degen v. United States*, 517 U.S. 820, 827 (1996) ("A federal court has at its disposal an array of means to enforce its orders, including . . . those furnished by . . . inherent authority.").  "[C]ourts in this Circuit and elsewhere have generally recognized that a party seeking relief designed to allow for the enforcement of a Court order must make some showing that a Court order has been violated."  *Amara v. Cigna Corp.*, No. 01-cv-2361 (SVN), 2024 WL 1985904, at *2 (D. Conn. May 6, 2024) (declining to take action to enforce the court's order because, unlike here, the movant failed to raise significant questions concerning compliance with the court's order); *see also Weston Cap. Advisors, Inc. v. PT Bank Mutiara, Tbk*, 738 F. App'x 19, 22 (2d. Cir. 2018) ("[T]he District Court did not abuse its discretion when it exercised its inherent powers to enforce its own orders and issued the Additional Sanction Order . . . .").  Here, it is indisputable that Plaintiff has violated the Court's Stay Order.

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

---

[3] https://www.law.com/ctlawtribune/2024/07/16/former-wwe-employee-moves-for-medical-discovery-in-sex-assault-case/?kw=Former%20WWE%20Employee%20Moves%20for%20Medical%20Discovery%20in%20Sex%20Assault%20Case&utm_source=email&utm_medium=enl&utm_campaign=newsroomupdate&utm_content=20240716&utm_term=clt&oly_enc_id=

████████████████████████████████████████

████████████████████████████████████████

████████████████████   As a result—*and with the Plaintiff's consent*—the Court ordered a

complete stay of the action for at least six months.  (Stay Order.)

Nevertheless, Plaintiff commenced the Bill of Discovery proceeding in Connecticut State

Court in which she seeks to memorialize the very witness statements and obtain the very

documents intended to be precluded by the stay.  (*See* Exhibit 1 (Prayer for Relief) ¶ 2 (requesting

an order "[a]llowing subpoenas to be issued such that depositions of the defendants [in the Bill of

Discovery proceeding] may be taken by the undersigned to ascertain, among other things,

[defendant's] knowledge of the facts underlying Ms. Grant's federal claims").)  This flagrant

violation of the Court's Stay Order was flaunted by Plaintiff's counsel who commented to the

media that the state action was "to assist in our claims in the federal action."[4]  Clearly, seeking

"records and testimony," including depositions regarding the "facts underlying" the claims in the

current action, that are "material and necessary" to Plaintiff's "pending claims against McMahon

and the WWE" (Exhibit 1 ¶¶ 24-25, (Prayer for Relief) ¶ 2), constitutes a violation of this Court's

Stay Order.

Accordingly, the Court should enforce its Stay Order and exercise its inherent authority to

preclude the Plaintiff from seeking one-sided discovery—discovery in which Mr. McMahon and

his co-defendants, as nonparties, will not even be permitted to participate.  Plaintiff should be

enjoined from employing this and any other strategic devices aimed at skirting the Court's clear

---

[4] https://www.law.com/ctlawtribune/2024/07/16/former-wwe-employee-moves-for-medical-discovery-in-sex-assault-
case/?kw=Former%20WWE%20Employee%20Moves%20for%20Medical%20Discovery%20in%20Sex%20Assault
%20Case&utm_source=email&utm_medium=enl&utm_campaign=newsroomupdate&utm_content=20240716&utm
_term=clt&oly_enc_id=

order to stand down for the duration of the stay.  Once the stay has been lifted and litigation resumes, Plaintiff—like all other parties to this action—will be entitled to seek the requested records and testimony.  However, conducting discovery related to the underlying facts of this action prior to the expiration of the stay is a violation of the Court's order, which will inequitably prejudice the Defendants, including Mr. McMahon.  As such, Mr. McMahon respectfully requests that the Court preclude Plaintiff from using in this action any discovery obtained from the unauthorized discovery.

Finally, should Plaintiff continue to seek alternative means of conducting discovery notwithstanding the Court-ordered stay and an explicit admonishment by this Court that Plaintiff's activities violate its order, the Court should hold Plaintiff in contempt and impose accompanying financial sanctions.  Courts may hold a party in contempt and impose financial sanctions "to coerce [the contemnor] into compliance with the court's order."  *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947); *see also Shillitani v. United States*, 384 U.S. 364, 370 (1966) ("There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt."); 18 U.S.C. § 401, 401(3) ("A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command.").

