UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JANEL GRANT, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 3:24-cv-00090-JAM |
| v. | ) |
| | ) |
| WORLD WRESTLING ENTERTAINMENT, INC., | ) |
| a/k/a WORLD WRESTLING ENTERTAINMENT, | ) |
| LLC; VINCENT K. MCMAHON; and JOHN | ) |
| LAURINAITIS, | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT VINCENT K. McMAHON'S DECLARATION
### IN SUPPORT OF HIS MOTION TO COMPEL ARBITRATION

I, Vincent K. McMahon, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

1. I submit this Declaration in support of my Motion to Compel Arbitration. I have personal knowledge of each fact set forth in this Declaration and would testify thereto if called upon to do so.

2. Beginning in or around March 2019, I had an approximately three-year friendship and consensual, intimate relationship with plaintiff Janel Grant ("Plaintiff"), which ended in or about January 2022.

3. Based on Plaintiff's representation that she needed a job, I facilitated meetings between Plaintiff and World Wrestling Entertainment, Inc.'s ("WWE") Human Resources department to discuss a position in the legal department as a legal administrator-coordinator.

4. When our relationship ended, we entered into a contract, entitled "Confidential Settlement Agreement, General Release and Covenant Not to Sue" (the "Settlement Agreement") to "terminate Grant's employment with WWE," release any claims Grant had

against me or WWE, and "avoid any damage caused by public disclosure of private matters known to Grant and McMahon." A true and correct copy of the Settlement Agreement is annexed as Exhibit 1 hereto.

5. Before we involved our respective attorneys in the Settlement Agreement's negotiation, Plaintiff, herself, negotiated the monetary compensation that I would pay her under the Settlement Agreement from $1,000,000 to $3,000,000.

6. On or about January 20, 2022, my attorney (Jerry S. McDevitt of K&L Gates) sent a draft of the Settlement Agreement to Plaintiff's attorney (Jonathan M. Shapiro of Aeton Law Partners LLP).

7. On or about January 27, 2022, Plaintiff's attorney sent a revised version of the draft Settlement Agreement to my attorney. In this revised version, Plaintiff's attorney proposed changes to the draft agreement. For example, to reinforce the strength of the arbitration clause, Plaintiff's attorney proposed language that ultimately resulted in an arbitration provision that entitles the prevailing party to recover attorney's fees and costs.

8. As reflected in Exhibit 1, Plaintiff and I signed the Settlement Agreement on January 28, 2022.

9. On or about February 4, 2022, consistent with my obligations under the Settlement Agreement, I paid Plaintiff $1,000,000.

10. In or about March 2022, I learned that Plaintiff had breached the Settlement Agreement by sharing protected information with a third party. As a result, I exercised my right under the agreement to withhold further payments.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 20, 2024

_____
Vincent K. McMahon