# EXHIBIT 1

## CONFIDENTIAL SETTLEMENT AGREEMENT, GENERAL RELEASE AND COVENANT NOT TO SUE

THIS Confidential Settlement Agreement, General Release and Covenant Not to Sue ("this Agreement") is made by and between Vincent K. McMahon ("McMahon") and World Wrestling Entertainment, Inc., its past and present divisions, subsidiary, predecessors, affiliations and successors ("WWE")

AND

Janel Grant ("Grant").

WHEREAS, Grant has been employed by WWE in various capacities since June 17, 2019, most recently as Director, Operations (Talent Relations).

WHEREAS, the parties hereto have agreed to terminate Grant's employment with WWE on the basis of this Confidential Settlement Agreement and to avoid any damage caused by public disclosure of private matters known to Grant and McMahon.

NOW, THEREFORE, and with the intent to be legally bound, and in consideration of the mutual promises and covenants set forth herein, the parties agree as follows:

I.  GRANT'S CONSIDERATION, REPRESENTATION AND WARRANTIES TO McMAHON AND WWE

A.  Grant agrees, represents, and warrants that, as of the date this Agreement is signed, she will not disclose, discuss or reveal any claims against, or information about, McMahon, her relationship with McMahon, WWE, or any employees or independent contractors of WWE, to third parties, on social media, in any public forum, or to any member of the media.

B.  Grant represents and warrants that she has not, and will not, disclose, discuss, or reveal the existence of this Agreement, any of the terms of this Agreement, or the amounts paid to her to any third party, on social media, in any public forum, or to any member of the media provided, however, that Grant may disclose the amounts paid pursuant to this Agreement to her attorney and tax advisors and accountants so long as Grant obtains their prior commitment to maintain the confidentiality of the information required to be kept confidential under this Agreement. If Grant discloses the amounts paid to her tax advisors, accountants or taxing authorities, she shall at all times limit disclosure to the minimum disclosure required to effectuate the legitimate purpose of the interaction with such advisors or taxing authorities.

C.  Grant represents and acknowledges that any disclosure by Grant of the matters required to be kept confidential under this Agreement will do irreparable harm to McMahon and

311580421.2

to WWE and would defeat their purpose in entering into this Agreement. Grant further represents and agrees that any such disclosures by Grant will cause and result in the nonpayment of any monies otherwise due under this Agreement, and Grant further promises to return to McMahon all monies paid to her by McMahon pursuant to this Agreement prior to any such disclosure by Grant.

D. Grant agrees that neither she nor anyone, including attorneys acting on her implicit or explicit request to serve as an agent, spokesperson or representative of her, will make any disparaging remarks about McMahon and/or WWE to third parties, on social media, in any public forum or to any member of the media. For purposes of this paragraph, "disparaging remarks" shall mean any statements, actions or insinuations that would tend to lessen the standing or reputation of a company or individual in the eyes of an ordinary citizen, or which would expose a company or individual to embarrassment or scorn.

II. <u>Release, Waiver and Covenant not to Sue</u>

A. Except for any rights under this Agreement, and as otherwise stated herein, Grant hereby agrees to release, remise and forever discharge, and by these presents does, for herself, her heirs, executors, and administrators, release, remise and forever discharge McMahon, WWE, and the present, former and future directors, officers, employees, agents and representatives of WWE personally and as directors, officers, employees, agents and representatives of WWE from all manner of action and actions, causes of action, sums of money, covenants, contracts, controversies, agreements, promises, damages, claims and demands whatsoever, in law or in equity, that she ever had, may have had, now has or that her heirs, executors or administrators can, shall or may have as a result of, or in connection with her employment relationship with WWE, the termination of that employment relationship, and/or any and all matters involved in her relationship with McMahon and/or other WWE personnel, and whether known or unknown, asserted or unasserted, suspected or unsuspected which she may have as a result of any act which has occurred at any time up to and including the date of her execution of this Agreement.

