UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JANEL GRANT, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:24-cv-00090-JAM |
| v. ) | |
| ) | |
| WORLD WRESTLING ENTERTAINMENT, INC., ) | |
| a/k/a WORLD WRESTLING ENTERTAINMENT, ) | |
| LLC; VINCENT K. MCMAHON; and JOHN ) | |
| LAURINAITIS, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT VINCENT K. McMAHON'S
LOCAL RULE 56(a)(1) STATEMENT OF UNDISPUTED MATERIAL FACTS
IN SUPPORT OF HIS MOTION TO COMPEL ARBITRATION**

Pursuant to Rule 56(a)(1) of the Local Rules of the United States District Court for the District of Connecticut and the Court's May 8, 2024 Order, (Dkt. No. 49), Defendant Vincent K. McMahon ("Defendant McMahon") respectfully submits this Statement of Undisputed Material Facts in Support of His Motion to Compel Arbitration, filed herewith. Defendant McMahon believes the material facts stated below are undisputed and conclusively resolve the forum dispute before the Court. Should the Court find it necessary to conduct a hearing on any issue, Defendant McMahon respectfully reserves his right to introduce additional evidence that bears on witness credibility, sophistication, state of mind, and similar issues.

1. Plaintiff Janel Grant ("Plaintiff") and Defendant McMahon met in or about March 2019. (Defendant Vincent K. McMahon's Declaration in Support of His Motion to Compel Arbitration ("McMahon Decl."), filed herewith, ¶ 2.)

1

2. Plaintiff and Defendant McMahon entered into a contract entitled "Confidential Settlement Agreement, General Release and Covenant Not to Sue" (the "Settlement Agreement"). (McMahon Decl. ¶ 4 & Ex. 1 ("Agmt.").)[1]

3. Defendant McMahon signed the Settlement Agreement both on his own behalf and, in his capacity as Chairman, on behalf of World Wrestling Entertainment, Inc. ("WWE"), which was also party to the Settlement Agreement. (Agmt. at 6.)

4. Before the parties involved their respective attorneys in the negotiation of the Settlement Agreement, Plaintiff herself negotiated the monetary compensation that Defendant McMahon would pay her under the Settlement Agreement from $1,000,000 (the amount initially offered by Defendant McMahon) to $3,000,000. (McMahon Decl. ¶ 5.)

5. The parties were represented by counsel in connection with the drafting and negotiation of the Settlement Agreement: Jonathan M. Shapiro of Aeton Law Partners LLP for Plaintiff, and Jerry S. McDevitt of K&L Gates for Defendant McMahon. (McMahon Decl. ¶ 6.)

6. On or about January 20, 2022, Defendant McMahon's attorney sent a draft of the Settlement Agreement to Plaintiff's attorney. (McMahon Decl. ¶ 6.)

7. On or about January 27, 2022, Plaintiff's attorney sent a revised version of the draft Settlement Agreement to Defendant McMahon's attorney. In this revised version, Plaintiff's attorney proposed language that ultimately resulted in an arbitration provision that entitles the prevailing party to recover attorney's fees and costs. (McMahon Decl. ¶ 7.)

8. The parties entered into the Settlement Agreement, in part, to "terminate Grant's employment with WWE," release any claims Grant had against Defendant McMahon or WWE,

---

[1] Exhibit 1 to the Declaration of Defendant McMahon is the fully executed Settlement Agreement. Exhibit 1 is otherwise identical to Exhibit A to the Complaint (Dkt. No. 1-1), which is signed only by Plaintiff.

and "to avoid any damage caused by public disclosure of private matters known to Grant and McMahon." (Agmt. Recitals & § 2; McMahon Decl. ¶ 4.)

