# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANEL GRANT, | : | |
| | : | |
| Plaintiff, | : | Case No.: 3:24-cv-00090-JAM |
| | : | |
| vs. | : | |
| | : | |
| WORLD WRESTLING | : | |
| ENTERTAINMENT, INC. n/k/a WORLD | : | |
| WRESTLING ENTERTAINMENT, LLC; | : | |
| VINCENT K. MCMAHON; and JOHN | : | January 2, 2025 |
| LAURINAITIS, | : | |
| | : | |
| Defendants. | : | |

## PLAINTIFF'S MOTION FOR STATUS CONFERENCE

Plaintiff Janel Grant ("Plaintiff" or "Ms. Grant") respectfully requests a status conference with the Court as the parties disagree on a briefing schedule to move this litigation forward. Plaintiff plans to amend her Complaint following the expiration of the temporary stay (ECF No. 68); however, the parties have been unable to reach an agreement as to a briefing schedule and instead, Defendants have filed their motions to compel arbitration.

## I.    FACTUAL BACKGROUND

This matter has been stayed since June 11, 2024, to accommodate the Government's criminal investigation into Defendants.  (See Order of Stay and Denial Without Prejudice of Pending Motions [the "Stay Order"], ECF No. 68.)  On December 11, 2024, the day the stay was set to expire, the Government advised Plaintiff, through her counsel, that it could continue its investigation of Defendants without the stay and that the Government does not plan to seek an extension of the stay at this time.

When the Government sought to stay this matter, Defendants had filed motions to compel arbitration (ECF Nos. 30, 35, 61), and Plaintiff's time to respond to these motions had not yet

passed.  According to the Stay Order: "In light of the stay of this action and the possibility of any change of circumstance during the pendency of the stay, the Court DENIES the defendants' pending motions to compel arbitration (Docs. # 30, #35, and #61) without prejudice to renewal within two weeks of any future order of the Court lifting the stay."  *Id.*  No such order has been entered.

In the hope of submitting a joint proposal to the Court following the Government's announcement, Plaintiff wrote to Defendants on December 16, 2024, to advise that Plaintiff is preparing to amend her complaint once the stay is formally lifted, inquire if Defendants intended to renew their request to compel arbitration in response, and propose a joint briefing schedule.  A true and accurate copy of the email exchange between counsel is appended hereto as **Exhibit A**. *See* Ex. A at 2, Email from A. Callis to D. Toal et al. re: Proposed Schedule, (Dec. 16, 2024, 11:42 a.m.).  Plaintiff proposed to submit her Amended Complaint on January 15, 2025 with opening responsive motions due 21 days later.  (*Id.*)

Counsel for Defendant McMahon, on behalf of all Defendants, asked for time to confer with their clients on December 16, waited a week, then responded by email on December 23, 2024, that "Defendants are filing their motions to compel arbitration."  (Ex. A at 1, Email from J. Rosenberg to A. Callis et al. (Dec. 16, 2024, 12:26 p.m.); *id.*, Email from I. Roberts to A. Callis (Dec. 23, 2024 12:51:49 p.m.).)  Defendant McMahon filed a Motion to Compel Arbitration and accompanying papers only a few minutes after his counsel sent that email.  *See* ECF No. 85.  That evening, Defendant WWE filed its own motion to compel arbitration (ECF No. 86) and Defendant Laurinaitis filed a joinder the next day (ECF No. 87).

## II.    PLAINTIFF MAY AMEND HER COMPLAINT AS OF RIGHT

Plaintiff may amend her Complaint as of right under Rule 15, which states that Plaintiff may amend as of right "21 days after service of a responsive pleading or 21 days after service of a

motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Defendants have not yet submitted any responsive pleadings or motions under Rule 12(b), (e), or (f).[1] Therefore, Plaintiff may amend her Complaint as of right under Rule 15. In the alternative, if the Court disagrees that Plaintiff may amend her Complaint as of right, Plaintiff intends to seek leave of this Court to file an amended Complaint pursuant to Rule 15(a)(2).

## III.    PLAINTIFF'S SCHEDULING PROPOSAL

Accordingly, subject to this Court's approval, Plaintiff proposed the following schedule for the Parties' submissions:

| Date | Filing |
|---|---|
| January 15, 2025 | Plaintiff's Amended Complaint |
| February 5, 2025 | Defendants' Renewed Motions to Compel Arbitration (if any) |
| February 26, 2025 | Plaintiff's Opposition to Renewed Motions to Compel Arbitration |
| March 12, 2025 | Defendants' Replies ISO Motions to Compel Arbitration |

Counsel for Plaintiff conferred with counsel for Defendants regarding this proposal, as detailed above and in the attached exhibit. Defendants McMahon and WWE responded by filing Motions to Compel Arbitration with Defendant Laurinaitis joining, suggesting Defendants do not consent to the proposed schedule. *See* ECF Nos. 85, 86, 87.

---

[1] Defendants' motions to compel arbitration are neither responsive pleadings, nor motions arising under Rule 12(b), (e) or (f). *See* 3 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE, § 15.11 (Matthew Bender 3d ed. 2007) ("The term responsive pleading is defined by reference to Rule 7(a), which distinguishes between pleadings and motions, and provides an exclusive list of what is a pleading[.]"); Fed. R. Civ. P. 7(a) ("(a) Pleadings. Only these pleadings are allowed: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer."); *cf. Beauzay v. Pacific Western Bank*, No. C 94–20053 JW, 1994 WL 544436, at *2 (N.D. Cal. Sept. 28, 1994) (allowing plaintiffs to amend complaint once as a matter of right pursuant to Rule 15(a) because motion to compel arbitration was not a responsive pleading).

**IV.    CONCLUSION**

As such, Plaintiff requests a status conference with the Court to discuss a briefing schedule at the Court's convenience, preferably the week of January 6, 2025.  In the alternative, if the Court believes a status conference is unnecessary, Plaintiff respectfully requests that the Court enter an order formally lifting the stay and scheduling the parties' next submissions, and any further relief that this Court deems just and proper.

<b>PLAINTIFF JANEL GRANT</b>

By  */s/ Ann E. Callis*
Holland Law Firm, LLC
Eric D. Holland (phv207692)
Gregory R. Jones (phv207693)
211 North Broadway, Suite 2625
St. Louis, MO 63102
Tel: (314) 241-8111/Fax: (314) 241-5554
eholland@hollandtriallawyers.com
gjones@hollandtriallawyers.com

Ann E. Callis (phv207694)
6181 Bennett Drive, Suite 210
Edwardsville, Illinois 62025
Tel: (618) 452-1323/Fax: (618) 452-8024
acallis@hollandtriallawyers.com

*/s/ Erica O. Nolan*
David A. Slossberg (ct13116)
Erica O. Nolan (ct31097)
Hurwitz, Sagarin, Slossberg & Knuff, LLC
135 Broad Street
Milford, CT 06460
Tel: (203) 877-8000/Fax: (203) 878-9800
DSlossberg@hssklaw.com
ENolan@hssklaw.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on January 2, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to all parties that are unable to accept electronic filing.  Parties may access this filing through the Court's electronic system.

<i>/s/ Erica O. Nolan</i>
Erica O. Nolan