UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JANEL GRANT, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 3:24-cv-00090-SFR |
| v. | ) |
| | ) |
| WORLD WRESTLING ENTERTAINMENT, INC., | ) |
| a/k/a WORLD WRESTLING ENTERTAINMENT, | ) |
| LLC; VINCENT K. MCMAHON; and JOHN | ) |
| LAURINAITIS, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT VINCENT K. McMAHON'S OPPOSITION
TO PLAINTIFF'S RENEWED MOTION FOR A STATUS CONFERENCE AND
MOTION TO GRANT THE PENDING MOTION TO COMPEL ARBITRATION OR
<u>ALTERNATIVELY, ORDER PLAINTIFF TO TIMELY RESPOND</u>**

**McCARTER & ENGLISH, LLP**

James A. Budinetz (ct16068)
McCarter & English, LLP
CityPlace I, 185 Asylum Street
Hartford, CT 06103
Telephone: (860) 275-6765
Facsimile: (860) 724-3397
jbudinetz@mccarter.com

**AKIN GUMP STRAUSS HAUER &
FELD LLP**

Jessica T. Rosenberg
 (admitted *pro hac vice*)
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
jrosenberg@akingump.com

*Attorneys for Defendant
Vincent K. McMahon*

Defendant Vincent K. McMahon, by and through his undersigned attorneys, respectfully files this opposition to Plaintiff's Renewed Motion for a Status Conference (Dkt. # 90) and moves this Court to grant the pending motion to compel arbitration (Dkt. # 85) (the "Motion") or, alternatively, to order Plaintiff to respond to the Motion no later than January 20, 2025. Defendant McMahon further moves the Court for such other and further relief as the Court may deem just and proper.

## RELEVANT BACKGROUND

Defendant McMahon first moved to compel arbitration on April 23, 2024. (Dkt. # 30.) Defendants John Laurinaitis and World Wrestling Entertainment, LLC ("WWE") moved to compel arbitration on May 2, 2024 and May 14, 2024, respectively. (Dkts. ## 35, 61.) Pursuant to a scheduling order agreed to by the parties and entered by the Court, Plaintiff was required to file any opposition to Defendants' motions to compel arbitration by June, 4, 2024. (Dkt. # 49.) Plaintiff never filed such opposition.

On June 11, 2024, following an entry of appearance by the United States and upon the parties' mutual assent to a stay, the Court entered an order staying this action until December 11, 2024, and denying without prejudice Defendants' pending motions to compel arbitration with leave to renew following the stay. (Dkt. # 68.)

The stay ended on December 11, 2024, (*id.*) which Plaintiff's counsel previously acknowledged. On December 16, 2024, Plaintiff's counsel emailed defense counsel noting the end of the stay and that, "[u]nder the Court's current orders, Defendants may refile their motions to compel arbitration" by December 25, 2024.[1] (Dkt. # 88-1.) Plaintiff's counsel then proposed

---

[1] To the extent Plaintiff's counsel suggests in her recent Motion (and Renewed Motion) for a Status Conference that the stay has not yet lifted, and that a Court order is required to lift the stay, that view is both misplaced and disingenuous. The Court clearly stated that the stay would last until December 11, 2024. (*See* Dkt. # 68 ("[T]he Court

an alternative schedule that would instead allow Plaintiff to file an amended complaint a full month later, on January 15, 2025. (*Id.*) Defendants did not agree to Plaintiff's proposed schedule and instead opted to refile their motions to compel arbitration, which Defendants McMahon and WWE did on December 23, 2024. (Dkt. ## 85, 86.) Defendant Laurinaitis joined those motions the following day. (Dkt. # 87.)

Plaintiff's deadline to file an opposition to the motions of Defendants McMahon and WWE is today, January 13, 2025. (*See* Dkt. ## 85, 86, Text Entry; *see also* D. Conn. L. Civ. R. 7(a)(2).) This morning, Plaintiff filed a Renewed Motion for Status Conference (Dkt. # 90), modifying her similar motion from last week (Dkt. # 88). Today's motion requests from the Court, for the first time, an extension of the time to file her opposition to Defendants' pending motions to compel arbitration. (Dkt. # 90 at 5.)

## **ARGUMENT**

Consistent with the Court's rules, the schedule for Plaintiff's response to Defendant McMahon's motion to compel has been clear for weeks, obviating the need for a status conference. Rule 7(a)(2) of the District of Connecticut Local Rules of Civil Procedure provides that "[u]nless otherwise ordered by the Court, all opposition memoranda shall be filed within twenty-one (21) days of the filing of the motion." D. Conn. L. Civ. R. 7(a)(2). On December 23, 2024, the day that Defendants McMahon and WWE refiled their motions to compel arbitration, the twenty-one-day deadline for Plaintiff to oppose was set as January 13, 2025, and memorialized on the docket itself. (Dkt. ## 85, 86, Text Entry ("Responses due by 1/13/2025.").) No alternative deadline has been "otherwise ordered by the Court." *See* D. Conn. L. Civ. R. 7(a)(2).

---

STAYS this action until **December 11, 2024**.").) An order to lift the stay would only have been required in the event of "any change of circumstances during the pendency of the stay." (*Id.*) And the suggestion by Plaintiff's counsel is at odds with her own public statements to the press on December 11, 2024 acknowledging the stay's expiration, and her December 16, 2024 email to counsel for Defendants. (*See* Dkt. 88-1.)

