UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JANEL GRANT,<br><br>      Plaintiff,<br><br>      v.<br><br>WORLD WRESTLING ENTERTAINMENT, INC. n/k/a WORLD WRESTLING ENTERTAINMENT, LLC; VINCENT K. MCMAHON, and JOHN LAURINAITIS,<br><br>      Defendants. | Civil Action No.: 3:24-cv-00090 (JAM) |

**DEFENDANT WORLD WRESTLING ENTERTAINMENT, LLC'S
RESPONSE TO PLAINTIFF JANEL GRANT'S
<u>RENEWED MOTION FOR STATUS CONFERENCE</u>**

  Defendant World Wrestling Entertainment, LLC ("WWE") respectfully responds to Plaintiff Janel Grant's Renewed Motion for Status Conference, ECF No. 90.

  Although Grant's motion is styled as a request for a status conference, it effectively is an improper and belated request to extend the deadline to oppose Defendants' motions to compel arbitration, which Grant filed on the day her opposition was due. Grant admits as much toward the end of her motion: "In any event, good cause exists to grant Plaintiff an extension of time to respond to Defendants' Motions. . . ." ECF No. 90, at 5. Grant's request for an extension of time is untimely, and she has not shown good cause for the extension. The request should be denied and, accordingly, WWE's motion to compel arbitration should be granted.

I.  **Grant's Request for an Extension is Untimely.**

Defendants' renewed motions to compel arbitration were filed on December 23, 2024, *see* ECF Nos. 85, 86, and any opposition was therefore due on January 13, 2025. *See* L.R. 7(a)(2) ("Unless otherwise ordered by the Court, all opposition memoranda shall be filed within twenty-one (21) days of the filing of the motion[.])." The Local Rules for the District of Connecticut require that "[a]ll motions for extension of time shall be filed at least three (3) business days before the deadline sought to be extended," and any motions for extension filed later than that must "set forth reasons why the motion was not filed at least three business days before the deadline in question." L.R. 7(b). Grant filed her motion the day her opposition brief was due, and offered no explanation for why it could not have been filed earlier. Her request for an extension of time to oppose Defendants' motions to compel arbitration is therefore untimely and must be denied.

II.  **Good Cause Does Not Exist for an Extension.**

Motions for extensions of time "will not be granted except for good cause." L.R. 7(b)(1). Even if Grant's request had been timely, she failed to demonstrate good cause for an extension of time to respond to Defendants' motions to compel arbitration.

*First*, notwithstanding Grant's suggestion, the stay that Judge Meyer imposed has expired and Defendants properly renewed their motions to compel arbitration. According to the June 11, 2024 order staying the matter, "the Court STAYS this action to **December 11, 2024**." ECF No. 68 (emphasis in original). Grant appears to claim that the stay remained in effect because "no order was entered formally lifting the stay." ECF No. 90 at 5. This is, at best, disingenuous. Just last month, Grant's counsel issued a public statement cheering the expiration of the stay. *See* Nick Miller, "With SDNY Stay Lifted, Sex Trafficking Civil Suit Against Vince McMahon, WWE

2

Gets Green Light, CONNECTICUT LAW TRIBUNE (December 12, 2024), available at https://www.law.com/ctlawtribune/2024/12/12/with-sdny-stay-lifted-sex-trafficking-civil-suit-against-vince-mcmahon-wwe-gets-green-light/?slreturn=20250113142746.  And while, in her current motion, Grant criticizes Defendants for filing their "motions to compel arbitration [] prior to an order of the Court lifting the stay," ECF No. 90, at 3, on December 16, 2024, Grant's counsel wrote to Defendants that, "[u]nder the Court's current orders, Defendants may refile their motions to compel arbitration on Christmas Day," ECF No. 88-1, at 2.  Grant cannot have it both ways, now claiming, contrary to the plain language of the Court's stay order, that the stay has somehow remained in effect for more than an additional month past its December 11, 2024 expiration date and pending further action by the Court.

*Second*, the recently announced SEC settlement with McMahon has no bearing whatsoever on Defendants' motions to compel and does not warrant an extension of Grant's time to oppose the motions.  Grant makes the conclusory assertion that the consent order "necessitate[s] additional time for her counsel to assess these developments and incorporate these new (and still-developing) facts into her Amended Complaint."  ECF No. 90, at 6.  But it is unclear, and Grant does not explain, how the SEC's cease-and-desist order against McMahon for violations of accounting- and disclosure-related offenses could have any bearing on the enforceability and scope of the arbitration provision that is the predicate for Defendants' motions to compel.  Grant's reference to McMahon's settlement with the SEC is a red herring and does not provide good cause for an extension of time to oppose Defendants' motions.

*Finally*, Grant has had more than ample time to prepare her responses to Defendants' motions to compel arbitration.  Defendant Vincent McMahon first filed his motion to compel on April 23, 2024.  *See* ECF No. 30.  Pursuant to a subsequent scheduling order, *see* ECF

3

No. 49, WWE filed its motion to compel on May 14, 2024. *See* ECF No. 61. Then, as now, Grant missed the deadline to oppose Defendants' motions, which lapsed a week *before* the stay was entered. *See* ECF No. 49 ("Plaintiff's opposition or oppositions to Defendants' motions to compel arbitration shall be filed by **June 4, 2024[.]**") (emphasis in original). Regardless, Grant has now had *eight months* to prepare an opposition to Defendants' motions to compel arbitration. There is no conceivable hardship or prejudice to Grant in requiring that she adhere to the deadline set forth in the Local Rules, and Grant does not even attempt to explain how she could require even more time to respond to Defendants' motions. *See* L.R. 7(b)(1) ("The good cause standard requires a particularized showing that the time limitation in question cannot reasonably be met despite the diligence of the party seeking the extension.").

### III.   Conclusion

For the second time, Grant has missed the deadline to oppose Defendants' motions to compel arbitration. Grant has resisted responding to Defendants' motions because there *is* no good response. Grant's allegations are subject to a binding and unambiguous arbitration provision, which she violated when she filed the Complaint in federal court.

Grant's request for an extension of time to oppose Defendants' motions is untimely and baseless. The Court should deny Grant's request, and should grant WWE's motion to compel arbitration (ECF No. 86).

Dated: January 14, 2025                    Respectfully submitted,

By: /s/  Daniel J. Toal

**MORGAN LEWIS & BOCKIUS LLP**

Michael C. D'Agostino (ct17294)
One State Street
Hartford, CT 06103-3178
Phone: (860) 240-2700
Fax: (860) 240-2701
Email: michael.dagostino@morganlewis.com

David A. McManus (*pro hac vice* pending)
One Federal Street
Boston, MA 02110-1726
Phone: (617) 341-7700
Fax: (617) 341-7701
Email: david.mcmanus@morganlewis.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

Daniel J. Toal (phv10907)
Liza M. Velazquez (phv02132)
1285 Avenue of the Americas
New York, NY 10019-6064
Phone: (212) 373-3000
Fax: (212) 757-3990
Email: dtoal@paulweiss.com
lvelazquez@paulweiss.com

Mitchell D. Webber (phv207889)
2001 K Street, NW
Washington, DC 20006-1047
Phone: (202) 223-7442
Fax: (202) 379-4162
Email: mwebber@paulweiss.com

*Attorneys for Defendant World Wrestling Entertainment, LLC*

**CERTIFICATE OF SERVICE**

      I certify that on January 14, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

      */s/ Daniel J. Toal*
      Daniel J. Toal