UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JANEL GRANT, | : |
| | : |
| Plaintiff, | : Case No.: 3:24-cv-00090-SFR |
| | : |
| vs. | : |
| | : |
| WORLD WRESTLING ENTERTAINMENT, INC. n/k/a WORLD WRESTLING ENTERTAINMENT, LLC; VINCENT K. MCMAHON; and JOHN LAURINAITIS, | : |
| | : |
| | : January 31, 2025 |
| | : |
| | : |
| Defendants. | : |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
HER MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Pursuant to Rules 15(a)(2) and 16(b)(4) of the Federal Rules of Civil Procedure, Plaintiff Janel Grant ("Plaintiff" or "Ms. Grant"), by and through her undersigned counsel, respectfully submits this motion for leave to amend her Complaint (ECF No. 1) and file her First Amended Complaint in the above-captioned matter. Pursuant to Local Rule 7(f), attached hereto as **Exhibit A** is a redlined version of the proposed First Amended Complaint showing all changes against the current Complaint, and attached as **Exhibit B** is a clean version of the proposed First Amended Complaint.

Plaintiff Janel Grant is a former employee of World Wrestling Entertainment, Inc. ("WWE") who was subjected to physical and emotional abuse, sexual assault and sexual trafficking perpetrated by former WWE Chairman Vince McMahon, and former WWE senior executive John Laurinaitis. She filed this action in January 2024 to assert claims against Defendants under the Speak Out Act, the Trafficking Victims Protection Act, and for negligence, civil battery, and intentional or negligent infliction of emotional distress. (Ex. B, Am. Compl.

¶¶ 327-396.)  The case was stayed shortly thereafter at the request of the Government (*see* Order of Stay and Denial Without Prejudice of Pending Motions [the "Stay Order"], ECF No. 68), and the stay was recently lifted on January 16, 2025 (Order, ECF No. 93).

Plaintiff has good cause to amend her Complaint.  While this case was stayed to accommodate the Government's criminal investigation into Defendants, key factual developments have occurred that bolster Plaintiff's allegations and cast further doubt on the validity of the coercive and illegal non-disclosure agreement Defendants have invoked to bury Ms. Grant's case in confidential arbitration and deny her day in court.  The proposed amendments to Ms. Grant's Complaint incorporate these factual developments and plead her existing claims with greater particularity.  This is Plaintiff's first request to amend her pleading.

For the reasons set forth herein, Plaintiff respectfully requests that leave to file her First Amended Complaint be granted.

I.     **LEGAL STANDARD**

Under Rule 15(a)(1), a party may amend its pleading as of right "no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1).  After that time, Rule 15(a)(2) provides that a party may amend its pleading on consent or with the court's leave, and "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  In evaluating a request for leave to amend, the Court may consider whether there has been any undue delay, bad faith, dilatory motive, undue prejudice, and may also consider whether the amendment would be futile.  *See Edwards v. N. Am. Power & Gas, LLC*, No. 3:14-CV-1714(VAB), 2016 WL 3093356, at *2 (D. Conn. June 1, 2016).  "The rule in this Circuit has been to allow a party to amend its pleadings in the absence

of a showing by the nonmovant of prejudice or bad faith." *Block v. First Blood Assocs.,* 988 F.2d 344, 350 (2d Cir. 1993).

This matter was stayed shortly after filing, and no responsive pleadings or dispositive motions have yet been filed. However, Plaintiff recognizes that the standard deadlines under Rule 15(a) were modified by the *Order on Pretrial Deadlines* entered on January 25, 2024, setting an earlier initial deadline for filing an amended pleading. (ECF No. 7 at (a).) As this deadline has passed, this motion also implicates Rule 16(b)(4), under which this Court has discretion to modify its scheduling orders for good cause shown. Fed. R. Civ. P. 16(b)(4). Where "a scheduling order governs amendments to the complaint, the lenient standard under Rule 15(a), which provides leave to amend shall be freely given, must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause." *Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009). "[G]ood cause 'depends on the diligence of the moving party.'" *FloodBreak, LLC v. Art Metal Indus., LLC*, 2022 WL 657631, at *6 (D. Conn. Mar. 4, 2022) (quoting *Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003)); *see also Leary v. Manstan*, 2015 WL 521497, at *3 (D. Conn. Feb. 9, 2015) ("What constitutes good cause? The inquiry turns on whether the moving party displayed some degree of diligence in moving to amend his or her complaint."); *Holmes*, 568 F.3d at 335 ("Whether good cause exists turns on the 'diligence of the moving party.'").

