UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JANEL GRANT,<br><br>                      Plaintiff,<br><br>                      v.<br><br>WORLD WRESTLING ENTERTAINMENT, INC. n/k/a WORLD WRESTLING ENTERTAINMENT, LLC; VINCENT K. MCMAHON; and JOHN LAURINAITIS,<br><br>                      Defendants. | Civil Action No.: 3:24-cv-00090 (SFR) |

**DEFENDANT WORLD WRESTLING ENTERTAINMENT, LLC'S OPPOSITION TO
<u>PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT</u>**

ORAL ARGUMENT REQUESTED

## **TABLE OF CONTENTS**

**Page(s)**

PRELIMINARY STATEMENT ................................................................................................ 1
BACKGROUND ........................................................................................................................... 1
LEGAL STANDARD .................................................................................................................... 2
ARGUMENT ................................................................................................................................. 4
I. THE SEC'S SETTLEMENT WITH VINCENT MCMAHON HAS NO BEARING ON THE VALIDITY AND ENFORCEABILITY OF THE AGREEMENT AND ITS ARBITRATION PROVISION ................................................. 5
II. GRANT'S ALLEGATIONS AGAINST DR. COLKER ARE NOT RELEVANT ........... 6
III. GRANT FAILS TO CURE THE COMPLAINT'S DEFICIENCIES IN RESPONSE TO WWE'S MOTIONS TO COMPEL ARBITRATION ............................ 7
IV. THE "GREATER PARTICULARITY" GRANT ADDED TO HER PROPOSED AMENDED COMPLAINT WAS KNOWN OR AVAILABLE TO GRANT BEFORE THE DEADLINE TO AMEND ......................................................................... 9
CONCLUSION .............................................................................................................................. 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arrigo* v. *Blue Fish Commodities, Inc.*,
  408 F. App'x 480 (2d Cir. 2011) ...................................................................................8

*Buckeye Check Cashing, Inc.* v. *Cardegna*,
  546 U.S. 440 (2006)........................................................................................................8

*Burch* v. *Pioneer Credit Recovery, Inc.*,
  551 F.3d 122 (2d Cir. 2008)...........................................................................................4

*Catz* v. *Precision Glob. Consulting*,
  2021 WL 1600097 (S.D.N.Y. Apr. 23, 2021).................................................................4

*Convergen Energy LLC* v. *Brooks*,
  2020 WL 5549039 (S.D.N.Y. Sept. 16, 2020)................................................................4

*D'Antuono* v. *Serv. Rd. Corp.*,
  789 F. Supp. 2d 308 (D. Conn. 2011) .............................................................................8

*DeFrancesco* v. *Mirador Real Est.*,
  2022 WL 203147 (S.D.N.Y. Jan. 24, 2022) ...................................................................7

*Dowe* v. *Leeds Brown Law, P.C.*,
  419 F. Supp. 3d 748 (S.D.N.Y. 2019).............................................................................8

*Ferrie* v. *DirecTV, LLC*,
  2016 WL 183474 (D. Conn. Jan. 12, 2016) ...................................................................4

*Gray* v. *City of New York*,
  2014 WL 12862303 (E.D.N.Y. Feb. 25, 2014)...............................................................4

*Lucente* v. *Int'l Bus. Machs. Corp.*,
  310 F.3d 243 (2d Cir. 2002)...........................................................................................4

*Mandala* v. *NTT Data, Inc.*,
  975 F.3d 202 (2d Cir. 2020)...........................................................................................9

*Nichani* v. *Otis Elevator Co.*,
  2006 WL 8448421 (D. Conn. Jan. 24, 2006).................................................................3

*Nino* v. *JPMorgan Chase Bank, N.A.*,
  2020 WL 1532369 (D. Conn. Mar. 31, 2020) ...............................................................3

## **TABLE OF AUTHORITIES**
### (Continued)

**Page(s)**

*Parker* v. *Columbia Pictures Indus.*,
 204 F.3d 326 (2d Cir. 2000)..................................................................................................3

*Pasternack* v. *Shrader*,
 863 F.3d 162 (2d Cir. 2017)..................................................................................................4

*Perfect Pearl Co.* v. *Majestic Pearl & Stone, Inc.*,
 889 F. Supp. 2d 453 (S.D.N.Y. 2012)...................................................................................3

*Rent-A-Center, West, Inc.* v. *Jackson*,
 561 U.S. 63 (2010).................................................................................................................8

*Wynne* v. *Town of E. Hartford*,
 2022 WL 12347275 (D. Conn. Oct. 21, 2022) .....................................................................3

