## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| JANEL GRANT, | : |
| | : |
| Plaintiff, | : Case No.: 3:24-cv-00090-SFR |
| | : |
| vs. | : |
| | : |
| WORLD WRESTLING ENTERTAINMENT, INC. n/k/a WORLD WRESTLING ENTERTAINMENT, LLC; VINCENT K. MCMAHON; and JOHN LAURINAITIS, | : |
| | : |
| | : March 7, 2025 |
| | : |
| Defendants. | : |

### PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HER MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Pursuant to Rules 15(a)(2) and 16(b)(4) of the Federal Rules of Civil Procedure and Local Civil Rule 7(d), Plaintiff Janel Grant ("Plaintiff" or "Ms. Grant"), by and through her undersigned counsel, respectfully submits this consolidated reply brief in further support of her motion for leave to amend her Complaint (ECF No. 94) and to address the arguments raised in Defendants' Memoranda in Opposition to her Motion (ECF Nos. 98, 99, 100).

Following an extended stay of this action at the request of federal law enforcement, Plaintiff has moved to amend her pleading to describe with greater particularity the horrific sexual, physical, and emotional abuse she experienced at the hands of Defendants and describe the predatory and dangerously coercive environment at WWE and within its support system that rewarded enablers at all levels of the organization who turned a blind eye to Defendants' exploitation. She also seeks to inform the Court of material factual developments that occurred during the stay—including, among other things, the Securities and Exchange Commission's finding that McMahon engaged in a criminal scheme to cover up his misdeeds and mislead

shareholders, and that the NDA at issue here was at the heart of that scheme. These are all proper purposes for Plaintiff to amend her pleading under the Federal Rules of Civil Procedure, and the resumption of this case is a proper time to amend.

Defendants are not entitled to take a red pencil to the complaint and suppress damaging facts. Defendants McMahon (ECF No. 98) and WWE (ECF No. 100) object to Plaintiff's phrasing (ECF No. 98 at § I.C; ECF No. 100 at §§ I-III) and claim the amended Complaint is prejudicial because their own bad acts have come to light (ECF No. 98 at § I.D). Defendants' gripes and grievances are not legally cognizable objections that should prevent the Court from the benefit of an Amended Complaint that clarifies key issues and brings the facts up to date to account for the lengthy stay, which Plaintiff did not initiate.

Defendants try to gloss over the permissive standard for leave to amend. They are well aware that such leave is to be freely granted and Ms. Grant has demonstrated good cause. Her amended complaint addresses key factual developments that were unavailable when she filed her initial complaint, sheds further light on the illegal and coercive non-disclosure agreement Defendants hope to invoke to keep her out of court, and pleads her claims with greater particularity. Plaintiff has shown good cause, her motion was brought without undue delay, and her proposed amendments are proper. Plaintiff respectfully requests that this Court grant her motion for leave to file her First Amended Complaint.

I. **ARGUMENT**

    A. **Plaintiff's Proposed Amendments Are Proper Under Federal Rules 15 and 16.**

Plaintiff is ultimately the master of the complaint. As set forth in her Motion, the factors set out in Rules 15 and 16 each weigh in favor of granting leave to amend here.

Rule 15(a)(2) provides that a party may amend its pleading on consent or with the court's leave, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

In evaluating a request for leave to amend, the Court may consider whether there has been any undue delay, bad faith, dilatory motive, undue prejudice, and may also consider whether the amendment would be futile. *See Edwards v. N. Am. Power & Gas, LLC*, No. 3:14-CV-1714(VAB), 2016 WL 3093356, at *2 (D. Conn. June 1, 2016). "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993).

