**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| JANEL GRANT, | ) |
|     Plaintiff, | ) Civil Action No.: 3:24-cv-0090-SFR |
| vs. | ) |
| WORLD WRESTLING ENTERTAINMENT, INC. n/k/a WORLD WRESTLING ENTERTAINMENT, LLC; VINCENT K. MCMAHON; and JOHN LAURINAITIS, | ) |
| | ) March 28, 2025 |
|     Defendants. | ) |

**PLAINTIFF'S PROPOSED RULE 26(F) REPORT**

Pursuant to Federal Rules of Civil Procedure 16(b), 26(f) and the District of Connecticut Local Civil Rules 16 and 26(f), undersigned counsel for the Plaintiff represents that, in an effort to comply with the pertinent Local Rules and with consideration of the prior stay in this action (*see* ECF 68), Plaintiff has made various attempts to schedule a 26(f) conference with Defendants since the filing of this action. To wit, on May 23, 2024, Plaintiff's counsel conferred with Defense counsel regarding a 26(f) conference while noting that the Department of Justice was seeking a stay of the case which ultimately occurred on June 11, 2024. Then, on December 16, 2024, after the stay was lifted, Plaintiff requested Defendants' availability for a 26(f) conference. Emails regarding these communications are appended hereto as Exhibits A and B, respectively. Subsequently, on March 24, 2025, Plaintiff's counsel sent the email appended hereto as Exhibit C, providing the parties with a draft 26(f) report and requesting availability again to meet and confer about the same.

On Thursday, March 27, Defendants' counsel responded with the email appended hereto as Exhibit D, stating that they felt the conference was premature but provided availability to meet

and discuss. The following participants appeared via Zoom on a call on Friday, March 28, at which point Defendants' counsel reiterated the positions stated in their March 27 email and declined to discuss the substantive components of Plaintiff's proposed Rule 26(f) Report:

| | |
|---|---|
| **For the Plaintiff**: | David A. Slossberg and Erica O. Nolan (Hurwitz Sagarin Slossberg & Knuff, LLC) |
| | Ann Callis and Gregory Jones (The Holland Law Firm) |
| **For the Defendants**: | Daniel Toal, Liza Velazquez, and Mitchell Webber (for Defendant WWE) |
| | Jim Budinetz, Ilana Roberts, and Jessica Rosenberg (for Defendant McMahon) |
| | Edward Brennan (for Defendant Laurinaitis) |

As such, given Defendants' position that a Rule 26(f) conference and report are premature and Plaintiff's position to the contrary, Plaintiff presents to the Court that the parties are at an impasse and submits the following for the Court's consideration as her proposed schedule:

| | |
|---|---|
| **Date Complaint Filed**: | January 25, 2024 |
| **Waivers of Service Executed**: | March 20, 2024 (Laurinitis) and April 17, 2024 (McMahon & WWE) |
| **Date of Defendants' Appearance**: | April 23, 2024 (McMahon), May 2, 2024 (Laurinaitis), May 7, 2024 (WWE) |

## I. **CERTIFICATION**

Plaintiff's counsel, after consultation with their client, certify that (a) they have discussed the nature and basis of her claims and possibility for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan. Plaintiff's counsel further certifies that they have forwarded a copy of this report to their client.

## II. JURISDICTION

### A. Subject Matter Jurisdiction

1. **Plaintiff's Position**: This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Ms. Grant's claims under the Trafficking Victims Protection Act, 18 U.S.C. §§ 1591, 1595 ("TVPA"), and her cause of action for declaratory relief under the Speak Out Act, 42 U.S.C. § 19401 *et seq.*, all raise a federal question. This Court also has supplemental jurisdiction over Ms. Grant's state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the TVPA claims as to form part of the same case or controversy.

### B. Personal Jurisdiction

Plaintiff asserts that the Court has personal jurisdiction over the Defendants pursuant to Conn. Gen. Stat. § 52-64.

## III. BRIEF DESCRIPTION OF CASE

### A. Claims of Plaintiff

Plaintiff Janel Grant is a former employee of World Wrestling Entertainment, Inc. ("WWE") who was subjected to physical and emotional abuse, sexual assault and sexual trafficking perpetrated by former WWE Chairman Vince McMahon, and former WWE senior executive John Laurinaitis. She filed this action in January 2024 to assert claims against Defendants under the Speak Out Act, the Trafficking Victims Protection Act, and for negligence, civil battery, and intentional or negligent infliction of emotional distress.

## IV. STATEMENT OF UNDISPUTED FACTS

Not applicable by reason of Defendants' declining to discuss.

