# EXHIBIT D

| | |
|---|---|
| **From:** | Webber, Mitchell |
| **To:** | Erica Nolan; christopher.wasil@morganlewis.com; Toal, Daniel J; Velazquez, Liza; jbudinetz@mccarter.com; jrosenberg@akingump.com; ebrennan@edbrennanlaw.com; reesemitchell@mitchellandsheahan.com; rbmitchell@mitchellandsheahan.com; david.mcmanus@morganlewis.com |
| **Cc:** | Ann Callis; David Slossberg; Eric Holland; Greg Jones |
| **Subject:** | RE: Grant v. McMahon et al: Draft 26(f) Report |
| **Date:** | Thursday, March 27, 2025 8:44:44 AM |

Counsel,

A Rule 26(f) conference and report, submitted before our motions to compel arbitration have been resolved, would be premature and inefficient.  As you know, Defendants moved to remove the matter to arbitration both at the outset of this matter and then again promptly after the stay was lifted last December.  Defendants' motions would be fully briefed and pending by now if not for Plaintiff's late motion to amend the complaint.  Pursuant to the Court's January 16, 2025 Order, Defendants intend to renew their motions to compel as soon as Plaintiff's motion to amend is decided.

As such, participation in discovery before our motions to compel arbitration are decided would be highly inefficient and prejudicial, and courts routinely stay discovery in similar situations.  *See, e.g.*, *Dome Tech., LLC* v. *Golden Sands Gen. Contractors, Inc.*, No. 3:16-CV-01607-VAB, 2017 WL 11577923, at *2 (D. Conn. July 24, 2017) ("'[T]he general practice of district courts,' is to impose 'a stay of discovery . . . while the motion to compel arbitration [i]s pending.'") (quoting *Intertec Contracting Turner Steiner Int'l, S.A.*, No. 98 CIV. 9116 (CSH), 2001 WL 812224, at *7 (S.D.N.Y. July 18, 2001)).  As the court noted in *Dome Tech*, defendants compelled to undertake discovery before their motions to compel arbitration are adjudicated could face "substantial prejudice" in the form of "duplicative and inefficient litigation," and, "'under certain circumstances, [may even] waive [their] right to arbitration.'"  *Id. (*quoting *Sweater Bee by Banff* v. *Manhattan Industries*, 754 F.2d 457, 461 (2d Cir. 1985).  Indeed, it is for these reasons that proceedings to compel arbitration are expressly exempt from the requirements of Rule 26(f).  *See* L.R. 26(f)(3) ("This Local Rule 26(f) shall not apply to . . . proceedings to compel arbitration[.]").  The same rationale underlying that exemption applies here, where Defendants have promptly and repeatedly moved to remove the matter to arbitration, where it should have been brought in the first place.

Nevertheless, we would like to avoid the cost and burden to the parties and the Court of yet further, unnecessary motion practice.  To that end, we are willing to discuss the matter later this week or early next week.

Sincerely,

Mitch

**Mitchell D Webber** | Partner
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
+1 202 223 7359 (Direct Phone) | +1 202 403 3462 (Direct Fax)
mwebber@paulweiss.com | www.paulweiss.com

---

**From:** Erica Nolan <ENolan@hssklaw.com>
**Sent:** Monday, March 24, 2025 12:03 PM
**To:** christopher.wasil@morganlewis.com; Toal, Daniel J <dtoal@paulweiss.com>; Velazquez, Liza <lvelazquez@paulweiss.com>; Webber, Mitchell <mwebber@paulweiss.com>; jbudinetz@mccarter.com; jrosenberg@akingump.com; ebrennan@edbrennanlaw.com; reesemitchell@mitchellandsheahan.com; rbmitchell@mitchellandsheahan.com; david.mcmanus@morganlewis.com
**Cc:** Ann Callis <acallis@hollandtriallawyers.com>; David Slossberg <DSlossberg@hssklaw.com>; Eric Holland <eholland@hollandtriallawyers.com>; Greg Jones <gjones@hollandtriallawyers.com>
**Subject:** Grant v. McMahon et al: Draft 26(f) Report

**Importance:** High

Counsel:  On behalf of the Plaintiff and her counsel, the time within which to meet and confer and propose a scheduling order to the Court has long passed.  Pursuant to D. Conn. L. Civ. R. 26(f)(1), a 26(f) conference must be held within 30 days of the appearance of the first defendant, and a report submitted within 14 days after that conference.

We have asked the Defendants for availability to conduct a 26(f) conference on more than one occasion, and have received no responses to date.  There is no stay of discovery currently in place, and the presumption in this District is that discovery will commence and continue, even while dispositive motions are ongoing. *See, e.g.*, ECF No. 7, ¶ b.  As such, we have taken the additional step of drafting a Rule 26(f) Report in compliance with the D. Conn. Local Rules, with portions flagged for Defendants to insert their respective positions.

We ask that Defendants provide us with availability to meet and confer on the contents of this draft this week, or otherwise provide their respective insertions, by no later than this Friday, March 28.  Absent any responses, Plaintiff intends to file her proposed schedule with the Court.  Best, Erica



Erica Oates Nolan, Esq.
Hurwitz Sagarin Slossberg & Knuff, LLC

135 Broad Street (NEW ADDRESS)
Milford, CT  06460
Tel:  203-877-8000 Ext. 106          Cell:   860-462-1287

ENolan@hssklaw.com            hssklaw.com

Any use, distribution, copying or disclosure of this e-mail is strictly prohibited.  This email and any files transmitted with it may be a confidential attorney-client communication or may otherwise be privileged and confidential. If you received this e-mail in error, please delete this e-mail and all files transmitted with it from your system and immediately notify the sender by telephone or return e-mail.

Please note that Hurwitz Sagarin Slossberg & Knuff, LLC does not accept .zip attachments.

This message is intended only for the use of the Addressee and may contain information that is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify us immediately.