# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| JANEL GRANT,<br><br>                        Plaintiff,<br><br>                v.<br><br>WORLD WRESTLING ENTERTAINMENT, INC. n/k/a WORLD WRESTLING ENTERTAINMENT, LLC; VINCENT K. MCMAHON; and JOHN LAURINAITIS,<br><br>                        Defendants. | Civil Action No.: 3:24-cv-00090 (SFR) |

**DEFENDANT WORLD WRESTLING ENTERTAINMENT, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STAY DISCOVERY**

ORAL ARGUMENT REQUESTED

## **TABLE OF CONTENTS**

                                                                                                                                **Page**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

BACKGROUND ..................................................................................................................... 2

LEGAL STANDARD .............................................................................................................. 4

ARGUMENT ........................................................................................................................... 5

I.     ESTABLISHED CASE LAW PROVIDES THAT DISCOVERY SHOULD BE STAYED IN LIGHT OF DEFENDANTS' MOTIONS TO COMPEL ARBITRATION ................................................................................................... 5

II.    "GOOD CAUSE" EXISTS TO STAY DISCOVERY UNDER FRCP 26 ....................... 7

CONCLUSION ...................................................................................................................... 11

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Al Thani* v. *Hanke*,
  2021 WL 23312 (S.D.N.Y. Jan. 4, 2021) ................................................................................7

*Alvarez* v. *Experian Information Solutions, Inc.*,
  2021 WL 2349370 (E.D.N.Y. June 7, 2021) ......................................................................5, 7

*Contracto Ltd.* v. *Fast Search & Transfer Int'l, AS*,
  2012 WL 12252587 (E.D.N.Y. July 12, 2012) ....................................................................10

*Cuartero* v. *United States*,
  2006 WL 3190521 (D. Conn. Nov. 1, 2006) .............................................................5, 10, 11

*Dome Tech., LLC* v. *Golden Sands Gen. Contractors, Inc.*,
  2017 WL 11577923 (D. Conn. July 24, 2017) ............................................................. *passim*

*Elnenaey* v. *JP Morgan Chase Bank, N.A.*,
  2021 WL 7908626 (E.D.N.Y. Oct. 7, 2021).........................................................................10

*Intertec Contracting Turner Steiner Int'l, S.A.*, 2001 WL 812224 (S.D.N.Y. July
  18, 2001) ..............................................................................................................................5, 6

*ITT Corp.* v. *Travelers Cas. & Sur. Co.*,
  2012 WL 2944357 (D. Conn. July 18, 2012) .................................................................10, 11

*JCJ Architecture, PC* v. *Larry Edmondson Assocs., Inc.*,
  2021 WL 6841414 (D. Conn. Oct. 5, 2021) ..........................................................................9

*Joglo Realities, Inc.* v. *Dep't of Env't. Conservation*,
  2016 WL 11480895 (E.D.N.Y. Oct. 17, 2016).....................................................................10

*Karla* v. *Adler Pollock & Sheehan, P.C.*,
  2021 WL 6498259 (D. Conn. Mar. 16, 2021) .....................................................................10

*Marsh & McLennan Agency LLC* v. *Williams*,
  2023 WL 2242074 (S.D.N.Y. Feb. 27, 2023).........................................................................7

*Multicare Physicians & Rehab. Grp., PC* v. *Wong*,
  2006 WL 2556584 (Conn. Super. Ct. Aug. 15, 2006)............................................................9

*National Broadcasting Co., Inc.* v. *Bear Stearns & Co., Inc.*,
  165 F.3d 184 (2d Cir. 1999)...................................................................................................8

# TABLE OF AUTHORITIES
## (Continued)

Page(s)

*Oestreicher* v. *Equifax Info. Servs., LLC*,
   2023 WL 3819378 (E.D.N.Y. June 5, 2023) ...................................................................................7

