UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JANEL GRANT,  :  <br>  :  <br> Plaintiff,  : Case No.: 3:24-cv-00090-SFR  <br>  :  <br> vs.  :  <br>  :  <br> WORLD WRESTLING  :  <br> ENTERTAINMENT, INC. n/k/a WORLD  :  <br> WRESTLING ENTERTAINMENT, LLC;  :  <br> VINCENT K. MCMAHON; and JOHN  : April 25, 2025  <br> LAURINAITIS,  :  <br>  :  <br> Defendants.  :  | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY**

Plaintiff Janel Grant respectfully submits this memorandum of law in opposition to the Motion to Stay Discovery filed by Defendant World Wrestling Entertainment, Inc. n/k/a World Wrestling Entertainment, LLC ("WWE") ("Mot.," ECF No. 109-1), as joined by Defendants Vincent K. McMahon (ECF No. 110) and John Laurinaitis (ECF No. 111).

**PRELIMINARY STATEMENT**

Defendants argue that this Court should stay discovery simply on the basis of a motion to compel arbitration that has not yet been filed, is not pending before this Court, and that the Court has explicitly instructed them not to renew at this time. Defendants' motion to stay discovery should be denied because there is no good cause to overcome the presumption in this District that discovery should proceed, even during the pendency of dispositive motions. Connecticut caselaw is clear that the filing of a dispositive motion does not automatically constitute good cause to stay discovery and, nonetheless, Defendants' motion to stay discovery is unripe because no such dispositive motion is pending here. An anticipated motion to compel arbitration that Defendants have not filed yet does not constitute good cause to stay discovery.

In any event, the anticipated motion raises material issues of fact regarding the legality and enforceability of the arbitration clause at issue in this case, including the circumstances surrounding the contract's formation, issues of Plaintiff signing under duress and coercion, and communications recently found to be subject to the crime-fraud exception. Plaintiff anticipates seeking targeted discovery at the appropriate time to assist the Court in assessing its jurisdiction over this matter. *E.g.*, *Golightly v. Uber Techs., Inc.*, No. 21-CV-3005 (LJL), 2021 WL 3539146 (S.D.N.Y. Aug. 11, 2021) (denying motion to stay discovery and allowing Plaintiff's targeted jurisdictional discovery requests related to pending motion to compel arbitration).

Plaintiff requested a scheduling conference and filed a Rule 26(f) statement to comply with the rules of this court and avoid any prejudice. In the past, Defendants have rebuffed Plaintiff's efforts to stipulate a reasonable case calendar without involving the Court. (*See, e.g.*, P's Renewed Mot. for Status Conf. (ECF No. 90 at 2-3).) Recently, Defendants argued that Ms. Grant engaged in "undue delay" because she did not seek leave to amend her complaint last year, notwithstanding that the government requested a stay of these proceedings after it was filed. (*See* McMahon Opp. to P's Mot. to Amend, ECF No. 98 at 4.) As that stay of all proceedings in this matter has been lifted, (Jan. 16, 2025 Order, ECF No. 93), Ms. Grant is obligated to progress this case unless the Court rules otherwise. *See, e.g.*, L. Civ. R. 26(f)(1).

Plaintiff agrees with Defendants that the Parties should endeavor to conserve judicial resources. Ms. Grant is open to negotiating a reasonable discovery schedule—which she endeavored to do at the attempted 26(f) conference. However, Defendants' blanket refusal to engage in the administrative business of this case is not sufficient to meet their obligations under the rules of this Court. The sweeping stay relief sought by Defendants here is unwarranted and should not be granted.

## PROCEDURAL HISTORY

On January 25, 2024, Ms. Grant's filed her Complaint. (ECF No. 1.)

On April 23, 2024 (ECF No. 30), May 2, 2024 (ECF No. 35), and May 14, 2024 (ECF No. 61), Defendants filed their first Motions to Compel Arbitration.

