UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------------------------------------ x
JANEL GRANT,                                                 :
                                                             :
                        Plaintiff,                           :
                                                             :
            v.                                               :   24-CV-00090 (SFR)
                                                             :
WORLD WRESTLING ENTERTAINMENT, INC.                          :
n/k/a WORLD WRESTLING ENTERTAINMENT,                         :
LLC; VINCENT K. MCMAHON; and JOHN                            :
LAURINAITIS,                                                 :
                                                             :
                        Defendants.                          x
------------------------------------------------------------
```

**MEMORANDUM OF DECISION**

Plaintiff Janel Grant filed suit against World Wrestling Entertainment ("WWE"), Vincent K. McMahon, and John Laurinaitis on January 25, 2024. Defendants promptly moved to compel arbitration, but before briefing on that issue was completed, the action was stayed for six months. After the stay lifted, Grant moved for leave to amend her Complaint. Defendants oppose granting leave to amend. For the reasons that follow, I permit Grant to amend her Complaint.

**I.      BACKGROUND**

The parties adopted a briefing schedule for Defendants' Motion to Compel Arbitration on May 8, 2025. ECF No. 49. In the midst of that briefing, on June 11, 2024, the Court[1] granted a six-month stay of proceedings with consent of the parties. ECF No. 68. On December 23,

---

[1] The Honorable Jeffrey Alker Meyer, United States District Judge. This case was transferred to me on January 7, 2025. ECF No. 89.

2024, Defendants refiled their Motion to Compel Arbitration. ECF Nos. 85-87. On January 2, 2025, and again on January 13, 2025, Grant requested a status conference. Grant expressed her intent to amend the Complaint and asked that the Court clarify the status of the stay and set deadlines for the filing of her amended complaint and eventual response to Defendants' Motion to Compel. ECF Nos. 88, 90. I responded by directing Grant to move for leave to amend the Complaint on or before January 31, 2025; I also denied Defendants' Motions to Compel without prejudice to renewal following my decision on whether to permit the amendments. ECF No. 93.

Grant moved for leave to amend on January 31, 2025, asserting she wished to amend in order to (1) reference a recently concluded settlement agreement between the Securities and Exchange Commission and WWE related to WWE's failure to disclose on its financial statements certain payments to Grant, among others; (2) provide updates regarding her efforts to secure records from a physician she says McMahon paid to treat her; (3) plead additional facts relevant to Defendants' forthcoming motion to compel arbitration; and (4) state other allegations with greater particularity. Pl.'s Mem. of Law in Supp. of Mot. for Leave to File Am. Compl., ECF No. 94-1 ("Pl.'s Mem."). Defendants timely objected. *See* McMahon Opp. to Pl.'s Mot. for Leave to Am., ECF Nos. 98 ("McMahon Mem."); Laurinaitis' Adop. & Joinder in Def. McMahon's Mem., ECF No. 99 ("Laurinaitis Mem."); WWE Opp. to Pl.'s Mot. for Leave to Am. Compl., ECF No. 100 ("WWE Mem."). Grant later filed a reply in support of her motion to amend. Pl.'s Reply Mem. in Supp. of Mot. for Leave to File Am. Compl., ECF No. 103 ("Reply"). This is Grant's first request to amend her complaint.

## II. LEGAL STANDARD

The Second Circuit has clarified that there are three different standards that govern attempts to amend pleadings, which correspond to different time periods in the litigation.

> At the outset of the litigation, a plaintiff may freely amend her pleadings pursuant to Rule 15(a)(1) as of right without court permission. After that period ends—either upon expiration of a specified period in a scheduling order or upon expiration of the default period set forth in Rule 15(a)(1)(A)—the plaintiff must move the court for leave to amend, but the court should grant such leave "freely . . . when justice so requires" pursuant to Rule 15(a)(2). This is a "liberal" and "permissive" standard, and the only "grounds on which denial of leave to amend has long been held proper" are upon a showing of "undue delay, bad faith, dilatory motive, [or] futility." The period of "liberal" amendment ends if the district court issues a scheduling order setting a date after which no amendment will be permitted. It is still possible for the plaintiff to amend the complaint after such a deadline, but the plaintiff may do so only up a showing of the "good cause" that is required to modify a scheduling order under Rule 16(b)(4).

*Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 115 (2d Cir. 2021), *cert. denied*, 142 S. Ct. 1112 (2022) (citations omitted).

None of the parties submits that Grant may amend as of right. Instead, at issue is whether Grant's motion for leave to amend is governed by Rule 15(a)(2)'s permissive standard or whether she instead must meet the "good cause" standard required to modify a scheduling order under Rule 16(b)(4). In *Sacerdote*, the Second Circuit instructed that a district court must apply the liberal Rule 15(a)(2) standard until the court issues a Rule 16(b) scheduling order "setting a date after which no amendment will be permitted." 9 F.4th at 115. Neither the Standing Order on Pretrial Deadlines issued by the Clerk of Court on January 25, 2024, ECF No. 7, nor the Order issued by the Court on May 8, 2024 setting deadlines related to Defendants' anticipated motion to compel arbitration, ECF No. 49, is a Rule 16(b) scheduling

3

order setting a date after which no amendment will be permitted.[2] *See Cruz v. Signify N. Am. Corp.*, No. 3:22-cv-1081 (SVN), 2023 WL 3499579, at *3 n.2 (D. Conn. May 17, 2023) (citing *Sacerdote* for the proposition that "[a]s long as the scheduling order does not set forth a date after which no further amendments will be permitted without good cause, Rule 15(a)(2)'s standard should apply"); *Spicer v. Cap. One*, No. 3:23-cv-1141 (VAB), 2024 WL 4252661, at *7 (D. Conn. Sept. 20, 2024) (applying the Rule 15(a)(2) standard and explaining that because the Standing Order on Pretrial Deadlines "is not a 'scheduling order setting a date after which no amendment will be permitted,' the Rule 16 'good cause' standard does not apply") (quoting *Sacerdote*); *Aboah v. Fairfield Healthcare Servs., Inc.*, No. 3:20-CV-763 (SVN), 2022 WL 443253, at *3 (D. Conn. Feb. 14, 2022) ("Under these circumstances, *Sacerdote* counsels in favor of applying Rule 15(a)(2)'s more liberal amendment standard. There was no scheduling order in place setting a date after which no amendment would be permitted except upon a showing of good cause.").[3]

Accordingly, Grant's motion for leave to amend is governed by Rule 15(a)(2). This standard provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this permissive standard, a court may deny leave to

---

[2] Grant's motion to amend was also made pursuant to my order on January 16, 2025, permitting Grant to file a motion for leave to amend her Complaint on or before January 31, 2025. ECF No. 93.

[3] When a Rule 16(b) scheduling order provides that motions to amend filed after a particular date will be governed by the good cause standard of Fed. R. Civ. P. 16(b), courts apply the good cause standard. *See, e.g.*, *Riccio v. Town of Old Saybrook*, No. 3:21-CV-821 (SVN), 2023 WL 3335919, at *2 (D. Conn. May 10, 2023) ("[T]he scheduling order in this action provided that '[a]ny motion to amend the complaint will be governed by the good cause standard of Fed. R. Civ. P. 16(b).' ECF No. 17 at 1. Accordingly, the good cause standard in Rule 16(b) applies to Plaintiff's present motion.").

4

amend only upon a showing of "futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 200 (2d Cir. 2007). The burden is on the non-movant opposing the amendments to demonstrate futility, undue prejudice, or bad faith. *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993); *Brach Fam. Found., Inc. v. AXA Equitable Life Ins. Co.*, No. 16-cv-740 (JMF), 2018 WL 1274238, at *1 (S.D.N.Y. Mar. 9, 2018). "The decision whether to grant leave to amend is within the sound discretion of the District Court." *Prose Shipping Ltd. v. Integr8 Fuels Inc.*, No. 21-cv-341 (VSB), 2022 WL 280456, at *2 (S.D.N.Y. Jan. 31, 2022).

### III.   DISCUSSION

Defendants oppose Grant's proposed amendments. McMahon says that Grant unduly delayed her motion to amend and thereby caused undue prejudice to Defendants. McMahon Mem. 4-5. McMahon further posits that the amendments are made in bad faith, suggesting they are designed to capture media interest rather than strengthen Grant's substantive legal arguments. *Id*. McMahon points in particular to Grant's decision to de-anonymize individuals in her proposed Amended Complaint as evidence of Grant's assertedly bad faith effort to gain a tactical advantage in the court of public opinion. *Id*. at 5-7. Defendants further submit that Grant's proposed amendments are futile, maintaining that none of her amendments will affect the court's assessment of Defendants' planned motion to compel arbitration. WWE Mem. 5-9; McMahon Mem. 14, 19-21.