Contempt is appropriate where "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner."  *United Rentals, Inc. v. Adams*, No. 19-cv-1210 (JBA), 2021 WL 9563173, at *2 (D. Conn. Aug. 31, 2021) (citing *N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1351 (2d Cir. 1989)).  Should Plaintiff continue to flout

the stay—despite a further order by this Court resulting from the present motion—that standard would clearly be satisfied and justify a "stiff remedy." *See N.A. Sales Co. v. Chapman Indus. Corp.*, 736 F.2d 854, 857-58 (2d Cir. 1984) (upholding treble damages remedy for civil contempt where Judge had previously "been lenient" and "cautioned [the party] about the sanctions proposed for future noncompliance"); *see also id.* at 858 ("Clarifications of orders previously issued, which may be obtained on motion or made *sua sponte* by the court, add certainty to an implicated party's efforts to comply with the order and provide fair warning as to what future conduct may be found contemptuous.").  Mr. McMahon respectfully reserves the right to pursue such a remedy, and any other appropriate remedies, should Plaintiff not heed the Court's orders.

## **CONCLUSION**

For the foregoing reasons, Mr. McMahon respectfully requests that the Court grant his motion and preclude Plaintiff from using any unauthorized discovery in this matter and enforce its order temporarily staying this matter.

[*Remainder of page intentionally left blank*]

Date: July 25, 2024                          Respectfully submitted,

**McELROY, DEUTSCH, MULVANEY &**            **AKIN GUMP STRAUSS HAUER &**
**CARPENTER, LLP**                           **FELD LLP**

By: */s/ James A. Budinetz*                      Jessica T. Rosenberg
James A. Budinetz (ct16068)                       (admitted *pro hac vice*)
McElroy, Deutsch, Mulvaney &                     Akin Gump Strauss Hauer & Feld LLP
  Carpenter, LLP                                 One Bryant Park
One State Street, 14th Floor                     New York, NY  10036
Hartford, CT  06103                              Telephone: (212) 872-1000
Telephone: (860) 522-5175                        Facsimile: (212) 872-1002
Facsimile: (860) 522-2796                        jrosenberg@akingump.com
jbudinetz@mdmc-law.com

                                                 *Attorneys for Defendant*
                                                 *Vincent K. McMahon*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 25, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

<u>*/s/ James A. Budinetz* (ct16068)</u>

# EXHIBIT 1

**RETURN DATE: JULY 23, 2024**

——————————————————————————      :      SUPERIOR COURT

JANEL GRANT,                                        :

                      :      JUDICIAL DISTRICT OF STAMFORD

    Plaintiff,                 :

                      :      AT STAMFORD

v.                                                  :

                      :

CARLON M. COLKER, M.D. and                          :

PEAK WELLNESS, INC.                                 :

                      :

    Defendants.                :

——————————————————————————      :      JULY 1, 2024

## <u>COMPLAINT – BILL OF DISCOVERY</u>

1.  This is a pre-action discovery petition brought forth pursuant to Connecticut General Statutes § 52-156a.

2.  Plaintiff Janel Grant ("Plaintiff" or "Ms. Grant") is a resident of Stamford, Connecticut.

3.  Upon information and belief, Defendant Carlon M. Colker, M.D. ("Dr. Colker") resides at 8 Wildcat Road, Darien, CT 06820.

4.  At all times relevant to this action, Dr. Colker has been a physician licensed to practice medicine in the State of Connecticut.

5.  Defendant Peak Wellness, Inc. ("Peak Wellness," and together with Dr. Colker, "Defendants") is a Connecticut corporation with a principal place of business located at 195 Field Point Road, Greenwich, CT 06830.

6.  Upon information and belief, Peak Wellness is wholly owned by Dr. Colker, who serves as the Director.

7.  Peak Wellness operates a medical center that markets itself as providing traditional medical care along with advanced diagnostics, functional medicine, naturopathy, physical

medicine, anti-aging, and aesthetics.  Among the services offered are private concierge medicine, customized vitamin protocols, medical cannabis, weight loss counseling, physical performance testing, facial injectables, and an I.V. drip lounge.