B. BY SIGNING THIS AGREEMENT, GRANT ACKNOWLEDGES THAT SHE WILL HAVE WAIVED ANY RIGHT SHE MAY HAVE HAD TO PURSUE OR BRING A LAWSUIT OR MAKE ANY LEGAL CLAIMS AGAINST MCMAHON AND/OR WWE, AND/OR ANY OF ITS DIRECTORS, OFFICERS, EMPLOYEES, AGENTS AND REPRESENTATIVES.

C. Grant agrees that she will not cause, and has not caused, to be filed any legal actions, administrative proceedings, arbitrations or charges of any nature whatsoever relating to McMahon or WWE concerning matters within the scope of this Agreement.

D. Grant covenants and agrees that she will forever forbear from pursuing any legal proceedings (except if necessary to enforce this Agreement), and that she will not in any other way make any additional demand or claims against McMahon and/or WWE.

E. Grant agrees that she shall not institute or be a party to any lawsuits, either individually or as a class representative or member against McMahon and/or WWE as to any matters up to the date of execution of this Agreement. Grant knowingly and intentionally waives any rights to any additional recovery that might be sought on her behalf by any other person, entity, or local, state or federal government or agency thereof.

F. McMahon and WWE, individually and jointly, for and in consideration of the representations, warranties and covenants of Grant contained herein, hereby release and forever discharge Grant, her heirs, executors, administrators, successors and assigns from any and all disputes and causes of action, claims, demands, suits, damages, attorneys' fees, expenses, debts, contracts, agreements, and any and all other claims of any other nature whatsoever against Grant whether known or unknown or whether asserted or unasserted from the beginning of time to the date of execution of this Agreement, which McMahon and/or WWE might have or could claim against Grant.

III. NON-ADMISSION OF LIABILITY

The parties hereto understand and agree that neither this Agreement or any of its terms are, or are intended to be, admissions of liability of any kind.

IV. RESIGNATION OF GRANT

Upon execution of this Agreement by the parties, Grant will resign from her employment at WWE effective immediately.

V. MONETARY CONSIDERATIONS TO GRANT

A. Upon execution of this Agreement by the parties, McMahon will pay the sum of One Million Dollars ($1,000,000.00) to Grant within ten (10) days of execution of this Agreement.

B. Provided all confidentiality obligations of Grant under this Agreement are complied with in ensuing years, McMahon will pay the following sums to Grant within ten (10) days of the dates listed below:

February 1, 2023 – $500,000.00
February 1, 2024 – $500,000.00
February 1, 2025 – $500,000.00
February 1, 2026 – $500,000.00

In the event of any disclosure by Grant of the matters required to be kept confidential under this Agreement, McMahon shall have no obligation to make any payments set forth above which would otherwise become due on the dates indicated, and all monies previously paid to Grant pursuant to this Agreement shall be returned to McMahon in accordance with the terms of this Agreement.

C. All monies paid to Grant pursuant to this Agreement shall not be subject to any tax withholdings. Grant is solely responsible for the proper tax treatment of all payments, and for the payment of all taxes, penalties, and interest due as a result of any and all payments made pursuant to this Agreement.

D. Grant understands and agrees that the representations, warranties, and obligations of confidentiality contained in Section I of this Agreement continue in perpetuity and even after all payments due under this Agreement are made in full.

E. Grant reaffirms that she recognizes the substantial damages which would be done to McMahon and to WWE in the event of any disclosure of the matters she is obligated to keep confidential under this Agreement, and that the extent, amount, and nature of the damages in the event of disclosure are not capable of reasonable estimation. Accordingly, Grant agrees both as a contractual promise, and as liquidated damages, to return all monies paid to Grant under this Agreement if and when any disclosure of the matters required to be kept confidential is made.

F. McMahon agrees that this Agreement binds him and his Estate in the event of his death, including the obligation to pay Grant the consideration set forth in this Section V provided Grant has complied with her obligations set forth in this Agreement.