    9.    Section X of the Settlement Agreement, in its entirety, states:

> In the event of any dispute arising under or out of this Agreement, its construction, interpretation, application, performance or breach, the parties agree to first attempt to resolve such disputes informally and prior to taking any formal legal action to resolve such disputes. In the event any such dispute cannot be resolved informally, all parties hereto agree that the sole and exclusive legal method to resolve any and all disputes and/or controversies is to commence binding arbitration under the Federal Arbitration Act pursuant to the procedures of the American Arbitration Association and to do so by sealed proceedings which preserve the confidential and private nature of this Agreement. The parties agree to discuss the venue for any such arbitration proceeding if and when such a dispute arises which cannot be informally resolved; but in the event the parties cannot agree on a venue then the exclusive venue for any arbitration proceeding shall be in Stamford, Connecticut. The prevailing party, as determined by the arbitration tribunal, shall be entitled to recover from the non-prevailing party all of its attorney's fees and costs.

(Agmt. § X.)

    10.    The Settlement Agreement contains provisions pursuant to which Plaintiff agreed to keep the Settlement Agreement and information about Defendant McMahon and their relationship confidential, and to not disparage McMahon and/or WWE. (Agmt. § I.)

    11.    The Settlement Agreement contains a mutual release of all claims, including but not limited to an agreement by Plaintiff "to release, remise and forever discharge McMahon, WWE, and the present, former and future directors, officers, employees, agents and representatives of WWE from all manner of action and actions, causes of action, sums of money . . . damages, claims and demands whatsoever, in law or in equity, that she ever had, may have had, [or] now has . . . as a result of, or in connection with her employment relationship with WWE, the termination of that employment relationship, and/or any and all matters involved in her relationship with McMahon and/or other WWE personnel." (Agmt. § II.)

12. The Settlement Agreement also contains a severability provision: "In the event that any provision of this Agreement is held to be void or unenforceable by any arbitration panel or court reviewing an arbitration decision, the remaining provisions shall nevertheless be binding provided, however, if any of the confidentiality obligations of this Agreement are ever contended to be unenforceable by Grant, or are found to be unenforceable by any tribunal, Grant agrees that she shall return all monies paid pursuant to this Agreement to McMahon." (Agmt. § IX.)

13. In the Settlement Agreement, Plaintiff acknowledged that "among the rights she is knowingly and voluntarily waiving by executing this Agreement is the right to bring or pursue any claims or causes of action against McMahon and/or WWE." (Agmt. § VII(B).)

14. The Settlement Agreement provided that Plaintiff was to be paid $1,000,000 within ten (10) days of the execution of the Agreement and the remaining $2,000,000 in four equal installments of $500,000, and that "[i]n the event of any disclosure by Grant of the matters required to be kept confidential under [the] Agreement, McMahon shall have no obligation to make any payments set forth" therein. (Agmt. § V.)

15. The Settlement Agreement states that by signing her name, Plaintiff "represents that she is able to read the language and to understand the meaning and effect of this Agreement," that "she has read and understands this Agreement and the effect of it," and that "her attorney . . . has explained it to her." (Agmt. § VII(A).)

16. The parties signed and dated the Settlement Agreement on January 28, 2022. (McMahon Decl. ¶ 8; Agmt. at 6.)

17. Within ten (10) days of the Settlement Agreement's execution, Defendant McMahon paid Plaintiff the first payment specified in Section V(A) of the Settlement Agreement in the amount of $1,000,000. (McMahon Decl. ¶ 8.)

4

Date: December 23, 2024                                              Respectfully submitted,

| | |
|---|---|
| **McCARTER & ENGLISH, LLP** | **AKIN GUMP STRAUSS HAUER & FELD LLP** |
| James A. Budinetz (ct16068)<br>McCarter & English, LLP<br>CityPlace I, 185 Asylum Street<br>Hartford, CT  06103<br>Telephone: (860) 275-6765<br>Facsimile:  (860) 724-3397<br>jbudinetz@mccarter.com | By: */s/ Jessica T. Rosenberg*<br>    Jessica T. Rosenberg<br>      (admitted *pro hac vice*)<br>    Akin Gump Strauss Hauer & Feld LLP<br>    One Bryant Park<br>    New York, NY  10036<br>    Telephone: (212) 872-1000<br>    Facsimile   (212) 872-1002<br>    JRosenberg@akingump.com<br><br>    *Attorneys for Defendant*<br>    *Vincent K. McMahon* |

## **CERTIFICATE OF SERVICE**

    I certify that on December 23, 2024 a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

                                                                               */s/ Jessica T. Rosenberg*