2

Plaintiff's announced plan to file an amended complaint (which she could have done *any time* in the past three weeks) would not impact the deadline to respond to Defendants' pending motion and does not necessitate a status conference. Indeed, "[t]he filing of an amended complaint does not automatically moot a [pending] motion to compel arbitration." *Desarrolladora La Ribera v. Anderson*, No. 24-CV-67 (LAK) (BCM), 2024 WL 5186600, at *10 & n.12 (S.D.N.Y. Dec. 20, 2024).

Likewise, Plaintiff's attempt to leverage recent news in order to avoid her impending deadline does not constitute "compelling circumstances" required under Local Rule 7(b)(3) to meet the standard for an extension after the deadline has passed. In this District, "[a]ll motions for extension of time shall be filed at least three (3) business days before the deadline sought to be extended, except in cases in which compelling circumstances warranting an extension arise during the three days before the deadline." D. Conn. L. Civ. R. 7(b)(3). Plaintiff has filed her request for extension *mere hours* before her opposition is due, with absolutely no valid reason for doing so. Just as there is no need for a status conference, Plaintiff's request for an extension must likewise be denied.

Plaintiff's ill-conceived choice to ignore pending deadlines and instead move for a Status Conference does not excuse her undue delay and should lead the Court to deem the Motion unopposed. That Plaintiff proposed an alternative schedule to Defendants (who rejected it) and the Court (which has not granted it) does not change the analysis. Here, Plaintiff's last-minute request comes on the heels of a six-month stay, the passage of an additional 33 days since the end of that stay, and where Plaintiff's counsel actively acknowledged Defendants' deadline for refiling their motions. (*See* Dkt. # 88-1.) This constitutes a plain failure to respond. Plaintiff's claim that

3

"it is unclear if or when responses to Defendants' pending Motions to Compel Arbitration are currently due" (Dkt. # 90 at 5) belies both the Local Rules and the Court's docket.

Further, Plaintiff offers zero support—because she cannot—for her unsupported assertion that "the SEC Consent Order is a material development that is highly relevant to this matter." (Dkt. # 90 at 5.) As Plaintiff's own filing acknowledges, the SEC Consent Order announced a settlement related to accounting disclosures—issues unrelated to this matter. Further, Defendant McMahon did not admit or deny any of the findings and thus, the Consent Order does not contain any admissions that could be used in this case. The Consent Order has absolutely no impact on the validity of the parties' arbitration agreement or the arbitrability of their claims. Plaintiff makes no argument that it does. Nor does it impact the deadline for Plaintiff to file an opposition to a motion that has been pending for three weeks.

Consistent with this District's precedent, the Court should grant the unopposed Motion. *See, e.g.*, *Rowe v. Affordable Motors, Inc.*, No. 17-cv-1592 (VAB), 2018 WL 6258606, at *2 (D. Conn. Nov. 30, 2018) (citing D. Conn. L. Civ. R. 7(a)(2)) (granting motion to compel arbitration where no opposition had been filed); *Correa v. Potter*, No. 03-cv-1049 (RNC), 2005 WL 139167, at *1 (D. Conn. Jan. 20, 2005) (dismissing claims where no opposition to motion to dismiss had been filed); *Greenberg v. City of New Haven*, No. 07-cv-1198 (PCD), 2007 WL 4067215, at *1 (D. Conn. Nov. 15, 2007) (same). Indeed, particularly given that this is the second time over the course of this Action that Plaintiff has allowed her deadline for opposing Defendants' motions to compel arbitration to lapse,[2] the Court should deem the Motion unopposed, and grant it immediately.

---

[2] Plaintiff also asserts in her recent filing that, at the time "the Government sought to stay this matter" (May, 30, 2024, the day the Government intervened), Plaintiff's deadline to respond to Defendants' original motions to compel arbitration had not yet passed. (Dkt. # 88 at 1-2.) However, the Court did not agree to stay the case until June 11,

4

Alternatively, should the Court grant Plaintiff's untimely request for an extension, Defendant McMahon respectfully requests that the deadline be set no later than January 20, 2025. This Action has been improperly pending in district court for going on one year. Congress enacted the Federal Arbitration Act with the purpose of "mov[ing] the parties to an arbitrable dispute out of court and into arbitration *as quickly and easily as possible.*" *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024) (quoting *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983) (emphasis added)). The time has come to move this case to its proper forum.

## CONCLUSION

For the foregoing reasons, Defendant McMahon respectfully requests that the Court deny Plaintiff's motion for a status conference and for an extension of time to oppose Defendants' pending motions to compel arbitration. Defendant McMahon also respectfully requests that the Court grant the pending unopposed Motion or orders Plaintiff to respond no later than January 20, 2025.

Date: January 13, 2025                                      Respectfully submitted,

---

2024, (Dkt. # 68), a full week after Plaintiff's June 4, 2024 deadline to oppose Defendants' original motions. (*See* Dkt. # 49.)

5

|       | **AKIN GUMP STRAUSS HAUER & FELD LLP** |
|-------|---|
| By:   | */s/ Jessica T. Rosenberg* |

        Jessica T. Rosenberg
          (admitted *pro hac vice*)
        One Bryant Park
        New York, NY 10036
        Telephone: (212) 872-1000
        Facsimile: (212) 872-1002
        jrosenberg@akingump.com

**McCARTER & ENGLISH, LLP**
James A. Budinetz (ct16068)
CityPlace I, 185 Asylum Street
Hartford, CT 06103
Telephone: (860) 275-6765
Facsimile: (860) 724-3397
jbudinetz@mccarter.com

6

**CERTIFICATE OF SERVICE**

I certify that on January 13, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF system.

/s/ Jessica T. Rosenberg