Plaintiff's request for leave to amend meets each of these standards and should be granted for good cause shown.

## II. ARGUMENT

### A. Plaintiff Has Good Cause to Amend Her Complaint.

Plaintiff has good cause to amend her Complaint. Her case was stayed shortly after its inception, and has been on hold for almost a year. In the months that her action was stayed, key

factual developments ensued that bolster Plaintiffs' claims and cast further doubt on the legitimacy and enforceability of the arbitration agreement she was coerced to sign.  Amendment is proper to address these developments and to plead Plaintiff's claims with additional particularity in response to Defendants' attempt to compel arbitration.

### 1. SEC Finds McMahon Violated Securities Laws Due to Coerced NDA With Ms. Grant.

*First*, on January 10, 2025, the Securities and Exchange Commission ("SEC") announced it had reached a settlement agreement with Defendant McMahon for securities violations related to this matter. *See* Order Instituting Cease-and-Desist Proceedings Pursuant to Section 21c of the Securities Exchange Act of 1934, Making Findings, and Imposing a Cease-and-Desist Order, *SEC v. McMahon*, Admin. Proc. File No. 3-22391 (Jan. 10, 2025) [the "SEC Order"], https://www.sec.gov/files/litigation/admin/2025/34-102143.pdf.  The SEC "announced settled charges against Vince McMahon, the former Executive Chairman and CEO of World Wrestling Entertainment Inc., for signing two settlement agreements, one in 2019 and one in 2022, on behalf of himself and WWE without disclosing the agreements to WWE's Board of Directors, legal department, accountants, financial reporting personnel, or auditor. Doing so circumvented WWE's system of internal accounting controls and caused material misstatements in WWE's 2018 and 2021 financial statements." Press Release 2025-1, SEC, *Vince McMahon, Former CEO of WWE, Charged for Failure to Disclose to WWE Two Settlement Agreements He Executed on Behalf of WWE* (Jan. 10, 2025), https://www.sec.gov/newsroom/press-releases/2025-1.

One of the two agreements cited in the SEC Order is the non-disclosure agreement Ms. Grant was coerced to sign, and is the same agreement Defendants invoke to propose this Court compel Ms. Grant to arbitrate her claims against them. (*See* ECF Nos. 85-87.)  The SEC Order details that WWE disavowed any knowledge of or agreement of the coercive NDA, reporting to

the Government that no one in the organization knew or authorized McMahon's agreement with Ms. Grant, presumably to avoid a finding of liability against Company or individual WWE leaders (other than Defendant McMahon).  *See* SEC Order ¶¶ 13-14 ("McMahon failed to disclose the Settlement Agreements to WWE's legal and accounting departments, financial reporting personnel, Board, and the Board's audit committee, as well as the Company's outside auditor. . . . The Settlement Agreements were not recorded in or otherwise saved with the Company's books and records.")  The SEC Order's findings of fact corroborate and supplement Ms. Grant's account of Defendant McMahon's misconduct surrounding the negotiation of this agreement.  Defendants' admissions to the government support Ms. Grant's assertions that the coercive non-disclosure agreement is invalid and unenforceable, including the arbitration provision.  It also highlights the hypocrisy of WWE's litigation postures—WWE leadership plead ignorance of the non-disclosure agreement and blamed it all on Defendant McMahon to the government to avoid prosecution, while exhorting this Court to enforce that same unlawful agreement against Ms. Grant in this action for the company's benefit.