**Other Authorities**

Fed. R. Civ. P. 6(a)(1)(A) .................................................................................................................2

Fed. R. Civ. P. 15 ................................................................................................... *passim*

Fed. R. Civ. P. 15(a)(2)....................................................................................................................4

Fed. R. Civ. P. 16................................................................................................................3, 4, 5, 9

Fed. R. Civ. P. 16(b)(4)....................................................................................................................3

Order Instituting Cease-and-Desist Proceedings Pursuant to Section 21c of the
 Securities Exchange Act of 1934, Making Findings, and Imposing a Cease-
 and-Desist Order, *SEC* v. *McMahon*, Admin. Proc. File No. 3-22391 (Jan. 10,
 2025) .....................................................................................................................................5

Defendant World Wrestling Entertainment, LLC ("WWE") respectfully submits this memorandum of law in opposition to Plaintiff Janel Grant's Motion for Leave to Amend Complaint, ECF No. 94 (the "Motion").

## PRELIMINARY STATEMENT

As the Court noted in its January 16, 2025 order, the time for Grant to amend her pleadings has expired. *See* ECF No. 93. Grant has nevertheless sought leave to amend her Complaint and has appended a proposed amended complaint that adds no additional material support for her claims and is irrelevant to the motion to compel arbitration that WWE has now filed twice and intends to file again, as soon as it is permitted to do so. Grant provides a scattershot list of supposedly "key factual developments" that she claims provide good cause for her delay in amending the Complaint. Of these supposed developments, each one was either known or available to Grant prior to the expiration of the deadline to amend and/or is irrelevant to the legal sufficiency of her claims. Regardless, this matter should be referred to arbitration, where it should have been filed in the first place. For these reasons, and as explained in further detail below, this Court should deny Grant's Motion.

## BACKGROUND

On the day that Grant filed her Complaint, January 25, 2024, the Court issued an Order on Pretrial Deadlines. *See* ECF No. 7. That Order provided, in relevant part, that "[a]ll motions relating to . . . amendment of the pleadings shall be filed within the latest of the following: (i) 35 days after the appearance of the last defendant or (ii) 60 days after the filing of the complaint, the filing of a petition for removal, or the transfer of an action from another District." *Id.* WWE was the last Defendant to appear in this action, on May 7, 2024. See ECF No. 46. Accordingly, pursuant to that Order, the deadline for Grant to amend her Complaint was on June 11, 2024. Also

on June 11, 2024, the Court entered a six-month stay of this proceeding "to December 11, 2024." ECF No. 68. Thus, upon the conclusion of the stay on December 11, 2024, Grant had at most one day remaining to amend her pleading. *See* Fed. R. Civ. P. 6(a)(1)(A). But Grant did not file any amended complaint on December 12. Instead, Grant's counsel wrote to Defendants that, "[u]nder the Court's current orders, Defendants may refile their motions to compel arbitration on Christmas Day." *See* ECF No. 88-1, at 2. WWE filed its renewed Motion to Compel Arbitration on December 23, 2024. ECF No. 86.[1] Despite being aware that the stay had been lifted and that pre-stay filing deadlines continued to apply, Grant's counsel did not file an amended complaint or request an extension of the deadline to do so.

On January 2, 2025, Grant filed a Motion for Status Conference in which, for the first time, she indicated to the Court that she planned to amend the Complaint. *See* ECF No. 88. Grant filed a Renewed Motion for Status Conference on January 13, 2025. ECF No. 90.

On January 16, 2025, the Court entered an Order denying Grant's motion for a status conference and permitting her to file, by January 31, 2025, a motion for leave to file an amended complaint addressing why she should be permitted to amend "despite the expiration of the deadline for filing amended pleadings contained in ECF No. 7." ECF No. 93. On January 31, Grant filed the present Motion along with a proposed First Amended Complaint. The proposed amended complaint adds no new parties or causes of action. ECF Nos. 94, 95, 96.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 15 generally governs amendments to pleadings. But, "if leave to amend is sought after the deadline imposed by the court's scheduling order," Rule

---

[1] Grant's opposition was due on January 13, 2025. *See* L.R. 7(a)(2). Grant did not file an opposition, either on the deadline to do so or at any time after.