Where "a scheduling order governs amendments to the complaint, the lenient standard under Rule 15(a), which provides leave to amend shall be freely given, must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause." *Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009). "[G]ood cause 'depends on the diligence of the moving party.'" *FloodBreak, LLC v. Art Metal Indus., LLC*, 2022 WL 657631, at *6 (D. Conn. Mar. 4, 2022) (quoting *Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003). However, the Second Circuit has routinely held that the "good cause" standard of Rule 16(b) must be balanced against the lenient standard of Rule 15(a). *See Zuppardi's Appizza, Inc. v. Tony Zuppardi's Appizza, LLC*, No. 3:10-cv-1363(RNC), 2012 WL 1067652, at *1 (D. Conn. Mar. 30, 2012). Where the deadline to complete discovery has not yet passed, courts in this District have been inclined not to require a showing of good cause. *See, e.g., Gustovich v. Town of Greenwich*, No. 3:14-cv-01242(CSH), 2015 WL 5251930, at *4 (D. Conn. Sept. 8, 2015) ("In these circumstances, the Second Circuit directs that motions to amend the pleadings are to be governed by the lenient standard of Rule 15(a) – not the 'good cause' standard of Rule 16(b)"); *Phoomahal v. Ridgehaven Village*, 2007 WL 2292741, at *3 (E.D.N.Y. Aug. 9, 2007) (where plaintiffs could not have known the factual predicate for claims against new

parties prior to the deadline in the case management order, the court instead applied the Rule 15 standard). Here, discovery has not even commenced, let alone been completed.

Plaintiff has met the standard under either Rule 15(a) or 16(b). Even assuming that Ms. Grant must establish good cause under Rule 16(b), "the primary consideration is whether the moving party can demonstrate diligence." *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). Plaintiff has shown good cause to amend her complaint, as her amendments are non-prejudicial, timely, and offered in good faith. and none of Defendants' arguments rebut that showing or justify denying leave to amend, which is freely granted.

### B. Defendants' Conclusory Claims of Prejudice Are Not Persuasive.

Defendants' perfunctory claims of prejudice fall short. WWE fails to identify the supposed prejudice it faces, stating "Grant's motion does not satisfy even Rule 15's more permissive standard for amending pleadings, let alone Rule 16's more demanding good cause standard" without specifying. (ECF No. 100 at 5.) This conclusory statement is facially insufficient to overcome Plaintiff's good cause to amend.

Defendant McMahon broadly claims he has been prejudiced by Plaintiff's amendment because Ms. Grant purportedly "exploited the courts and the media to publicize a false narrative and information contractually required to remain confidential" under an illegal contract. (ECF No. 98 at 19.) In support of this assertion, McMahon cites news articles from September 2024—four months before leave to amend was sought, and all of which occurred during the stay. (ECF No. 98 at 10 n.8.) McMahon's stale examples are telling: any reputational harm McMahon claims is no greater now than when Plaintiff filed her initial complaint.

Procedurally, Defendants will not be prejudiced by proceeding with the Amended Complaint. Defendants have not yet filed responsive pleadings or dispositive motions in this action, nor have they provided discovery, nor participated in a 26(f) conference. Defendants'

renewed Motions to Compel Arbitration were denied without prejudice on January 16, 2025. (*See* ECF Nos. 85-87; ECF No. 93.) Defendants now argue that Plaintiff's amendments "have no bearing on the validity and enforceability of the agreement and its arbitration provision," are "futile," and are otherwise irrelevant (*see* ECF Nos. 98-100), yet McMahon complains that "the inevitable delay any such amendment would cause prejudices Defendant McMahon by further postponing the resolution of his motion that seeks to have this dispute adjudicated in the agreed upon forum" (ECF No. 98 at 4). By their own reckoning, Defendants expect to refile their motions with little to no revision, should they choose to do so. If Defendants truly believe her revisions are irrelevant, there will certainly be no undue delay or prejudice as result of Ms. Grant's amended complaint.