**V.     CASE MANAGEMENT PLAN**

Plaintiff requests a modification of the deadlines in the Standing Order on Scheduling in Civil Cases (ECF No. 7) as follows:

**A.     Initial Disclosures**

1.     **Plaintiff's Position**: Initial disclosures pursuant to Fed. R. Civ. P. 26(a) will be served by May 10, 2025.

**B.     Scheduling Conference with the Court**

1.     **Plaintiff's Position**: Plaintiff does not request a pretrial conference with the Court before the entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). However, if the Court feels it appropriate, Plaintiff prefers that a scheduling conference, if held, be conducted by telephone or videoconference.

**C.     Early Settlement Conference**

Plaintiff does not request an early settlement conference at this time. Plaintiff does not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**D.     Motions Addressed to the Pleadings**

1.     The Complaint was filed on January 25, 2024 (ECF No. 1).

2.     Defendants filed Motions to Compel Arbitration on April 23, 2024 (ECF No. 30), May 2, 2024 (ECF No. 35), and May 14, 2024 (ECF No. 61).

2.     Following a motion from the federal government to stay the proceedings, the Court granted a stay from June 11, 2024 to December 11, 2024 (ECF No. 68).

3.     Upon expiration of the stay, Defendants renewed their Motions to Compel Arbitration on December 23 and 24, 2024 (ECF Nos. 85, 86, 87).

4.	Pursuant to the Court's Order on scheduling dated January 16, 2025 (ECF No. 93), Plaintiff moved for leave to amend her complaint on January 31, 2025 (ECF No. 94).  Defendants filed their Objections to Plaintiff's Motion for Leave to Amend on February 21, 2025 (ECF Nos. 98, 99, 100).  Plaintiff filed her Reply to Defendants' Objections on March 7, 2025 (ECF No. 103).

5.	Defendants have indicated that they intend to renew their Motions to Compel Arbitration once the Motion for Leave to Amend is adjudicated by the Court.

6.	Plaintiff represents that there may be a need for the joinder of additional parties, pending the outcome of a separate state court action.  If necessary, Plaintiff will move for joinder in accordance with the Federal Rules of Civil Procedure and the Local Rules.

**E.	Discovery**

1. Plaintiff anticipates needing discovery on the following topics:

    i. Any and all documents and communications between Plaintiff and any Defendant, between two or more Defendants, and/or between any Defendant(s) and any other person or entity concerning or regarding Plaintiff or this lawsuit.  For purposes of WWE, this may include any subsidiary and/or current or former executive, employee, contractor, agent and/or similarly situated personnel of WWE, TKO, and/or Endeavor Group Holdings.

    ii. Any and all documents and communications related to WWE's internal investigation concerning payments by Defendant McMahon to multiple women, which has previously been described in WWE's Securities and Exchange Commission filings.

    iii. Any and all documents and communications related to the drafting and negotiation of the NDA described in the Complaint.

    iv. Any purportedly privileged documents that were wrongfully withheld from the government, as held by the Second Circuit applying the crime-fraud exception in *In Re: Grand Jury Subpoenas Dated September 13 (2025)*, Case Nos. 24-1588-cv (L), 24-1589-cv (Con) (2d Cir. 2025).

    v. Any and all internal memoranda, manuals, guidance, polices, procedures, or other documents or communications relating to WWE's sexual harassment, technology, and/or email policies.

    vi. Any and all travel receipts, lodging receipts, or expense reimbursements submitted by or on behalf of Vince McMahon, John Laurinaitis, or Brock Lesnar.

    vii. Any and all security footage from any premises or property owned or controlled by any Defendant which features Plaintiff with any Defendant and/or individual referenced in Plaintiff's proposed Amended Complaint.

    viii. Any and all logical corollaries to the foregoing and/or similar additional matters related to the allegations set forth in Plaintiff's Complaint and proposed Amended Complaint.

c. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), may be commenced immediately and will be completed (not propounded) by

    i. **Plaintiff's Position: December 1, 2025**

      d.      Discovery will not be conducted in phases.

      e.      The parties reserve the right to conduct discovery based upon any additional facts discovered. The parties also reserve the right to make appropriate objections to any discovery requests with respect to the aforementioned subjects or otherwise in accordance with the Federal Rules of Civil Procedure and applicable case law.

2. **Depositions:** Plaintiff anticipates that she will require a total of between 45 depositions of fact witnesses (inclusive of 30(b)(6) depositions).