*Ross* v. *Bank of Am., N.A. (USA)*,
   2006 WL 36909 (S.D.N.Y. Jan. 6, 2006) ........................................................................................5

*Spencer Trask Software & Info. Servs., LLC* v. *RPost Int'l Ltd.*,
   206 F.R.D. 367 (S.D.N.Y. 2002) ................................................................................................5, 9

*Thomas* v. *New York City Dep't of Educ.*,
   2010 WL 3709923 (E.D.N.Y. Sept. 14, 2010) ..........................................................................9, 11

*Zwitserse Maatschappij Van Levensverzekering En Lijfrente* v. *ABN Int'l Cap. Markets Corp.*,
   996 F.2d 1478 (2d Cir. 1993) .........................................................................................................9

## Other Authorities

Fed. R. Civ. P. 26(c) ....................................................................................................................4, 5

Local Rule 26(f) ....................................................................................................................3, 4, 6

Defendant World Wrestling Entertainment, LLC ("WWE") respectfully submits this memorandum of law in support of its Motion to Stay Discovery.

## PRELIMINARY STATEMENT

The Court should reject Grant's attempt to commence burdensome discovery on claims that, WWE respectfully submits, do not belong in this forum and should be appropriately adjudicated through the parties' binding arbitration agreement. Specifically, the Court should grant a stay of discovery for at least two independent reasons:

*First*, the Court should stay discovery at least until it resolves Defendants' Motions to Compel Arbitration, which are likely to obviate the need for any discovery in this forum. Defendants have filed their Motions to Compel twice to date, and will file them for the third time as soon as they are permitted to do so—pursuant to the Court's January 16, 2025 Order—following the Court's decision on whether Grant can belatedly amend her operative complaint. Courts routinely stay discovery in similar circumstances to avoid (i) wasting the parties' and judicial resources, (ii) duplicative efforts, and (iii) potentially conflicting rulings on discovery motions.

*Second*, consistent with established case law, "good cause" exists to stay discovery here. WWE and co-Defendants have a strong argument that this matter should be compelled to arbitration and/or be dismissed. Engaging in discovery prior to, at a minimum, a determination on the Motions to Compel prejudices Defendants by potentially causing a waiver of their right to arbitration, which they have maintained from the very beginning. The overbroad scope of discovery in Grant's proposed 26(f) report further underscores this prejudice. Grant—who has repeatedly failed to file an opposition to Defendants' Motions to Compel and recently sought leave to amend her original Complaint well past the deadline—would not be unduly prejudiced by a

continuation of the status quo for this limited period of time. Courts have often found good cause to temporarily stay discovery under just these circumstances.

## BACKGROUND

Since Grant filed the Complaint on January 25, 2024, Defendants have each twice sought to compel arbitration. On May 14, 2024, pursuant to the Court's May 8, 2024 Order setting the briefing schedule for Defendants' motions to compel, ECF No. 49, WWE filed its original Motion to Compel Arbitration. ECF No. 61.[1] Notwithstanding the May 8 Order—which directed Grant to file an opposition by June 4, 2024—Grant failed to file an opposition, either on the deadline to do so or at any time after. On June 11, 2024, the Court entered a six-month stay of this proceeding "to December 11, 2024" and denied Defendants' Motions to Compel "without prejudice to renewal within two weeks of any future order of the Court lifting the stay." ECF No. 68. At the conclusion of the stay, WWE promptly filed its renewed Motion to Compel Arbitration, on December 23, 2024. ECF No. 86.[2] Grant's opposition was due on January 13, 2025, and, once again, Grant failed to respond by the deadline or at any time after.

Likewise, despite being aware that the stay had been lifted and that pre-stay filing deadlines continued to apply, Grant failed to file an amended complaint by the relevant deadline, which was, by the most favorable calculation for Grant, no later than December 12, 2024.[3] Instead, a month later, Grant filed a Motion for Status Conference in which, for the first time, she indicated

---

[1] Defendants Vince McMahon and John Laurinaitis also filed motions to compel arbitration, on April 23, 2024 and May 2, 2024, respectively. ECF Nos. 30, 35.