On June 11, 2024, following a request from the federal government to stay the proceedings in early 2024, the Court granted a stay until December 11, 2024, with leave for the government to seek an extension. (Order, ECF No. 68.) Defendants' first Motions to Compel Arbitration were dismissed without prejudice. (*Id.*)

In December 2024, the government did not seek to renew the stay.

In December 2024, Plaintiff informed Defendants of her intention to amend the Complaint to incorporate facts developed during the pendency of the stay and sought agreement so the Parties could present a proposed briefing schedule to the Court. (*See* P's Renewed Mot. for Status Conf., ECF No. 90 at 2-3.)

On December 23 and 24, 2024, Defendants declined and filed renewed Motions to Compel Arbitration. (ECF Nos. 85, 86, 87).

On January 2, 2025, Plaintiff requested a conference with the Court to discuss scheduling. (ECF No. 88.)

On January 7, 2025, while these motions were pending, this case was transferred to Judge Russell after presiding Judge Meyer sadly passed away. (ECF No. 89.)

On January 13, 2025, Plaintiff renewed her request for a scheduling conference. (ECF No. 90.)

On January 16, 2025, the stay was formally lifted. (Order, ECF No. 93.) The Order gave leave for Plaintiff to file a motion to amend her Complaint by January 31, 2025. (*Id.*) Defendants'

second Motions to Compel Arbitration were dismissed without prejudice, with leave to re-file "following the Court's decision on Plaintiff's motion for leave to amend." (*Id.*)

On January 31, 2025, Plaintiff filed a motion for leave to amend her Complaint. (ECF No. 94.) This motion is fully briefed and pending as of the date of this writing.

Since the stay was lifted by this Court's January 16 Order, and no dispositive motions are currently pending, Plaintiff proposed a Rule 26(f) conference to negotiate a case schedule in order to comply with the federal and local rules of civil procedure. (*See* ECF No. 106-1 at 2.)

On March 28, 2025, counsel for the Parties met and conferred. (ECF No. 106 at 2.) Defendants refused to provide a position on scheduling for the Rule 26(f) statement.

On March 28, 2025, Plaintiff filed her portion of the Rule 26(f) statement. (ECF No. 106.)

On April 4, 2025, Defendant WWE filed the instant Motion to stay discovery (ECF No. 109), which was joined by Defendants McMahon and Laurinaitis (ECF Nos. 110-111).

## ARGUMENT

Defendants' untimely motion does not demonstrate good cause for a complete stay of discovery under Federal Rule 26(c) or Local Rule 26(f)(3) and should be denied.

A "stay of discovery is the exception and not the rule in this District." *Metzner v. Quinnipiac Univ.*, No. 3:20-cv-00784(KAD), 2020 WL 7232551, at *6 (D. Conn. Nov. 12, 2020). Accordingly, the Court expects parties to move their cases forward while it considers dispositive motions. *See Covenant Imaging, LLC v. Viking Rigging & Logistics, Inc.*, No. 3:20-cv-00593(KAD), 2020 WL 5411484, at *1 (D. Conn. Sept. 9, 2020).

Only upon a showing of good cause may a movant overcome the presumption that discovery should not be stayed, and the party seeking the stay bears the burden of demonstrating good cause for the stay. *County Club of Fairfield, Inc. v. N.H. Ins. Co.*, No. 3:13-cv-00509(VLB), 2014 WL 3895923, at *2 (D. Conn. Aug. 8, 2014). While a pending dispositive motion is not, in

itself, an automatic ground for a stay, a party may establish "good cause" by showing that it has filed a dispositive motion, including a motion to dismiss or to compel arbitration. *Dome Technology, LLC v. Golden Sands General Contractors, Inc*., No. 3:16-cv-01607-VAB, 2017 WL 11577923, at *1 (D. Conn. July 24, 2017) (citing *Morien v. Munich Reinsurance Am., Inc.*, 270 F.R.D. 65, 67 (D. Conn. 2010)). The Court considers the following factors when evaluating whether good cause exists to warrant a stay of discovery: "(1) the strength of the dispositive motion; (2) the breadth of the discovery sought; and (3) the prejudice a stay would have on the non-moving party." *Metzner*, 2020 WL 7232551, at *2.