I address first Defendants' assertion that the amendments are futile. "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Accordingly, leave may be denied if the court determines as a matter of law that the proposed amendment fails to remedy a

5

substantive defect in the pleading. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Similarly, leave to amend may be denied as futile where a plaintiff moves to amend to assert new claims that fail as a matter of law. *See, e.g.*, *Brach Fam. Found., Inc. v. AXA Equitable Life Ins. Co.*, No. 16-cv-740 (JMF), 2018 WL 1274238, at *2 (S.D.N.Y. Mar. 9, 2018). But, consistent with the "strong preference for resolving disputes on the merits," *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011) (internal quotation marks omitted), leave should be granted so long as the amendments provide a plausible basis for relief, *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015).

Grant does not seek leave to add new substantive claims—instead she amends to plead additional facts or provide greater particularity. *See* Pl.'s Ex. A, Redlined Am. Compl., ECF No. 95. Although Defendants contend the newly pleaded facts are irrelevant to Grant's claims and do not move the needle on the ultimate issue of arbitrability, the futility analysis does not turn on whether newly pleaded facts strengthen a plaintiff's existing claims. Instead, courts find amendment is futile when a litigant seeks leave to assert new causes of action that will clearly fail to survive a motion to dismiss or where newly pleaded facts do not address a substantive deficiency the court has already identified in the pleadings. *See, e.g.*, *Cruz*, 2023 WL 3499579, at *5 (finding that proposed amendment adding three new causes of action would be futile because asserted bad acts were covered by litigation privilege); *Schulz v. Medtronic, Inc.*, No. 3:21-cv-414 (MPS), 2022 WL 503960, at *7-9 (D. Conn. Feb. 18, 2022) (finding that newly pleaded facts cured substantive defects in the pleadings). As Grant uses her amendments to plead additional facts without asserting new causes of action, I cannot conclude that her amendments are futile. And even if Defendants are correct that the newly-pleaded facts are not relevant to the arbitrability issue, I decline at this early juncture to conduct

6

an atomized inquiry into which new facts impact the arbitrability issue. I will consider those arguments in conjunction with Defendants' forthcoming motion to compel, when I have the benefit of full briefing.

Nor have Defendants satisfied the high burden of proving the amendments will unduly prejudice Defendants. Although I appreciate that Defendants seek prompt resolution of this case, and that they assert they are prejudiced by the mere filing of this lawsuit, they have not established they were unduly prejudiced by the delay between when the six-month stay ended on December 11, 2024, and when Grant filed the motion to amend on January 31, 2025. The parties have not conducted any discovery to date. And the amendments will have little impact on Defendants' stated plan to brief a motion to compel arbitration.

Finally, I am not convinced the amendments are offered in bad faith. "Few courts have denied leave to amend on the basis of bad faith." *Oneida Indian Nation of N.Y. v. Cnty. of Oneida, N.Y.,* 199 F.R.D. 61, 80 (N.D.N.Y. 2000). In rare circumstances, courts have declined leave to amend on bad faith grounds because a litigant declined to assert known claims in order to prevent their adversary from timely asserting persuasive arguments. *State Trading v. Assuranceforeningen Skuld*, 921 F.2d 409, 417-18 (2d Cir. 1990) (finding bad faith because plaintiff declined to assert foreign causes of action to prevent defendant from raising *forum non conveniens* arguments for dismissal). It is certainly clear that some of Grant's proposed amendments include facts she knew or should have known when she filed the Complaint. But her newly pleaded facts do not deprive Defendants of their ability to timely assert that her claims are subject to arbitration. I accordingly decline to find her amendments are in bad faith.

7

## IV. CONCLUSION

For the foregoing reasons, I grant Plaintiff's Motion to Amend the Complaint, ECF No. 94. Plaintiff shall file the amended complaint on the docket on or before May 14, 2025. Any future motion to amend the complaint will be subject to the "good cause" standard of Fed. R. Civ. P. 16(b).

**SO ORDERED.**

Bridgeport, Connecticut
May 7, 2025

/s/*Sarah F. Russell*
SARAH F. RUSSELL
United States District Judge