8.      Dr. Colker is Chief Executive Officer and Medical Director of the medical center. Upon information and belief, Dr. Colker routinely treats employees and talent of World Wrestling Entertainment, Inc. n/k/a World Wrestling Entertainment, LLC ("WWE"), headquartered in Stamford, Connecticut.

9.      In a federal complaint dated January 25, 2024, Ms. Grant brought, *inter alia*, sex trafficking and sexual assault claims against the WWE, its Founder and Executive Chairman Vincent K. McMahon ("McMahon"), and its former executive John Laurinaitis, which are currently pending in the United States District Court, District of Connecticut.[1]

10.      Ms. Grant is a former employee of the WWE, having worked there from June 2019 through March 2022.

11.      In or about November 2019, McMahon arranged that Ms. Grant see Dr. Colker to treat her fatigue and insomnia.

12.      At McMahon's direction, Ms. Grant began seeing Dr. Colker regularly.  From November 22, 2019 through April 15, 2022, Ms. Grant saw Dr. Colker or another practitioner at Peak Wellness on at least 60 occasions.

13.      On multiple visits, Dr. Colker prescribed Ms. Grant with "adrenal trays" or "adrenal supplement trays," provided by his office and instructed her to take the unmarked pills daily. Dr. Colker did not explain the substances, dosages, or purpose of the pills to Ms. Grant beyond

---

[1] *See Janel Grant v. World Wrestling Entertainment, Inc. n/k/a World Wrestling Entertainment, LLC, et al.*, Docket No. 3:24-cv-00090-JAM (D. Conn. January 25, 2024) (the "Federal Action").  A copy of the Complaint is appended hereto as **Exhibit A**.

purportedly addressing her symptoms of fatigue.  When Ms. Grant asked Dr. Colker about the substance of the supplement trays, and specifically which substance(s) caused her to experience nausea, he responded with pushback about trust, including, "If you don't trust me, we have bigger problems."

14.     Dr. Colker also prescribed weekly I.V. infusions, and similarly did not disclose the substance of the infusions to Ms. Grant, other than a generalized description in a "drip lounge" menu.  These treatments caused Ms. Grant to feel unwell during the I.V. sessions, which Dr. Colker attributed to individual "tolerance."

15.     Additionally, an employee of Peak Wellness also was involved in several instances of sexual abuse against Ms. Grant by McMahon as further described in Ms. Grant's federal complaint.

16.     On Ms. Grant's last visit to Peak Wellness in April 2022, Dr. Colker demanded that she sign a statement that required her to provide a credit card to pay for her visits to the clinic. When Ms. Grant refused, Dr. Colker berated her and asked, "What's the matter, Janel – is there a problem with money?  Is this about the NDA?"

17.     By letters dated February 5, 2024 and March 20, 2024, Ms. Grant, through counsel, requested her medical records from Peak Wellness in electronic format pursuant to the Health Information Technology for Economic and Clinical Health Act ("HITECH Act").

18.     In response to each letter, Dr. Colker and Peak Wellness provided records to Ms. Grant's counsel in paper copies only.  Peak Wellness used electronic recordkeeping for Ms. Grant's medical records, as she was instructed to utilize an iPad for administrative purposes, such as patient intake, in the Peak Wellness office.  To date, despite repeated requests, Dr. Colker

and Peak Wellness has failed or refused to provide Ms. Grant's electronic medical records, including any associated metadata.

19.     Upon review, Ms. Grant and her counsel noticed that the provided paper records are incomplete and inaccurate.  For example, there are billing records that do not have a corresponding medical record, medical records that do not have a corresponding billing record, inconsistent billing rates, and double charges.

20.     The medical records provided by Peak Wellness also do not contain a copy of Peak Wellness' Privacy Policy, despite the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") requirement that covered entities distribute a plain-language Notice of Privacy Practices to all patients describing their policies for using and distributing protected health information.

21.     Additionally, each of the "Patient Receipts" Defendants provided itemize the charges for each service provided and indicate that "Patient Paid" the full amount.  However, Ms. Grant never received or paid a single medical bill from either Peak Wellness or Dr. Colker.

22.     Upon information and belief, McMahon and/or WWE paid each of Ms. Grant's medical bills from Peak Wellness and Dr. Colker, totaling over $51,000.