VI. ADDITIONAL CONSIDERATION TO GRANT

In the event that Grant desires a recommendation from WWE to possible future employers, she can identify John Laurinaitis as a reference and WWE agrees to provide a positive evaluation and recommendation to any such possible employer of Grant. If Mr. Laurinaitis is no longer employed by WWE at the time Grant needs a reference, she shall contact either legal counsel for McMahon and WWE identified below or McMahon to ascertain the name of the WWE employee to identify as a reference.

VII.  **ADDITIONAL REPRESENTATIONS AND ACKNOWLEDGEMENTS OF GRANT**

    A.    Grant represents that she is able to read the language and to understand the meaning and effect of this Agreement. Grant hereby represents that she has read and understands this Agreement and the effect of it and that her attorney, Mr. Jonathan Shapiro, has explained it to her.

    B.    Grant acknowledges that among the rights she is knowingly and voluntarily waiving by executing this Agreement is the right to bring or pursue any claims or causes of action against McMahon and/or WWE.

VIII.  **CONFIDENTIALITY**

    Should Grant receive notice or become aware that disclosure of confidential information under this Agreement is sought from her or her agents by way of subpoena, discovery request, court order, agency action or otherwise, she shall give McMahon and WWE prompt (within two (2) days of such notice or awareness) notice of such attempt to obtain disclosure, with such notice directed to:

> Jerry S. McDevitt
> K&L Gates LLP
> K&L Gates Center
> 210 Sixth Avenue
> Pittsburgh, PA 15222-2613

    Or, the notice can be sent to any other person so designated by McMahon, WWE or McDevitt or his law partners at any time during the pendency of this Agreement. Grant shall cooperate with McMahon and WWE to prevent the disclosure being sought, to limit the scope and use of the Confidential Information that is sought and/or to put appropriate protections in place to maintain its confidentiality to the extent legally permissible.

IX.  **ENTIRE AGREEMENT**

    A.    The parties agree that this Agreement constitutes and is the full and complete understanding between them and may not be modified or amended except in a writing signed by all the parties hereto. In the event that any provision of this Agreement is held to be void or unenforceable by any arbitration panel or court reviewing an arbitration decision, the remaining provisions shall nevertheless be binding provided, however, if any of the confidentiality obligations of this Agreement are ever contended to be unenforceable by Grant , or are found to be unenforceable by any tribunal, Grant agrees that she shall return all monies paid pursuant to this Agreement to McMahon.

X.  **ARBITRATION**

In the event of any dispute arising under or out of this Agreement, its construction, interpretation, application, performance or breach, the parties agree to first attempt to resolve such disputes informally and prior to taking any formal legal action to resolve such disputes. In the event any such dispute cannot be resolved informally, all parties hereto agree that the sole and exclusive legal method to resolve any and all disputes and/or controversies is to commence binding arbitration under the Federal Arbitration Act pursuant to the procedures of the American Arbitration Association and to do so by sealed proceedings which preserve the confidential and private nature of this Agreement. The parties agree to discuss the venue for any such arbitration proceeding if and when such a dispute arises which cannot be informally resolved; but in the event the parties cannot agree on a venue then the exclusive venue for any arbitration proceeding shall be in Stamford, Connecticut. The prevailing party, as determined by the arbitration tribunal, shall be entitled to recover from the non-prevailing party all of its attorney's fees and costs.

XI.  APPLICABLE LAW

This Agreement was made in and shall be governed by and construed under the laws of the State of Connecticut in existence at the time this Agreement was entered into regardless of whether application of Connecticut choice-of-law rules would mandate the application of another state's laws to any dispute arising under this Agreement.

THEREFORE, the parties to this Confidential Settlement Agreement, General Release and Covenant Not to Sue, now voluntarily and knowingly execute this Agreement.

By: _____  Date: 1-28-22
    Janel Grant

By: _____  Date: 1/28/22
    Vincent K. McMahon

By: _____  Date: 1/28/22
    World Wrestling Entertainment, Inc.
    Vincent K. McMahon, Chairman