Accordingly, the SEC Order is a material development that is highly relevant to this matter and has been incorporated into the Amended Complaint.  (*E.g.*, Am. Compl. ¶¶ 34, 53, 265, 317-319.)  There is good cause for Plaintiff to amend the Complaint with these admissions at this time, because they were not available to Plaintiff until the SEC Order was published on January 10, 2025.  Plaintiff has taken a judicially efficient approach by incorporating these admissions into her First Amended Complaint and promptly proposing her edits approximately three weeks after the Government disclosed its findings.

5

### 2. *Dr. Colker Withheld Evidence from Plaintiff's Medical Files.*

*Second*, the Complaint details the involvement of a Connecticut physician, Dr. Colker, and his practice, Peak Wellness, in McMahon's coercive control over every aspect of Ms. Grant's life. (Am. Compl. ¶¶ 121-129.) During the pendency of the stay, Plaintiff filed a pre-suit Bill of Discovery in Connecticut state court to obtain additional records from Dr. Colker and his practice, including documents that were wrongfully withheld when Ms. Grant requested her full medical records from the practice under HIPAA. *Janel Grant v. Carlon M. Colker, et al.*, Connecticut Superior Court, Docket No. FST-CV24-6068091-S, at D.E. 100.31 (the "Colker Action"). In the course of that action, Plaintiff has confirmed that Dr. Colker and Peak Wellness do possess records evidencing that Dr. Colker was in communication with Defendant McMahon about Ms. Grant's treatment and that Defendant McMahon paid for those treatments; and that these records have not yet been produced despite Ms. Grant's HIPAA record requests. (Am. Compl. ¶¶ 128-129.)

There is good cause for Plaintiff to amend the Complaint with these developments at this time because the information was not available to Plaintiff until January 2025.

### 3. *Amendment is Proper to Respond to Issues Raised in Defendants' Motions to Compel Arbitration.*

*Third*, the proposed amendments plead the coercive circumstances under which Plaintiff was lured into signing an unenforceable arbitration agreement with greater particularity. (Am. Compl. ¶¶ 256-260.) As other courts in the Second Circuit have counseled, amending a pleading to "add[] allegations regarding the invalidity of the arbitration agreement" in response to a motion to compel arbitration is an appropriate exercise of a litigant's amendment rights under Rule 15(a)(1) or (2). *See DeFrancesco v. Mirador Real Est.*, No. 18-CV-4032 (VSB), 2022 WL 203147, at *3 (S.D.N.Y. Jan. 24, 2022) (in dicta, denying defendants' motion to sanction employee-plaintiff

and her counsel under Rule 11 for filing a complaint and challenging the validity of her purported arbitration agreement).

### 4. *Plaintiff's Further Amendments Plead Her Claims With Greater Particularity.*

*Fourth*, the First Amended Complaint incorporates additional contemporaneous evidence in support of Ms. Grant's claims, including but not limited to pictures, text messages, transcripts, and stills from footage published in the September 2024 documentary series *Mr. McMahon* on Netflix. (*E.g.*, Am. Compl. ¶ 288.) These amendments were added to plead each of Ms. Grant's claims with greater particularity.

Allowing Plaintiff to file her First Amended Complaint will promote judicial efficiency and allow all currently-known information to be contained in a single, operative pleading.

### B. Leave to Amend, Which is Freely Given, is Warranted Here.

As detailed above, Plaintiff has good cause to amend her pleading, and she has acted diligently to do so once the stay was lifted. "[G]ood cause 'depends on the diligence of the moving party,'" *FloodBreak, LLC* 2022 WL 657631, at *6. The Government requested and the parties consented to a temporary stay of this case in spring 2024, before any responsive pleadings or dispositive motions were filed. (*See* Stay Order, ECF No. 68.) The Court formally lifted that stay on January 16, 2025. (Order, ECF No. 93.) This is Plaintiff's first motion for leave to amend, and she has timely requested it consistent with the Order lifting the stay.