2

15 "gives way to Federal Rule 16's more onerous 'good cause' standard to modify a scheduling order." *Wynne* v. *Town of E. Hartford*, 2022 WL 12347275, at *1 (D. Conn. Oct. 21, 2022); *Nichani* v. *Otis Elevator Co.*, 2006 WL 8448421, at *1 (D. Conn. Jan. 24, 2006) ("[T]he Second Circuit has made it clear that the good cause standard of Rule 16 supercedes the more liberal standard of Rule 15(a) when a motion to amend is filed after the deadline for amending pleadings set by a scheduling order.") (citing *Grochowski* v. *Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003)). Grant concedes that the deadline to file amended pleadings expired before she moved to amend the Complaint. *See* ECF No. 94-1 ("Pls.' Brief") at 3. Accordingly, Rule 16's "good cause" standard governs her motion.

Under Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." "[A] finding of 'good cause' depends on the diligence of the moving party" in its efforts to comply with the court's deadlines. *Parker* v. *Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) (citations omitted). "A party has not acted with sufficient diligence when it bases a proposed amendment on information that the party knew, or should have known, in advance of the deadline." *Nino* v. *JPMorgan Chase Bank, N.A.*, 2020 WL 1532369, at *8 (D. Conn. Mar. 31, 2020) (internal quotation marks and citation omitted); *see also Perfect Pearl Co.* v. *Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 458–59 (S.D.N.Y. 2012) (denying leave to amend with respect to facts that could have been discovered prior to the deadline). "If a party has not been diligent, the good cause inquiry should end" there and the court should deny the motion. *See Nino*, 2020 WL 1532369, at *8 (internal quotation marks and citation omitted).

Even if a court finds good cause under Rule 16 to modify a schedule, the party seeking to amend must still satisfy the requirements of Rule 15. *See Pasternack* v. *Shrader*, 863 F.3d 162, 174 n.10 (2d Cir. 2017). Under Rule 15(a)(2), "motions to amend should generally be

3

denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Burch* v. *Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (citing *Foman* v. *Davis*, 371 U.S. 178, 182 (1962)); *see also Gray* v. *City of New York*, 2014 WL 12862303, at *19 (E.D.N.Y. Feb. 25, 2014) (holding that where "details" in a proposed amended complaint did "not advance plaintiff's claims," it would have been futile to grant leave to amend); *Lucente* v. *Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) ("Where it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend.") (citation omitted).

In particular, courts deny leave to amend where the amendment's attempt to circumvent an arbitration provision would be futile. *See Catz* v. *Precision Glob. Consulting*, 2021 WL 1600097, at *14 (S.D.N.Y. Apr. 23, 2021) (denying leave to amend because plaintiff's "[e]fforts to amend her complaint to alter the statement of facts [to avoid arbitration provision]" would be "futile") (citations omitted); *Convergen Energy LLC* v. *Brooks*, 2020 WL 5549039, at *27 (S.D.N.Y. Sept. 16, 2020) (holding that "new allegations" "appear[ed] to be wholly conclusory" and "[did] not change [the] result" that arbitration clauses were valid and enforceable); *Ferrie* v. *DirecTV, LLC*, 2016 WL 183474, at *15 (D. Conn. Jan. 12, 2016) (denying motion to amend as futile where proposed additional claims "would fall within the scope of the arbitration provision"). The application of these standards requires denial of Grant's Motion.

## ARGUMENT

Grant argues that she has good cause to amend her Complaint because "key factual developments ensued that bolster Plaintiff['s] claims and cast further doubt on the legitimacy and enforceability of the arbitration agreement she was coerced to sign." Pls.' Brief at 3–4. She offers

four supposedly "key factual developments," all of which are either futile, irrelevant, or were known to Grant before expiration of the deadline to amend. As a result, Grant's motion does not satisfy even Rule 15's more permissive standard for amending pleadings, let alone Rule 16's more demanding good cause standard.

I.  **THE SEC'S SETTLEMENT WITH VINCENT MCMAHON HAS NO BEARING ON THE VALIDITY AND ENFORCEABILITY OF THE AGREEMENT AND ITS ARBITRATION PROVISION**

First, Grant claims that the January 10, 2025 SEC cease-and-desist order against Vincent McMahon (the "SEC Order") "is a material development that is highly relevant to this matter." See Pls.' Brief at 5. It is nothing of the sort. As Grant herself explains, the SEC Order provides that "McMahon failed to disclose the Settlement Agreements [including the Grant Agreement] to WWE's legal and accounting departments, financial reporting personnel, Board, and the Board's audit committee, as well as the Company's outside auditor," and therefore, "[t]he Settlement Agreements were not recorded in or otherwise saved with the Company's books and records." *Id.* As a result, the SEC Order fined McMahon for violating certain accounting and disclosure-related offenses.[2]