### C.     **Plaintiff Timely Sought Leave to Amend After the Stay Was Lifted.**

Defendants' complaints about the timing of the motion for leave to amend are similarly unavailing. Plaintiff's amendments are timely in the context of this litigation. Defendant McMahon handwaves the federal government's stay while it investigated his criminal conduct as an "inexplicable" delay—an investigation he certainly knew about, as a target. (ECF No. 98 at 5 ("Plaintiff's Motion offers no explanation for her delay in filing a Proposed Amended Complaint more than a year into this case.").)

Defendants also attempt to obscure the timeline, but the facts are clear: the federal government approached the parties regarding a proposed stay prior to their formal request, which was entered in June 2024. (*See* ECF No. 94-1 at 2.) As Ms. Grant addressed in her motions for a status conference (ECF Nos. 88, 90), the language of the Stay Order and subsequent Orders created uncertainty about whether the lift of the stay was self-executing. (*See* ECF No. 94-1 at § II.B; ECF No. 90 at 2-3, 5.)

Counsel for Ms. Grant reached out to counsel for Defendants and proposed a joint briefing schedule, and Defendants flatly refused to cooperate. (ECF No. 90 at 3.) Plaintiff then asked Judge Meyer for guidance on deadlines (ECF No. 88), but he sadly passed away before ruling on the pending motions. It is disappointing that Defendants would seize on the sudden and tragic loss of Judge Meyer for a litigation advantage.

Defendants also repeat the same futile arguments on timeliness from their oppositions to Ms. Grant's motion renewed motion of status conference. (*See* ECF Nos. 91-92.) After reviewing those arguments, this Court ruled that "Plaintiff may move for leave to file an amended complaint on or before January 31, 2025." (ECF No. 93.) It is not disputed that Plaintiff's proposed Amended Complaint and motion for leave was timely filed on that date. (*See* ECF No. 94, filed January 31, 2025.) To the extent Defendants rely on the Court's standing Order on Pretrial Deadlines (ECF No. 7) as their basis for arguing that Plaintiff's amendment is untimely, Defendants do not candidly acknowledge for the Court that such Order is only still in place because they have refused to participate in a 26(f) conference as required by the Local Rules.

### D. Plaintiff's Proposed Amendments Are Proper and Are Offered for The Purpose of Informing this Court.

Defendants cite no case law or rule—nor could they—which limits the substance Ms. Grant can include in an amended complaint. The relevant standard here is showing good cause to amend, *see Holmes*, 568 F.3d at 335, not a justification that good cause exists for each and every paragraph changed in the redline. Taken as a whole, Ms. Grant's amendments address material developments that were unavailable or unknown to her at the time of her filing the original complaint, occurred during the pendency of the stay, or came promptly after certain information was made public.[1]

---

[1] As Defendants admit, Ms. Grant moved quickly to incorporate amendments regarding the SEC Order just three weeks after the Government disclosed its findings. (ECF No. 98 at 9; ECF No. 100 at 5.)

The substance of the amendments will better inform this Court of relevant developments and assist in its assessment of Defendants' procedural arguments against Ms. Grant deserving to have her day in court.

### 1. The Department of Justice Investigation.

In their Opposition briefs, Defendants claim the content of Ms. Grant's amendment "was known or available to Grant before the deadline to amend" (ECF No. 100 at 9) and consists of "stale information regarding events that had already taken place and were known to (or conjured by) Plaintiff at the time of her original filing" (ECF No. 98 at 7). While certain facts were available at the time the original complaint was filed, Ms. Grant tried to exercise caution with respect to certain subjects to ensure that her civil suit would not frustrate the DOJ's efforts. Now that the stay has been lifted, Plaintiff is comfortable providing a fuller picture of the case, including by identifying abusers and enablers who facilitated her exploitation and additional details surrounding her abuse.