3. **Interrogatories**: Plaintiff does not anticipate requesting permission to serve more than 25 interrogatories upon each party, but reserves the right to seek leave to do so.

4. **Expert Witnesses**: Plaintiff may call expert witnesses at trial, and reserves the right to do so.

    **a. Plaintiff's Position:**

        i. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by **October 1, 2025**. Depositions of any such experts will be completed by **November 1, 2025**.

        ii. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof by **November 1, 2025.** Depositions of such experts will be completed by **December 1, 2025.**

      iii. A damages analysis will be provided by any party who has a claim or counterclaim for damages by **November 1, 2025**.

5. **ESI Procedures**:

    a. <u>**Plaintiff's Position**</u>: Plaintiff's counsel, after consultation with its client concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved, have discussed the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to use reasonable efforts to implement the following procedures for the preservation, disclosure and management of electronically stored information:

    - Counsel for all parties will instruct their clients to preserve electronically stored information on existing servers in their respective possession, custody and control related to the discovery issues listed above.
    - All paper documents and ESI will be produced with Bates numbers.
    - All attachments will be produced in sequence with the parent document.
    - Spreadsheets, databases, drawings, audio or video recordings, and other documents that do not reasonably fit on 8.5 x 11-inch pages will be produced in native format, with a Bates-numbered placeholder document.
    - If applicable, the parties will exchange load file instructions and meet and confer on document production formats.

Plaintiff's counsel, after consultation with their client, have also discussed the location(s),

volume, organizations, and costs of retrieval of information stored in paper or other non-electronic forms.

Plaintiff's counsel have also discussed discovery procedures that minimize the risk of waiver of privilege or work-production protection, including procedures for asserting privilege claims after production. Plaintiff proposes the following procedures for asserting claims of privilege after production:

  i. The parties will comply with the requirements of Rule 26(b)(5) and Local Rule 26(e), subject to any of the below limitations.

  ii. The parties may stipulate that the privilege logs referenced in the above-referenced rules do not apply to, and need not include, claims of privilege or work product protection: (i) communication solely between a party and its outside counsel occurring on or after the date this action was commenced; and (ii) work product of outside counsel created on or after the date this action was commenced.

  iii. For purposes of subsection (ii) immediately above, "outside counsel" shall include, but not be limited to, counsel who have appeared in this litigation, as well as other attorneys, paralegals, and/or employees of their respective law firms.

  iv. The parties may reserve their right to assert a post-production claim of privilege for good cause shown. Upon a post-production claim of privilege, their parties and their counsel agree that they will not make further copies, electronic or otherwise, of the documents or show them to parties that have not already received them until such claim of

privilege is resolved.

**G.     Dispositive Motions**

**Plaintiff's Position:** Dispositive motions will be filed on or before **January 16, 2026** with responses filed by **February 16, 2026**, and replies, if any, filed by **March 2, 2026**.

**H.     Joint Trial Memorandum**

**Plaintiff's Position:** The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed sixty (60) days after the Court rules on any dispositive motion(s) filed by any party.  If no dispositive motions are filed, the joint trial memorandum will be filed on or before **January 16, 2026**.

**I.     Trial Readiness**

**Plaintiff's Position:** The case will be ready for trial thirty (30) days after the submission of the Joint Trial Memorandum.


[Signatures on the following page]

**PLAINTIFF JANEL GRANT**

By /s/ *Ann E. Callis*
    HOLLAND LAW FIRM, LLC
    Eric D. Holland (phv207692)
    Gregory R. Jones (phv207693)
    211 North Broadway, Suite 2625
    St. Louis, MO 63102
    Tel: (314) 241-8111/Fax: (314) 241-5554
    eholland@hollandtriallawyers.com
    gjones@hollandtriallawyers.com

    Ann E. Callis (phv207694)
    6181 Bennett Drive, Suite 210
    Edwardsville, Illinois 62025
    Tel: (618) 452-1323/Fax: (618) 452-8024
    acallis@hollandtriallawyers.com

    */s/ Erica O. Nolan*
    David A. Slossberg (ct13116)
    Erica O. Nolan (ct31097)
    HURWITZ, SAGARIN, SLOSSBERG & KNUFF, LLC
    135 Broad Street
    Milford, CT 06460
    Tel: (203) 877-8000/Fax: (203) 878-9800
    DSlossberg@hssklaw.com
    ENolan@hssklaw.com

**CERTIFICATION**

      I hereby certify that on this 28th day of March, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                     */s/ Erica O. Nolan*
                                       Erica O. Nolan, Esq.