[2] On December 23, 2024 and December 24, 2024, respectively, Defendants McMahon and Laurinaitis also filed renewed motions to compel arbitration. ECF Nos. 85, 87.

[3] WWE respectfully refers the Court to its Opposition to Grant's Motion for Leave to Amend the Complaint for a more detailed discussion of Grant's untimely attempt to file an amended complaint. ECF No. 100 at 1–2.

2

to the Court that she planned to amend the Complaint. *See* ECF No. 88. Grant filed a Renewed Motion for Status Conference on January 13, 2025. ECF No. 90.

On January 16, 2025, the Court entered an Order denying Grant's motions for a status conference, but allowing her to file a motion for leave to file an amended complaint addressing why she should be permitted to amend "despite the expiration of the deadline for filing amended pleadings contained in ECF No. 7." ECF No. 93. The January 16 Order denied Defendants' renewed Motions to Compel Arbitration "without prejudice to renewal following the Court's decision on Plaintiff's motion for leave to amend the complaint." ECF No. 93. In response to Grant's Motion for Leave to Amend the Complaint, WWE stated in its opposition that it "intends to file [its Motion to Compel Arbitration] as soon as it is permitted to do so." ECF No. 100 at 1. Briefing on Grant's Motion to Amend has since concluded. *See* ECF No. 103.

On March 24, 2025, Grant sent Defendants a proposed Rule 26(f) report for the first time and demanded that Defendants meet and confer or provide their response on the Rule 26(f) report by March 28. *See* ECF No. 106-3. Counsel for WWE responded that a Rule 26(f) conference and report would be premature and inefficient given Defendants' prompt and repeated requests to remove the matter to arbitration, provided Grant with case law showing that courts routinely grant stays under similar circumstances, and proposed a meet and confer. *See* ECF No. 106-4. The parties met and conferred on March 28, 2025 but did not reach an agreement; Grant, without providing any case law refuting the cases WWE provided, declined to engage on the appropriateness of a stay of discovery.

3

On the same day, Grant unilaterally filed Plaintiff's portion of a Rule 26(f) report (the "Report"). *See* ECF No. 106.[4] The Report seeks discovery on eight broadly defined topics, without any time period limitation. *See id*. at 5–7. The very first topic encompasses "[a]ny and all documents and communications" between Grant and any Defendant (defined broadly to include "any subsidiary and/or current or former executive, employee, contractor, agent and/or similarly situated personnel"), between Defendants, "and/or between any Defendant(s) and any other person or entity" regarding Grant or this lawsuit. *Id*. at 5. The Report proposes that all document, deposition, and expert discovery be completed by December 1, 2025. *Id.* at 6.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 26(c) authorizes this Court, upon a showing of "good cause," to issue an order staying discovery to protect a party from "undue burden or expense." Fed. R. Civ. P. 26(c)(1)(A)-(B). In determining whether good cause exists for a stay of discovery, courts often considers the following three factors: (i) the breadth of the discovery sought and the burden of responding to it; (ii) the prejudice that would be suffered by the party opposing the stay; and (iii) the strength of the dispositive motion that is the basis of the request to stay discovery. *See Dome Tech., LLC* v. *Golden Sands Gen. Contractors, Inc*., 2017 WL 11577923, at *1 (D. Conn. July 24, 2017) (citing *Morien* v. *Munich Reinsurance Am., Inc*., 270 F.R.D. 65, 67

---

[4] While the Report claims Grant attempted to schedule a 26(f) conference two other times, the first referenced instance, the May 23, 2024 email attached to Grant's filing, shows Grant's counsel asking to "hold off on having a formal 26(f) conference until there is clarity on the issue of a stay." ECF No. 106-1. And in the second instance, on December 16, 2024, Grant's counsel simultaneously informed Defendants that Grant intended to attempt to amend the complaint, without providing further detail about what the proposed amendment would entail. *See* ECF No. 106-2 at 3–4. Defendants intended to promptly renew their motions to compel arbitration—which Grant's counsel acknowledged in the same December 16 email—and Grant never followed up on a 26(f) conference. Indeed, it would have made no sense to hold a Rule 26(f) conference without knowing which allegations and causes of action Grant intended to bring in her proposed amended complaint.