### A.   Defendants' Premature Motion to Stay Discovery is Unripe.

*First*, Defendants seek a stay to relieve themselves of their obligations to stipulate to a case schedule under Rule 26(f) and to stay all litigation deadlines until Defendants' anticipated motions to compel arbitration are decided. (Mot. at 1.) Defendants assert that their stay request should be evaluated under the standard applied when a motion to compel arbitration is actively pending. (Mot. at 5 (quoting *Alvarez v. Experian Info. Sols., Inc.*, No. 2:19-CV-03343-(JS)(JMW), 2021 WL 2349370, at *2 (E.D.N.Y. June 7, 2021) ("A stay pending a motion to compel arbitration should be granted absent compelling reasons.")).) Plaintiff acknowledges that there is some Connecticut caselaw indicating that discovery may be stayed while dispositive motions that would remove the litigation to another forum are pending, including motions to compel arbitration. However, Defendants do not (because they cannot) address the factors set forth in *Metzner* because there is no such motion currently pending in this case. In fact, Defendants were instructed not to file one until the Court rules on Plaintiff's pending motion to amend her complaint. (Jan. 16, 2025 Order, ECF No. 93.)

Defendants' assertion that "[t]he fact that there is currently no 'pending' motion to compel does not change the analysis" is unavailing and not supported by the cited caselaw. (Mot. at 6.)

5

The sole case cited for this proposition, *Alvarez*, is distinguishable in that the relevant motion to compel arbitration was filed then dismissed without prejudice because the Court ordered targeted jurisdictional discovery into the arbitration agreement.  *See* 2021 WL 2349370, at *2.  The party seeking the stay was actively participating in discovery related to the motion, which was exempted from the requested stay, and the Court ordered a schedule to complete this discovery and re-file the motion.  *Id.*

Defendants are not entitled to a presumption of good cause for a stay on the basis of a motion they have not yet filed.

### B. Good Cause Does Not Exist to Grant the Stay Relief Defendants Seek.

*Second*, Defendants argue that they will suffer an undue burden if the requested stay is not granted in full.  (Mot. at 7-9.)  The only current burden on Defendants is to meet and confer with Plaintiff in good faith and to propose a case schedule to comply with federal and local rules, without prejudice to the Parties' ability to stipulate to extensions or seek relief from the court where appropriate as this case progresses.

However, Plaintiff has not propounded fulsome discovery requests (*cf. id.* at 8), nor has she asked Defendants to "waive their right" to seek arbitration (*cf. id.* at 8-9).  Plaintiff does not dispute that Defendants' anticipated motions to compel arbitration may provide good cause for a stay of discovery, in whole or in part, after they are filed.  (*See* Part C, *infra*).  However, the Court should evaluate whether good cause exists at that time.  Defendants' objection to discussing a case schedule, on the basis of their belief that a motion not filed yet will ultimately prevail on the merits, does not satisfy their obligations under Federal Rules 26(c) or 26(f), nor is it consistent with the presumption in this District.

Thus, Defendants' generalized complaints about participating in discovery fall short of supporting a wholesale stay of discovery and do not establish undue burden as required by this District.

**C.    The Scope of The Stay Sought by Defendants is Unnecessarily Broad, Especially Insomuch as Plaintiff Intends to Seek Targeted Discovery Into the Arbitration Agreement.**

*Third*, the scope of the stay sought by Defendants is unnecessarily broad. Defendants' anticipated third Motions to Compel Arbitration will attempt to enforce an arbitration clause Plaintiff believes is invalid as a matter of law and public policy, and that she signed only under duress. (*See* Am. Compl., ECF No. 96 ¶¶ 338-345.)