23.     Further, Dr. Colker had personal knowledge of the circumstances surrounding a purported non-disclosure agreement at issue in the Federal Action.  Specifically, during the negotiation of the purported non-disclosure agreement, McMahon approved of Ms. Grant asking Dr. Colker for an attorney referral.  Dr. Colker recommended Defendants' attorney to Ms. Grant and, upon McMahon's approval, Ms. Grant engaged that attorney to represent her in the negotiation of the purported non-disclosure agreement.

24.     Plaintiff seeks records and testimony from Defendants regarding:

a.      Plaintiff's electronic medical records, including all associated metadata;

b.      Defendants' recordkeeping and billing procedures;

c.      Payment records relating to Ms. Grant;

d.      Defendants' payment arrangements with McMahon and/or the WWE;

e.      The purpose of Ms. Grant's prescribed treatments;

f.      The substance of Ms. Grant's prescribed treatments;

g.      Any communications between Dr. Colker and McMahon relating to Ms. Grant; and

h.      Dr. Colker's involvement in recommending Ms. Grant's attorney for negotiation of the purported non-disclosure agreement.

25.      The information that Ms. Grant has requested is material and necessary to determine whether Defendants were civil conspirators in her pending claims against McMahon and the WWE.

26.      The information is also material and necessary to determine whether Defendants have engaged in falsifying medical records, Racketeer Influenced and Corrupt Organizations Act ("RICO") violations, RICO conspiracy, assault, battery, and/or breaches of fiduciary against Ms. Grant.

27.      Plaintiff has potential causes of action sounding in civil conspiracy, aiding and abetting, fraud, assault, battery, RICO, RICO conspiracy, and/or breach of fiduciary duty that will be supported by the materials sought.

28.      As the parties in control of Ms. Grant's medical records, Defendants are the sole parties in possession of the information in question.

29.      Plaintiff has no other adequate remedy at law to obtain the materials requested.

30.     As this petition is the sole remedy at law that allows Plaintiff to determine the

existence of a cause of action against Dr. Colker and/or Peak Wellness, granting this petition will

prevent a failure or delay in justice.

 

 

**PLAINTIFF JANEL GRANT**

By:    *Erica O. Nolan*

David A. Slossberg, Esq.
Erica O. Nolan, Esq.
HURWITZ, SAGARIN, SLOSSBERG & KNUFF,
LLC
135 Broad Street
Milford, CT 06460
Tel: 203-877-8000/Fax: 203-878-9800
Juris No. 026616
DSlossberg@hssklaw.com
ENolan@hssklaw.com


Ann E. Callis*
HOLLAND LAW FIRM, LLC
6181 Bennett Drive, Suite 210
Edwardsville, IL 62025
Tel: 618-452-1323/Fax: 618-452-8024
acallis@hollandtriallawyers.com


*Seeking admission pro hac vice*

6

**RETURN DATE: JULY 23, 2024**

| | | |
|---|---|---|
| | : | SUPERIOR COURT |
| JANEL GRANT, | : | |
| | : | JUDICIAL DISTRICT OF STAMFORD |
| Plaintiff, | : | |
| | : | AT STAMFORD |
| v. | : | |
| | : | |
| CARLON M. COLKER, M.D. and | : | |
| PEAK WELLNESS, INC. | : | |
| | : | |
| Defendants. | : | |
| | : | JULY 1, 2024 |

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiff respectfully requests an order from the Court:

1.      Discovery of records and/or correspondence in the Defendants' possession and control pertaining to the medical treatment provided by Defendants to Plaintiff;

2.      Allowing subpoenas to be issued such that depositions of the Defendants may be taken by the undersigned to ascertain, among other things, Dr. Colker's knowledge of the facts underlying Ms. Grant's federal claims; and

3.      Any and all other relief at law or equity that the Court deems just or proper.

**PLAINTIFF JANEL GRANT**

By:  *Erica O. Nolan*

David A. Slossberg, Esq.
Erica O. Nolan, Esq.
HURWITZ, SAGARIN, SLOSSBERG & KNUFF,
LLC
135 Broad Street
Milford, CT 06460
Tel: 203-877-8000/Fax: 203-878-9800
Juris No. 026616
DSlossberg@hssklaw.com
ENolan@hssklaw.com


Ann E. Callis*
HOLLAND LAW FIRM, LLC
6181 Bennett Drive, Suite 210
Edwardsville, IL 62025
Tel: 618-452-1323/Fax: 618-452-8024
acallis@hollandtriallawyers.com

*Seeking admission pro hac vice*