To overcome the presumption favoring liberal leave to amend, the nonmovant must establish that it would be unduly prejudiced if leave to amend is granted. *See Block.,* 988 F.2d at 350. Granting leave to amend will not prejudice Defendants here. Defendants have not yet filed responsive pleadings or dispositive motions in this action, nor have they provided discovery, nor

7

participated in a 26(f) conference.[1]  Defendants' renewed Motions to Compel Arbitration—which they chose to file after their counsel were informed that Plaintiff intended to amend—were denied without prejudice on January 16.  (*See* ECF Nos. 85-87; ECF No. 90 at 2-3; ECF No. 93.) Helpfully, Defendants McMahon and WWE have already detailed their position that amendments to the Complaint addressing facts developed during the pendency of the stay, namely the SEC Order, "ha[ve] no bearing whatsoever on Defendants' motions to compel." (*Def. WWE's Resp. to P's Renewed Mot. for a Status Conference* (Jan. 14, 2025), ECF No. 92 at 3; *see also Def. McMahon's Opp. To P's Renewed Mot. for a Status Conf. and Mot. to Grant the Pending Mot. to Compel Arb. Or Alternatively, Order P to Timely Respond* (Jan. 13, 2025), ECF No. 91 at 4 ("The [SEC] Consent Order has absolutely no impact on the validity of the parties' arbitration agreement or the arbitrability of their claims.").)  By their own reckoning, Defendants expect to refile their motions with little to no revision, should they choose to do so.  Defendants cannot demonstrate undue prejudice beyond mere delay or the litigation expense of amending their motions,[2] which does not warrant denying leave to amend.

In contrast, Plaintiff would be severely prejudiced if key facts which she asserts are material to this Court's assessment of whether venue is proper, *see supra* Part II.A.1-4, are unavailable to her when opposing Defendants' motions.  Furthermore, this Court deserves the benefit of up-to-date facts and a combined operative pleading when evaluating whether Plaintiff will get her day in court.

---

[1] Defendants have refused to provide Plaintiff with availability to hold a 26(f) conference or submit a report despite repeated requests.

[2] Litigation expenses Defendants could have avoided entirely if the Parties consented to a joint schedule, as Plaintiff proposed in December.  *See* ECF No. 90 at 2-3.

Accordingly, under Rules 15 and 16, each of the relevant factors favors granting Plaintiff leave to amend.

## III. CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests leave to file her First Amended Complaint, attached hereto as Exhibit B, as her operative pleading, and any other or further relief that this Court deems just and proper.

**PLAINTIFF JANEL GRANT**

By */s/ Ann E. Callis*
HOLLAND LAW FIRM, LLC
Eric D. Holland (phv207692)
Gregory R. Jones (phv207693)
211 North Broadway, Suite 2625
St. Louis, MO 63102
Tel: (314) 241-8111/Fax: (314) 241-5554
eholland@hollandtriallawyers.com
gjones@hollandtriallawyers.com

Ann E. Callis (phv207694)
6181 Bennett Drive, Suite 210
Edwardsville, Illinois 62025
Tel: (618) 452-1323/Fax: (618) 452-8024
acallis@hollandtriallawyers.com

*/s/ Erica O. Nolan*
David A. Slossberg (ct13116)
Erica O. Nolan (ct31097)
HURWITZ, SAGARIN, SLOSSBERG & KNUFF, LLC
135 Broad Street
Milford, CT 06460
Tel: (203) 877-8000/Fax: (203) 878-9800
DSlossberg@hssklaw.com
ENolan@hssklaw.com

**CERTIFICATE OF SERVICE**

  This is to certify that on January 31, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to all parties that are unable to accept electronic filing. Parties may access this filing through the Court's electronic system.

                */s/ Erica O. Nolan*
                Erica O. Nolan