Grant does not explain how the SEC Order could somehow support her assertions that the "non-disclosure agreement is invalid and unenforceable, including the arbitration provision." Pls.' Brief at 5. Nor could she. The SEC Order does not state or in any way suggest that the January 28, 2022 Confidential Settlement Agreement between Grant, McMahon, and WWE (the "Agreement") is invalid or unenforceable. To the contrary, the SEC Order presupposes that the Agreement *is* enforceable and therefore should have been disclosed to WWE's legal and

---

[2] *See* Order Instituting Cease-and-Desist Proceedings Pursuant to Section 21c of the Securities Exchange Act of 1934, Making Findings, and Imposing a Cease-and-Desist Order, *SEC* v. *McMahon*, Admin. Proc. File No. 3-22391, at 7–8 (Jan. 10, 2025).

accounting departments so that the payments due under the Agreement could have been booked in WWE's financials.  The SEC Order does not even mention the Agreement's arbitration provision.

Having failed to establish a link between the SEC Order and the enforceability of the Agreement, the mere issuance of the SEC Order does not advance Grant's claims or provide good cause for her counsel's lack of diligence to timely amend her Complaint, and the proposed amended is futile.

## II.    GRANT'S ALLEGATIONS AGAINST DR. COLKER ARE NOT RELEVANT

Second, Grant claims that new allegations related to Dr. Carlon Colker provide good cause to amend the Complaint.  *See* Pls.' Brief at 6.  But there are no new facts or new developments in this area since Grant filed her initial Complaint.  Indeed, the vast majority of the changes to the allegations concerning Dr. Colker consist of replacing two ciphers, "Celebrity Doctor" and "Alternative Clinic," with the names of Dr. Colker and his clinic, Peak Wellness—information Grant knew when she filed her Complaint.  *See, e.g.*, ECF No. 95 ¶¶ 123–27.

In her Motion, Grant attempts to establish good cause by pointing to the "pre-suit Bill of Discovery" she filed "in Connecticut state court to obtain additional records from Dr. Colker and his practice."  Pls.' Brief at 6.  But Grant does *not* allege, either in her proposed amended complaint or in the Motion, that the state court action has yielded any new documents or information, let alone material that could "bolster [her] claims."  *See* Pls.' Brief at 4.  Nor has Grant pointed to any new information related to Dr. Colker or his clinic that was not available to her when she filed her initial Complaint.  The fact that Grant hopes to obtain additional information in a separate action at some point in the future does not provide good cause to amend.

6

### III. GRANT FAILS TO CURE THE COMPLAINT'S DEFICIENCIES IN RESPONSE TO WWE'S MOTIONS TO COMPEL ARBITRATION

Third, Grant claims, based on dicta from a single case, that "amending a pleading to 'add[] allegations regarding the invalidity of the arbitration agreement' in response to a motion to compel arbitration" is "appropriate" under Rule 15(a). Pls.' Brief at 6 (quoting *DeFrancesco* v. *Mirador Real Est.*, 2022 WL 203147, at *3 (S.D.N.Y. Jan. 24, 2022)). But Grant's proposed amended complaint does not show that the Agreement's arbitration provision is invalid or unenforceable and her proposed amendment therefore is futile.

As the case cited by Grant makes clear, responding to WWE's motion to compel arbitration does not make her proposed amendment necessary; Grant could have "simply presented the relevant evidence when responding to [the] motion to compel arbitration." *See DeFrancesco*, 2022 WL 203147, at *3. This is especially true where, as here, Grant had ample time to consider WWE's motion to compel arbitration, which was first filed on May 14, 2024. *See* ECF No. 61. At that time, Grant had four weeks before the deadline to amend set forth in the Court's Scheduling Order. The imposition of the stay then provided Grant with an additional *six months* to prepare any amendment she deemed necessary to respond to WWE's motion. All told, Grant had *seven months* to file a timely amended complaint to address any issues raised in WWE's motion to compel.