### 2. The SEC Order.

Defendants claim "[t]he SEC Order is irrelevant to Plaintiff's claims" and "[t]he Order does not speak to coercion" or "advance Grant's claims." (ECF No. 98 at 13-14; ECF No. 100 at 6.) But the SEC Order directly references the agreement in dispute in this case. A criminal investigation implicating the facts underlying this case and an order speaking to its resolution are undeniably relevant to this Court. Further, the object of the agreements cited in the SEC Order was to conceal human trafficking. The SEC Order evidences that McMahon sought to silence *multiple* women, not just Plaintiff, in his scheme to conceal his predatory behaviors and avoid accountability from the Company's board, potential merger partners, future shareholders, and the public. These facts are material to this Court's assessment of whether the illegal NDA agreement

can be enforced. Defendants hope to obscure these facts, or at least avoid having to address them while operating under the Amended Complaint, while using the arbitration clause contained in that illegal agreement as both a sword and shield in this case.

### 3. *Admissions from Dr. Colker and Peak Wellness.*

Since the initial complaint was filed, Dr. Colker and Peak Wellness's counsel confirmed that they indeed withheld documents from Ms. Grant, as she alleged in her bill of discovery complaint filed in the Connecticut Superior Court in July 2024. (ECF No. 94-1 at 6.) This doctor was paid for by Ms. Grant's abuser, was privy to her relationship with Defendant McMahon, and administered unknown treatments to her during the time period at issue—and now he is withholding her medical records documenting those treatments and the fact that Defendant McMahon directed them. This Court deserves the benefit of up-to-date facts regarding the role this doctor played in McMahon's pattern of coercion and control.

### 4. *Further Evidence of Plaintiff's Abuse.*

The summary effect of Plaintiff's amendments, including the specific additions cited here, is to explain the extreme and prolonged abuse Plaintiff was withstanding with greater particularity. The coercion surrounding the agreement and arbitration clause is undeniably relevant to this Court's assessment of Defendants' venue arguments. Amending a pleading to "add[] allegations regarding the invalidity of the arbitration agreement" in response to a motion to compel arbitration is an appropriate exercise of a Plaintiff's amendment rights under Rule 15(a)(1) or (2). *See DeFrancesco v. Mirador Real Est.*, No. 18-CV-4032 (VSB), 2022 WL 203147, at *3 (S.D.N.Y. Jan. 24, 2022).

It is unsurprising that Defendants wish to avoid confronting the uncomfortable truths Ms. Grant raises in her Complaint. However, nothing Defendants raise in their Objections overcomes the liberal presumption in Plaintiff's favor here. Leave to amend should be granted.

## II.     CONCLUSION

For the reasons set forth herein and in Plaintiff's Motion for Leave to Amend, Plaintiff respectfully requests leave to file her First Amended Complaint as her operative pleading, and any other or further relief that this Court deems just and proper.

**PLAINTIFF JANEL GRANT**

By  */s/ Ann E. Callis*
HOLLAND LAW FIRM, LLC
Eric D. Holland (phv207692)
Gregory R. Jones (phv207693)
211 North Broadway, Suite 2625
St. Louis, MO 63102
Tel: (314) 241-8111/Fax: (314) 241-5554
eholland@hollandtriallawyers.com
gjones@hollandtriallawyers.com

Ann E. Callis (phv207694)
6181 Bennett Drive, Suite 210
Edwardsville, Illinois 62025
Tel: (618) 452-1323/Fax: (618) 452-8024
acallis@hollandtriallawyers.com

*/s/ Erica O. Nolan*
David A. Slossberg (ct13116)
Erica O. Nolan (ct31097)
HURWITZ, SAGARIN, SLOSSBERG & KNUFF, LLC
135 Broad Street
Milford, CT 06460
Tel: (203) 877-8000/Fax: (203) 878-9800
DSlossberg@hssklaw.com
ENolan@hssklaw.com

**CERTIFICATE OF SERVICE**

      This is to certify that on March 7, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to all parties that are unable to accept electronic filing. Parties may access this filing through the Court's electronic system.

                                                */s/ Erica O. Nolan*
                                                Erica O. Nolan