4

(D. Conn. 2010)); *Cuartero* v. *United States*, 2006 WL 3190521, at *1 (D. Conn. Nov. 1, 2006). Courts also find "good cause" and stay discovery pending the outcome of a dispositive motion, including a motion to dismiss. *Cuartero*, 2006 WL 3190521, at *1 (citing *Anti–Monopoly, Inc.* v. *Hasbro, Inc.*, 1996 U.S. Dist. LEXIS 2684, at *6 (S.D.N.Y. Mar. 7, 1996)); *see also Spencer Trask Software & Info. Servs., LLC* v. *RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). Of note, where the resolution of a motion to compel arbitration will remove the litigation to another forum, courts in the Second Circuit routinely stay discovery without even reaching this three-part test. *See, e.g.*, *Dome Tech*, 2017 WL 11577923, at *1–2; *Intertec Contracting Turner Steiner Int'l, S.A.*, 2001 WL 812224, at *7 (S.D.N.Y. July 18, 2001); *Ross* v. *Bank of Am., N.A. (USA)*, 2006 WL 36909, at *1 (S.D.N.Y. Jan. 6, 2006) (granting stay "in view of the threshold issues concerning arbitration"); *Alvarez* v. *Experian Info. Sols., Inc.*, 2021 WL 2349370, at *2 (E.D.N.Y. June 7, 2021).

## ARGUMENT

**I. ESTABLISHED CASE LAW PROVIDES THAT DISCOVERY SHOULD BE STAYED IN LIGHT OF DEFENDANTS' MOTIONS TO COMPEL ARBITRATION**

Defendants' Motions to Compel Arbitration—which Defendants will file for the third time as soon as permitted to do so—alone warrant staying discovery in this action. "A stay pending a motion to compel arbitration should be granted absent compelling reasons to deny it" because "[r]esolution on the motion to compel will potentially eliminate the need for any onerous discovery." *Alvarez*, 2021 WL 2349370, at *2 (cleaned up). As the Court in *Dome Technology* observed, while Federal Rule of Civil Procedure 26(c) provides an avenue for courts to stay discovery upon a showing of "good cause," courts need not engage in the "good cause" analysis where the resolution of the defendant's motion to compel arbitration could dispose of the plaintiff's case and prevent duplicative and unnecessary litigation. *See Dome Tech*, 2017 WL 11577923, at

5

*1–2; *see also Intertec Contracting Turner Steiner Int'l, S.A.*, 2001 WL 812224, at *7 (the "general practice of district courts" is to impose "a stay of discovery . . . while the motion to compel arbitration [is] pending").

Here, there is no reason, let alone a compelling one, to deny a stay of discovery. As Grant's Report itself acknowledges, Defendants have promptly and repeatedly moved to remove the matter to arbitration and indicated that they intend to renew their Motions to Compel Arbitration once Grant's (untimely) Motion for Leave to Amend is adjudicated by the Court. *See* ECF No 106 at 4–5. As detailed in WWE's Motion to Compel, Grant's claims do not belong in this Court as a threshold matter because the separation and non-disclosure agreement that she signed with McMahon (who signed on behalf of himself and WWE)—the monetary benefits of which she concededly accepted and retained—contains an exclusive and mandatory arbitration provision that precludes this Court from adjudicating these claims. *See* ECF Nos. 61-1, 86-1. As such, this Court's ruling on Defendants' anticipated Motions to Compel could very well obviate the need for any discovery. Grant's attempt to end-run the binding arbitration agreement and prematurely commence discovery should be rejected.[5]