Subsequent authority from the Second Circuit revealed on February 7, 2025, that the government conducted discovery into the formation of this agreement and the circumstances under which Defendants WWE and McMahon demanded Ms. Grant sign it. *See In Re: Grand Jury Subpoenas Dated September 13 (2025)*, Case Nos. 24-1588-cv (L), 24-1589-cv (Con) (2d Cir. 2025) [the "CA2 Crime Fraud Order"]). These highly relevant documents have already been collected and reviewed by Defendants and their agents for relevance and privilege in response to a government subpoena. *Id.* at 2-3. Furthermore, the Second Circuit affirmed a lower court ruling that that certain communications between Defendant McMahon and then-WWE outside counsel K&L Gates relating to this agreement fall under the crime fraud exception and must be disclosed. *Id.* at 7.

Plaintiff has good cause to seek these documents, among other categories of documents related to the issue of duress and coercion, as they speak directly to the legality, formation, and enforceability of the arbitration clause at issue. She did not seek this discovery previously because (i) this matter was stayed, (ii) pursuant to the Court's Standing Order on Pretrial Deadlines (ECF No. 7), Plaintiff was unable to commence formal discovery until the Parties had met and conferred

7

pursuant to Rule 26(f), which the Defendants have refused to do; and (iii) the documents' existence came to light after the prior motions were dismissed without prejudice. (*Compare* ECF Nos. 68, 93 (dismissing Defendants' motions on June 11, 2024, and January 16, 2025, respectively) *with* the CA2 Crime Fraud Order (issued on February 7, 2025).) Accordingly, Plaintiff anticipates she will seek targeted discovery into the formation of the agreement after Defendants' renewed motions to compel arbitration are filed to help resolve disputed issues of fact at the heart of Defendants' jurisdictional arguments. Second Circuit courts routinely grant discovery under similar circumstances. *See, e.g.*, *Legacy Cap. 26, LLC v. Chaldean Enter., LLC*, No. 22-CV-05758 (LJL), 2023 WL 5530307, at *2 (S.D.N.Y. Aug. 28, 2023) (granting motion to lift stay to allow targeted jurisdictional discovery where "Defendants have provided sufficient evidence to warrant limited discovery on whether the arbitration clause was induced by fraud"); *Golightly v. Uber Techs., Inc.*, No. 21-CV-3005 (LJL), 2021 WL 3539146 (S.D.N.Y. Aug. 11, 2021) (denying motion to stay discovery and allowing Plaintiff's targeted jurisdictional discovery requests related to pending motion to compel arbitration); *cf. Alvarez*, 2021 WL 2349370, at *2 (granting a stay of discovery "except for . . . arbitration-related discovery" the Court previously ordered).

In contrast, Defendants' Motion asks this Court to stay all discovery "at least until it resolves Defendants' [anticipated] Motions to Compel Arbitration" (Mot. at 1)—this is premature. Any motion to stay discovery should be made at the appropriate time, and should be sufficiently narrow in scope to permit discovery to resolve disputed issues of fact raised by the anticipated motions. Defendants' stay motion fails on both counts.

## CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that Defendants' Motion to Stay Discovery be denied.

**PLAINTIFF JANEL GRANT**

By */s/ Ann E. Callis*
HOLLAND LAW FIRM, LLC
Eric D. Holland (phv207692)
Gregory R. Jones (phv207693)
211 North Broadway, Suite 2625
St. Louis, MO 63102
Tel: (314) 241-8111/Fax: (314) 241-5554
eholland@hollandtriallawyers.com
gjones@hollandtriallawyers.com

Ann E. Callis (phv207694)
6181 Bennett Drive, Suite 210
Edwardsville, Illinois 62025
Tel: (618) 452-1323/Fax: (618) 452-8024
acallis@hollandtriallawyers.com

*/s/ Erica O. Nolan*
David A. Slossberg (ct13116)
Erica O. Nolan (ct31097)
HURWITZ, SAGARIN, SLOSSBERG & KNUFF, LLC
135 Broad Street
Milford, CT 06460
Tel: (203) 877-8000/Fax: (203) 878-9800
DSlossberg@hssklaw.com
ENolan@hssklaw.com

## **CERTIFICATE OF SERVICE**

This is to certify that on April 25, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to all parties that are unable to accept electronic filing. Parties may access this filing through the Court's electronic system.

*/s/ Erica O. Nolan*
Erica O. Nolan