Moreover, despite now having *twice* seen WWE's motion, Grant's proposed amended complaint contains no new grounds to oppose referral to arbitration. It is a matter of black-letter law that challenges to the enforceability of an arbitration agreement are decided by the arbitrator—not the court—when they relate to the contract as a whole rather than being directed specifically to the arbitration provision. *See, e.g.*, *Rent-A-Center, West, Inc.* v. *Jackson*, 561 U.S. 63, 70 (2010) (holding that courts decide issues of contractual validity only if those challenges are

7

directed "specifically [to] the validity of the agreement to arbitrate"); *Buckeye Check Cashing, Inc.* v. *Cardegna*, 546 U.S. 440, 449 (2006) (holding that "challenge[s] to the validity of the contract as a whole" are for the arbitrator to decide); *Arrigo* v. *Blue Fish Commodities, Inc.*, 408 F. App'x 480, 482 (2d Cir. 2011) ("[U]nless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance.") (quoting *Buckeye Check Cashing, Inc.*, 546 U.S. at 445–46); *D'Antuono* v. *Serv. Rd. Corp.*, 789 F. Supp. 2d 308, 319 (D. Conn. 2011) (Because "[a]n arbitration provision is severable from the remainder of the contract[,] the issue of the contract's validity is usually considered by the arbitrator." (citations omitted)); *Dowe* v. *Leeds Brown Law, P.C.*, 419 F. Supp. 3d 748, 759 (S.D.N.Y. 2019) ("A court may consider a claim of fraud in the inducement of the arbitration clause itself, but claims of fraud in the inducement of the contract generally are for arbitrators to decide." (internal quotation marks and citation omitted)).

Grant added two new paragraphs in her proposed amended complaint that specifically concern the Agreement's arbitration provision. But nothing in those paragraphs moves the needle on WWE's motion to compel because they fail to add nonconclusory facts directed specifically to the agreement to arbitrate. *See* ECF No. 95, ¶¶ 260, 261. Rather than alleging new facts purportedly relevant to the question of enforceability of the arbitration provision, Grant merely asserts the legal conclusion that she was "coerced and fraudulently induced to accept the arbitration provision." ECF No. 95, ¶ 260. If anything, these new paragraphs strengthen WWE's motion to compel by confirming that Grant was specifically aware of the arbitration provision before signing the Agreement because her attorney brought it to her attention.

Accordingly, the new allegations addressing WWE's motion to compel arbitration are futile and therefore do not meet the standard for permissive amendment under Rule 15, let alone the good cause standard of Rule 16.

## IV. THE "GREATER PARTICULARITY" GRANT ADDED TO HER PROPOSED AMENDED COMPLAINT WAS KNOWN OR AVAILABLE TO GRANT BEFORE THE DEADLINE TO AMEND

Finally, Grant claims that she has inserted "additional contemporaneous evidence" into her proposed amended complaint, "including but not limited to pictures, text messages, transcripts, and stills from footage published in the September 2024 documentary series *Mr. McMahon* on Netflix." Pls.' Brief at 7. But neither the pleading standard nor the standard to amend is based upon an evaluation of the degree of "particularity" provided in the proposed amended complaint. *See Mandala* v. *NTT Data, Inc.*, 975 F.3d 202, 208 (2d Cir. 2020) (holding that proper pleading "simply requires a plaintiff to assert enough nonconclusory factual matter to nudge her claim across the line from conceivable to plausible") (cleaned up). Moreover, all of these new allegations were available to Grant prior to the December 12, 2024 deadline to amend the Complaint and thus cannot provide good cause for her failure to timely amend. The screenshots of text messages that Grant references, for example, are from her own phone and could have been included in the original Complaint. Grant does not, because she cannot, point to a single piece of information supposedly constituting "greater particularity" that she could not have included in an amended complaint before the Court-ordered deadline expired.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiff's Motion for Leave to File Amended Complaint.

Dated: February 21, 2025

Respectfully submitted,

By: */s/ Daniel J. Toal*

**MORGAN LEWIS & BOCKIUS LLP**

Michael C. D'Agostino (ct17294)
Christopher M. Wasil (ct28578)
One State Street
Hartford, CT 06103-3178
Phone: (860) 240-2700
Fax: (860) 240-2701
Email: michael.dagostino@morganlewis.com

David A. McManus
One Federal Street
Boston, MA 02110-1726
Phone: (617) 341-7700
Fax: (617) 341-7701
Email: david.mcmanus@morganlewis.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

Daniel J. Toal (phv10907)
Liza M. Velazquez (phv02132)
1285 Avenue of the Americas
New York, NY 10019-6064
Phone: (212) 373-3000
Fax: (212) 757-3990
Email: dtoal@paulweiss.com
lvelazquez@paulweiss.com

Mitchell D. Webber (phv207889)
2001 K Street, NW
Washington, DC 20006-1047
Phone: (202) 223-7442
Fax: (202) 379-4162
Email: mwebber@paulweiss.com

*Attorneys for Defendant World Wrestling Entertainment, LLC*

## CERTIFICATE OF SERVICE

      I certify that on February 21, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

      */s/ Daniel J. Toal*
      Daniel J. Toal