The fact that there currently is no "pending" motion to compel does not change the analysis. As discussed above, Defendants' Motions to Compel have been filed twice and would be fully briefed and pending by now if not for Grant's failure to respond and untimely Motion for Leave to Amend. As the Court's January 16 Order contemplates, Defendants' Motions to Compel will be refiled after the Court's decision on Grant's Motion for Leave to Amend. ECF No. 93. Where, as here, previously filed motions to compel arbitration were denied without prejudice to

---

[5] Indeed, consistent with this underlying rationale, the Local Rules of this District exempt proceedings to compel arbitration from the requirements of Rule 26(f). *See* L.R. 26(f)(3) ("This Local Rule 26(f) shall not apply to . . . proceedings to compel arbitration[.]").

6

renewal, courts have stayed discovery unless the motions appears to be "unfounded in the law." *See Alvarez*, 2021 WL 2349370, at *2 (citation omitted) (staying discovery while noting "Defendant's motion to compel arbitration is not before the undersigned"); *see also Oestreicher* v. *Equifax Info. Servs., LLC*, 2023 WL 3819378, at *2 (E.D.N.Y. June 5, 2023) (staying discovery where motion to compel "appears to have a good faith basis").

## II.     "GOOD CAUSE" EXISTS TO STAY DISCOVERY UNDER FRCP 26

While the Court need not reach the question of whether "good cause" exists for a stay of discovery, each of the three factors courts assess to determine "good cause" confirms that discovery should be stayed here.

### A.     The Broad Discovery That Grant Seeks Would Burden the Court and the Parties, and Cause Undue Prejudice

In determining whether there is good cause to stay discovery, courts consider "the breadth of discovery sought" and "the burden of responding to it." *Marsh & McLennan Agency LLC* v. *Williams*, 2023 WL 2242074, at *1 (S.D.N.Y. Feb. 27, 2023). The burden of discovery weighs particularly heavily when there is a motion to compel arbitration, because a predominant purpose of arbitration is to relieve the parties of that burden. *See Oestreicher* 2023 WL 3819378, at *2 (noting, even where discovery requests were not complex, that discovery "would be a potential waste of resources particularly because [defendant] seeks to compel arbitration in lieu of litigation") (citation omitted); *Marsh & McLennan Agency*, 2023 WL 2242074, at *1–2 (concluding that "the burden of discovery on Defendants in this case weighs in favor of a stay" because arbitration "could significantly narrow the scope of discovery" even if not all claims were moved to arbitration); *Al Thani* v. *Hanke*, 2021 WL 23312, at *2 (S.D.N.Y. Jan. 4, 2021) (burden of discovery weighs in favor of a stay where motion to compel arbitration is pending because arbitration "would be governed by substantially different discovery rules"); *see also National*

*Broadcasting Co., Inc.* v. *Bear Stearns & Co., Inc.*, 165 F.3d 184, 191–92 (2d Cir. 1999) (superseded by statute on other grounds) ("[t]he popularity of arbitration rests in considerable part on its asserted efficiency and cost-effectiveness," in contrast to "the broad-ranging discovery" available in litigation in the courts).

The same holds true here. Defendants' Motions to Compel Arbitration likely will obviate any need to devote resources to discovery before this Court. Nor is there a question that Grant seeks broad discovery that will be burdensome to the parties and the Court. For example, Grant anticipates demanding that WWE produce "[a]ny and all communications" from any subsidiary, employee, or contractor of WWE, TKO, and Endeavor Group Holdings regarding Grant or the instant lawsuit, no matter who the communication is with or whether it is remotely germane to this litigation. ECF No. 106 at 5. Similarly, Grant expects WWE to produce any and all documents related to various WWE policies and procedures, without any time limitations, and all "travel receipts, lodging receipts, or expense reimbursements submitted by or on behalf of Vince McMahon, John Laurinaitis, or Brock Lesnar," again without regard to time period or relevance to Grant or her allegations. *Id*. at 6. Grant further expects WWE to go beyond the broad topics that she has listed and produce any "logical corollaries" to those requests. *Id.* Not only would it be prejudicial for Defendants to have to undertake discovery before Defendants' dispositive motions have been decided, but the wildly disproportionate discovery requests previewed in Grant's Report create the prospect of inconsistent rulings between this Court and the arbitrator on the inevitable discovery motions that the parties would file.

Moreover, absent a stay, WWE could face "substantial prejudice" given that "under certain circumstances, [a party taking advantage of judicial discovery procedures] may waive its right to arbitration." *Dome Tech.*, 2017 WL 11577923, at *2 (quoting *Sweater Bee by Banff, Ltd.* v.

8

*Manhattan Indus., Inc.*, 754 F.2d 457, 461 (2d Cir. 1985)); *see JCJ Architecture, PC* v. *Larry Edmondson Assocs., Inc.*, 2021 WL 6841414, at *3 (D. Conn. Oct. 5, 2021) (considering amount of discovery conducted as a factor in support of a waiver); *Zwitserse Maatschappij Van Levensverzekering En Lijfrente* v. *ABN Int'l Cap. Mkts. Corp.*, 996 F.2d 1478, 1480 (2d Cir. 1993) (a party waives right to arbitration by engaging in discovery procedures not available in arbitration). Absent a stay, Defendants may be subject to an untenable situation in which challenging Grant's unduly broad and burdensome discovery requests could undermine the merits of their forthcoming Motions to Compel and put their contractual rights to arbitration at risk. *See Multicare Physicians & Rehab. Grp., PC* v. *Wong*, 2006 WL 2556584, at *3 (Conn. Super. Ct. Aug. 15, 2006) (denying motion for referral to arbitration where movant "filed numerous motions pertaining . . . to discovery").

Accordingly, given the breadth of the discovery at issue, the burden of engaging in discovery at this stage, and the prejudice to Defendants of potentially waiving their right to arbitration, this factor weighs heavily in favor of a stay. *See Spencer Trask Software & Info. Servs., LLC*, 206 F.R.D. at 368 (staying discovery pending motion to dismiss based on scope of discovery sought, expense of discovery, and potential burden to defendants); *Thomas* v. *N.Y.C. Dep't of Educ.*, 2010 WL 3709923, at *4 (E.D.N.Y. Sept. 14, 2010) (burden on defendants arising from plaintiffs' "wide-ranging" discovery requests "weighs heavily in favor of the stay").

    **B.**    **A Stay of Discovery Would Not Unduly Prejudice Grant**

Any stay pending the resolution of Grant's Motion for Leave to Amend, which is fully briefed, and the anticipated motions to follow will be relatively short. *See Dome Tech.*, 2017 WL 11577923, at *2 ("Staying the action would pose little prejudice to [Plaintiff], since the Court intends to quickly resolve the pending motion to dismiss."); *Cuartero*, 2006 WL 3190521, at *3 (stating that "the prejudice to plaintiff from a stay of discovery will be minimal" where the stay

9

would extend only until a resolution of a dispositive motion). Indeed, any prejudice resulting from a stay is minimal where, as here, Defendants' motions are likely to dispose of the entire case. *See ITT Corp.* v. *Travelers Cas. & Sur. Co.*, 2012 WL 2944357, at *2 (D. Conn. July 18, 2012) ("potentially dispositive" motion weighs in favor of granting stay).

Further, because no party in this case has served discovery requests, there is no ongoing discovery that would be interrupted by a stay. *See, e.g.*, *Elnenaey* v. *JP Morgan Chase Bank, N.A.*, 2021 WL 7908626, at *1–2 (E.D.N.Y. Oct. 7, 2021) (finding stay would not prejudice plaintiff because case was at an "early stage" and would "avoid unnecessary discovery costs"); *Joglo Realities Inc.* v. *Dep't of Env't. Conservation*, 2016 WL 11480895, at *4–5 (E.D.N.Y. Oct. 17, 2016) (finding prejudice unlikely before initial disclosures had been served); *Contracto Ltd.* v. *Fast Search & Transfer Int'l, AS*, 2012 WL 12252587, at *2 (E.D.N.Y. July 12, 2012) (granting stay because there was no prejudice where "no party has served any initial disclosures or discovery demands").

### C. Defendants' Twice-Filed Motions to Compel Provide a Strong Basis to Dispose of Grant's Claims

Finally, courts in the Second Circuit routinely stay discovery where, as here, Defendants have presented substantial arguments that a forthcoming dispositive motion will show Plaintiff's claims to be without merit. *See, e.g.*, *Karla* v. *Adler Pollock & Sheehan, P.C.*, 2021 WL 6498259, at *5 (D. Conn. Mar. 16, 2021) (stay of discovery appropriate where "[d]efendants make a strong argument" that plaintiff's claims "are without merit under Connecticut law"); *ITT Corp.*, 2012 WL 2944357, at *4 (granting stay of discovery where "defendant's motion is potentially dispositive and appears to have substantial grounds"); *Cuartero*, 2006 WL 3190521, at *3 (stay of discovery appropriate where "the court's decision on" a pending dispositive motion "may significantly narrow the issues"); *Thomas*, 2010 WL 3709923, at *3 (granting stay because

"defendants have made a strong showing that at least some of plaintiffs' claims lack merit" (citation omitted)).

Here, at a minimum, Defendants' now twice-filed Motions to Compel Arbitration make clear that (i) Grant entered into an agreement to arbitrate, *see* ECF No 86-1 at 9–10; (ii) Grant's claims fall squarely within the scope of the agreement's arbitration provision, *id.* at 12–14; (iii) Grant's challenges to the validity and enforceability of the agreement she signed must be heard by the arbitrator, not by this Court, *id.* at 14–15; and (iv) no federal statute prevents the arbitration of Grant's claims, *id.* at 16–19. And despite now having twice seen Defendants' Motions to Compel, Grant's proposed amended complaint contains no new grounds on which to oppose referral to arbitration, which further confirms that Defendants' Motions are likely to succeed. *See* ECF No. 100 at 7–9.

## **CONCLUSION**

For the foregoing reasons, the Court should grant WWE's Motion to Stay Discovery.

Dated: April 4, 2025

Respectfully submitted,

By: */s/ Daniel J. Toal*

**MORGAN LEWIS & BOCKIUS LLP**

Christopher M. Wasil (ct28578)
One State Street
Hartford, CT 06103-3178
Phone: (860) 240-2700
Fax: (860) 240-2701
Email: michael.dagostino@morganlewis.com

David A. McManus
One Federal Street
Boston, MA 02110-1726
Phone: (617) 341-7700
Fax: (617) 341-7701
Email: david.mcmanus@morganlewis.com

**PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP**

Daniel J. Toal (phv10907)
Liza M. Velazquez (phv02132)
1285 Avenue of the Americas
New York, NY 10019-6064
Phone: (212) 373-3000
Fax: (212) 757-3990
Email: dtoal@paulweiss.com
        lvelazquez@paulweiss.com

Mitchell D. Webber (phv207889)
2001 K Street, NW
Washington, DC 20006-1047
Phone: (202) 223-7442
Fax: (202) 379-4162
Email: mwebber@paulweiss.com

*Attorneys for Defendant World Wrestling Entertainment, LLC*

## **CERTIFICATE OF SERVICE**

I certify that on April 4, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

*/s/ Daniel J. Toal*
Daniel J. Toal