# EXHIBIT B

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| JANEL GRANT, | : |
| | : |
| Plaintiff, | :   Case No.: 3:24-cv-00090-SFR |
| | : |
| vs. | : |
| | : |
| WORLD WRESTLING | : |
| ENTERTAINMENT, INC. n/k/a WORLD | : |
| WRESTLING ENTERTAINMENT, LLC; | : |
| VINCENT K. MCMAHON | :   June 18, 2025 |
| | : |
| Defendants. | : |
| | : |

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.

Pursuant to Fed. R. Civ. P. 34 and D. Conn. L. Civ. R. 26, Plaintiff Janel Grant, by and through her undersigned counsel, requests that Defendant World Wrestling Entertainment, Inc. a/k/a World Wrestling Entertainment, LLC ("WWE"), produce or make available for copying documents and things in response to the following Requests for Production within thirty (30) days of the date hereof, at the offices of Hurwitz, Sagarin, Slossberg & Knuff, LLC, 135 Broad Street, Milford, Connecticut 06460, in accordance with the following definitions and instructions.

## DEFINITIONS

1.      "You", "Your", or "WWE" means World Wrestling Entertainment, Inc. a/k/a World Wrestling Entertainment, LLC, including its respective current and former affiliates, subsidiaries, agents, employees, attorneys, consultants, investigators, accountants, and all other persons acting on its behalf.

2.      "Agent" means each and every person employed by You or working under Your supervision, direction or control, including attorneys, investigators, paralegals and/or other employees.

3.      "Board" means the Board of Directors of Defendant WWE and/or TKO Group Holdings, Inc. (TKO) and any committees or subcommittees thereof.

4.      "Board Materials" means official documentation including, but not limited to, board meeting agendas, minutes, resolutions, presentations and supplementary materials disseminated to directors in connection with company proceedings.

5.      "Communication" shall be construed in accordance with L. R. Civ. Pro. 26(b)(1) and shall include, without limitation, communications by in-person meeting, telephone, letter, telegraph, electronic mail ("e-mail"), electronic bulletin boards, electronic "chat rooms," and other similar forms of electronic correspondences, teleconference, facsimile, or telex.

6.      "Document" shall be construed in accordance with L. R. Civ. Pro. 26(b)(2) and shall include, without limitation, writings, drawings, graphs, charts, photographs, letters, files, memoranda, calendars, and reports.  In accordance with L. R. Civ. Pro. 26(b)(2), a request for "documents" shall encompass, and the response shall include, Electronically Stored Information, as defined below.

7.      "Electronically Stored Information" means native files (including all embedded files and metadata) of electronic data stored in any medium, including, but not limited to, electronic mail ("e-mail"), voicemail, word processing documents and spreadsheets, audio and video recordings, and any other electronically stored files regardless of the storage medium in which it resides, including, but not limited to, computer hard drives (for example, laptops, desktops, and servers), removable storage media (for example, tapes, disks, cards, and flash memory devices),

PDAs, networked drives and optical storage devices such as CDs and DVDs. This definition includes information contained on backup tapes and all other recovery and archival systems. To the extent that You possess data in non-standard formats (including legacy data), You shall translate such information into a reasonably usable format and produce both the source non-translated data and the translated version.

8.      "Endeavor" means Endeavor Group Holdings and Zuffa LLC and their affiliates, subsidiaries, agents, employees, attorneys and representatives, and anyone acting on their behalf.

9.      "Internal Investigation" means the investigation referred to in Paragraph 39 of the SEC's January 10, 2025 Order in the SEC Action.[1]

10.      "McMahon" means Defendant Vincent K. McMahon, including his current and former agents, employees, attorneys, consultants, investigators, accountants, and all other persons acting on his behalf.

11.      "NDA" means that certain document titled "Confidential Settlement Agreement, General Release and Covenant Not to Sue" dated January 28, 2022 and filed in this action as ECF No. 117.

12.      "Plaintiff" or "Ms. Grant" means Plaintiff Janel Grant.

13.      "SEC Action" means the government investigation conducted by the Department of Justice and/or the Securities and Exchange Commissions ("SEC") resulting in the SEC enforcement action captioned *In the Matter of Vincent Kennedy McMahon*, Case No. 3-22391.

---

[1] Order Instituting Cease-And-Desist Proceedings Pursuant To Section 21c Of The Securities Exchange Act Of 1934, Making Findings, And Imposing A Cease-And-Desist Order, *In re Vincent Kennedy McMahon*, Admin. Proc. No. 3-22391 (Jan. 10, 2025), https://www.sec.gov/files/litigation/admin/2025/34-102143.pdf, [hereinafter, "SEC Order"].

## INSTRUCTIONS

1.       Unless otherwise specified, the time period covered by each document request is from January 1, 2019 to the present.

2.       You are required to respond to these requests for production of documents by drawing upon all materials in their possession, custody, or control.  Plaintiff is prepared to meet and confer regarding an appropriate scope of data collection for these requests.

3.       All requested documents must be produced in their entirety, including all attachments and enclosures, and in their original folder, binder, or other cover or container. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label of such cover or other container must be attached to the document.

4.       Documents originally transmitted together or attached to each other should be produced together.

5.       These requests specifically require the production of all responsive documents, including all responsive information that is stored electronically regardless of the data storage medium or system on which the electronic data resides. These requests thus should be understood to encompass, and the responses should include, Electronically Stored Information.

6.       All Electronically Stored Information that does not exist in a standard file format shall be translated by You into a reasonably usable format. For example, legacy data that can only be read by using obsolete hardware systems and software shall be translated into contemporary formats.

7.       To the extent that You contend that You need not provide discovery of certain responsive Electronically Stored Information on the ground that the information is not readily accessible, You shall identify with particularity: (i) the information that is not reasonably

accessible; (ii) the reasons why the information is not reasonably accessible; and (iii) the precise burden and cost associated with production of the information.

8.      In the event that any document falling within these Requests has been destroyed or cannot be located, You shall provide a list identifying each such document, together with the following information for each such document:

     a.   The date of the document;

     b.   The names of the author(s) or preparer(s) of the document and an identification of each such person by employment and title;

     c.   A brief description of the document;

     d.   Whether there were any attachments, appendices, enclosures or exhibits to the document, and if so, the number of pages of each;

     e.   The date of destruction of the document;

     f.   The manner of destruction;

     g.   The reason for destruction; and

     h.   The specific number of the Request to which the document relates.

9.      You must not remove or degrade the ability of Electronically Stored Information to be searched and must provide native text-searchable copies of documents in the event that certain documents exist in both searchable and non-searchable formats.

10.     If documents exist in both electronic and non-electronic form or if multiple copies of the same document exist in the same form, You shall produce all copies.

11.     If You assert any privilege in responding to any request, describe in detail in each instance the type of privilege asserted, the basis for the assertion, all facts relied upon in support of the claim of privilege or related thereto, and identify, to the fullest extent short of waiver, all information as to which You claim a privilege.

12.     In the event that You lodge a proper and timely objection to any portion of any individual request for the production of documents presented herein, You must respond to all other portions of that request that do not fall within the ambit of their objection.

13.     If any portion of any document or tangible thing is responsive to any production request herein, then the entire document or tangible thing must be produced. If any requested document or tangible thing cannot be produced in full, then You must produce that document or tangible thing to the greatest extent possible. Whenever a document or tangible thing is not produced in full, or is produced in redacted form, You must indicate that fact on the document or tangible thing produced.

14.     If there are no documents or tangible things that exist responsive to a specific production request herein, then You must indicate that fact in Your written response.

15.     If, after making Your initial production and inspection, You obtain or become aware of any further Documents or Electronically Stored Information responsive to these Requests, You are required to produce such additional documents to Plaintiff's counsel pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

16.     In construing any Request, the singular form of a word shall be interpreted as plural and plural as singular as necessary to bring within the scope of the Request any information or documents which might otherwise be construed to be outside its scope.

17.     In construing any Request, whenever appropriate, "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request any information which might otherwise be construed to be outside its scope; and "all" shall mean "any and all," unless the context requires otherwise.

18.    Each Request shall be construed independently and not with reference to any other Request herein for purposes of limitation, unless a Request so specifies.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    Documents sufficient to show the identity of each individual who participated in drafting and/or reviewing the NDA.

2.    All communications between any of Your employees, officers, directors, or agents, on the one hand, and any other person(s), on the other, concerning terminating Ms. Grant's employment and/or the NDA.

3.    All drafts of the NDA.

4.    All communications between any of Your employees, officers, directors or agents, on the one hand, and Linda McMahon, on the other, concerning Ms. Grant and/or the NDA.

5.    All communications between any of Your employees, officers, directors or agents, on the one hand, and Dr. Carlon Colker, on the other, concerning Ms. Grant and/or the NDA.

6.    Ms. Grant's complete employment file.

7.    All documents and communications generated by WWE's human resources personnel, including but not limited to communications to and from Meredith Hutt, regarding Ms. Grant's employment and separation from WWE and/or the NDA.

8.    All communications between You and/or Your counsel, on the one hand, and Jonathan Shapiro, Esq., on the other, concerning the NDA.

9.    All Board Materials from January 1, 2019 to January 30, 2025.

10.    All minutes of the Board's Audit Committee from January 1, 2019 to January 30, 2025.

11.    All documents and communications between any of Your employees, officers, directors or agents, on the one hand, and Endeavor, on the other, concerning disclosure of WWE's litigation liabilities from January 1, 2019 to April 3, 2023.

12.    All documents and communications produced by any of Your employees, officers, directors or agents to government investigators, including but not limited to the Department of Justice and/or Securities and Exchange Commission, concerning Ms. Grant and/or the NDA.

13.    Documents sufficient to show (a) all subpoenas and/or voluntary requests for production and/or testimony received by You and/or Your counsel concerning the SEC Action and (b) Your responses and objections, if any, to the government's requests.

14.    All documents and communications relied on by You for Your claim that, "[a]lthough WWE was a party to the Settlement Agreements—one signed in 2019 and one signed in 2022—McMahon failed to disclose the agreements to WWE's Board of Directors ("Board"), legal department, accountants, financial reporting personnel, and auditor[,]"[2] in the SEC Action.

15.    All documents and communications collected and reviewed in response to a request and/or subpoena from the government; determined to be responsive; withheld under an assertion of privilege; and later found to be non-privileged and discoverable under the crime fraud exception by the Southern District of New York, as affirmed by the Second Circuit Court of Appeals in *In re Grand Jury Subpoenas Dated September 13 (2025)*, Docket Nos. 24-1588-cv (L), 24-1589-cv (Con) (2d. Cir. Feb 7, 2025).

16.    Documents sufficient to show the scope and methodology of the Board's Internal Investigation.

---

[2] SEC Order ¶ 3.

17.    Documents sufficient to identify all person(s) interviewed in the course of the Board's Internal Investigation.

18.    All documents and communications concerning the findings and recommendations of the Board's Internal Investigation.

Dated:  Milford, CT
        June 18, 2025

**PLAINTIFF JANEL GRANT**

By  */s/ Ann E. Callis*
      HOLLAND LAW FIRM, LLC
      Eric D. Holland (phv207692)
      Gregory R. Jones (phv207693)
      211 North Broadway, Suite 2625
      St. Louis, MO 63102
      Tel: (314) 241-8111/Fax: (314) 241-5554
      eholland@hollandtriallawyers.com
      gjones@hollandtriallawyers.com

      Ann E. Callis (phv207694)
      6181 Bennett Drive, Suite 210
      Edwardsville, Illinois 62025
      Tel: (618) 452-1323/Fax: (618) 452-8024
      acallis@hollandtriallawyers.com

      */s/ Julie V. Pinette*
      David A. Slossberg (ct13116)
      Erica O. Nolan (ct31097)
      Julie V. Pinette (ct30573)
      HURWITZ, SAGARIN, SLOSSBERG & KNUFF, LLC
      135 Broad Street
      Milford, CT 06460
      Tel: (203) 877-8000/Fax: (203) 878-9800
      DSlossberg@hssklaw.com
      ENolan@hssklaw.com
      JPinette@hssklaw.com

## **CERTIFICATE OF SERVICE**

This is to certify that on June 18, 2025, a copy of the foregoing was served by electronic

mail on:

Christopher M. Wasil
Morgan, Lewis & Bockius LLP
One State St.
Hartford, CT 06103
860-240-2700
christopher.wasil@morganlewis.com

Daniel J. Toal
Liza M. Velazquez
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
212-373-3000
dtoal@paulweiss.com
lvelazquez@paulweiss.com

Mitchell Webber
Paul, Weiss, Rifkind, Wharton & Garrison LLP
2001 K Street, NW
Washington, DC 20006-1047
202-223-7300
mwebber@paulweiss.com

James A. Budinetz
Snigdha Mamillapalli
McCarter & English, LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103
860-275-6765
jbudinetz@mccarter.com
smamillapalli@mccarter.com

Jessica T. Rosenberg
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
212-872-1000
jrosenberg@akingump.com

_/s/ Julie V. Pinette_
Julie V. Pinette

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| JANEL GRANT, | : |
| | : |
| Plaintiff, | :   Case No.: 3:24-cv-00090-SFR |
| | : |
| vs. | : |
| | : |
| WORLD WRESTLING | : |
| ENTERTAINMENT, INC. n/k/a WORLD | : |
| WRESTLING ENTERTAINMENT, LLC; | : |
| and VINCENT K. MCMAHON | :   June 18, 2025 |
| | : |
| Defendants. | : |
| | : |

**PLAINTIFF'S FIRST REQUESTS FOR**
**PRODUCTION OF DOCUMENTS TO DEFENDANT VINCENT K. MCMAHON**

Pursuant to Fed. R. Civ. P. 34 and D. Conn. L. Civ. R. 26, Plaintiff Janel Grant, by and through her undersigned counsel, requests that Defendant Vincent K. McMahon ("McMahon") produce or make available for copying documents and things in response to the following Requests for Production within thirty (30) days of the date hereof, at the offices of Hurwitz, Sagarin, Slossberg & Knuff, LLC, 135 Broad Street, Milford, Connecticut 06460, in accordance with the following definitions and instructions.

**DEFINITIONS**

1.      "You" or "Your" mean Defendant McMahon, including his current and former agents, employees, attorneys, consultants, investigators, accountants, and all other persons acting on his behalf.

2.      "Agent" means each and every person employed by You or working under Your supervision, direction or control, including attorneys, investigators, paralegals and/or other employees.

3.      "Board" means the Board of Directors of Defendant WWE and/or TKO Group Holdings, Inc. (TKO) and any committees or subcommittees thereof.

4.      "Board Materials" means official documentation including, but not limited to, board meeting agendas, minutes, resolutions, presentations and supplementary materials disseminated to directors in connection with company proceedings.

5.      "Communication" shall be construed in accordance with L. R. Civ. Pro. 26(b)(1) and shall include, without limitation, communications by in-person meeting, telephone, letter, telegraph, electronic mail ("e-mail"), electronic bulletin boards, electronic "chat rooms," and other similar forms of electronic correspondences, teleconference, facsimile, or telex.

6.      "Document" shall be construed in accordance with L. R. Civ. Pro. 26(b)(2) and shall include, without limitation, writings, drawings, graphs, charts, photographs, letters, files, memoranda, calendars, and reports.  In accordance with L. R. Civ. Pro. 26(b)(2), a request for "documents" shall encompass, and the response shall include, Electronically Stored Information, as defined below.

7.      "Electronically Stored Information" means native files (including all embedded files and metadata) of electronic data stored in any medium, including, but not limited to, electronic mail ("e-mail"), voicemail, word processing documents and spreadsheets, audio and video recordings, and any other electronically stored files regardless of the storage medium in which it resides, including, but not limited to, computer hard drives (for example, laptops, desktops, and servers), removable storage media (for example, tapes, disks, cards, and flash memory devices), PDAs, networked drives and optical storage devices such as CDs and DVDs. This definition includes information contained on backup tapes and all other recovery and archival systems. To the extent that You possess data in non-standard formats (including legacy data), You shall

translate such information into a reasonably usable format and produce both the source non-translated data and the translated version.

8.    "Endeavor" means Endeavor Group Holdings and Zuffa LLC and their affiliates, subsidiaries, agents, employees, attorneys and representatives, and anyone acting on their behalf.

9.    "Internal Investigation" means the investigation referred to in Paragraph 39 of the SEC's January 10, 2025 Order in the SEC Action.[1]

10.    "NDA" means that certain document titled "Confidential Settlement Agreement, General Release and Covenant Not to Sue" dated January 28, 2022 and filed in this action as ECF No. 117.

11.    "Plaintiff" or "Ms. Grant" means Plaintiff Janel Grant.

12.    "SEC Action" means the government investigation conducted by the Department of Justice and/or the Securities and Exchange Commissions ("SEC") resulting in the SEC enforcement action captioned *In the Matter of Vincent Kennedy McMahon*, Case No. 3-22391.

13.    "WWE" means World Wrestling Entertainment, Inc. a/k/a World Wrestling Entertainment, LLE , including its respective current and former affiliates, subsidiaries, agents, employees, attorneys, consultants, investigators, accountants, and all other persons acting on its behalf.

## **INSTRUCTIONS**

1.    Unless otherwise specified, the time period covered by each document request is from January 1, 2019 to the present.

---

[1] Order Instituting Cease-And-Desist Proceedings Pursuant To Section 21c Of The Securities Exchange Act Of 1934, Making Findings, And Imposing A Cease-And-Desist Order, *In re Vincent Kennedy McMahon*, Admin. Proc. No. 3-22391 (Jan. 10, 2025), https://www.sec.gov/files/litigation/admin/2025/34-102143.pdf, [hereinafter, "SEC Order"].

2.      You are required to respond to these requests for production of documents by drawing upon all materials in their possession, custody, or control.  Plaintiff is prepared to meet and confer regarding an appropriate scope of data collection for these requests.

3.      All requested documents must be produced in their entirety, including all attachments and enclosures, and in their original folder, binder, or other cover or container. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label of such cover or other container must be attached to the document.

4.      Documents originally transmitted together or attached to each other should be produced together.

5.      These requests specifically require the production of all responsive documents, including all responsive information that is stored electronically regardless of the data storage medium or system on which the electronic data resides. These requests thus should be understood to encompass, and the responses should include, Electronically Stored Information.

6.      All Electronically Stored Information that does not exist in a standard file format shall be translated by You into a reasonably usable format. For example, legacy data that can only be read by using obsolete hardware systems and software shall be translated into contemporary formats.

7.      To the extent that You contend that You need not provide discovery of certain responsive Electronically Stored Information on the ground that the information is not readily accessible, You shall identify with particularity: (i) the information that is not reasonably accessible; (ii) the reasons why the information is not reasonably accessible; and (iii) the precise burden and cost associated with production of the information.

8.      In the event that any document falling within these Requests has been destroyed or cannot be located, You shall provide a list identifying each such document, together with the following information for each such document:

    a.   The date of the document;

    b.   The names of the author(s) or preparer(s) of the document and an identification of each such person by employment and title;

    c.   A brief description of the document;

    d.   Whether there were any attachments, appendices, enclosures or exhibits to the document, and if so, the number of pages of each;

    e.   The date of destruction of the document;

    f.   The manner of destruction;

    g.   The reason for destruction; and

    h.   The specific number of the Request to which the document relates.

9.      You must not remove or degrade the ability of Electronically Stored Information to be searched and must provide native text-searchable copies of documents in the event that certain documents exist in both searchable and non-searchable formats.

10.      If documents exist in both electronic and non-electronic form or if multiple copies of the same document exist in the same form, You shall produce all copies.

11.      If You assert any privilege in responding to any request, describe in detail in each instance the type of privilege asserted, the basis for the assertion, all facts relied upon in support of the claim of privilege or related thereto, and identify, to the fullest extent short of waiver, all information as to which You claim a privilege.

12.      In the event that You lodge a proper and timely objection to any portion of any individual request for the production of documents presented herein, You must respond to all other portions of that request that do not fall within the ambit of their objection.

13.     If any portion of any document or tangible thing is responsive to any production request herein, then the entire document or tangible thing must be produced. If any requested document or tangible thing cannot be produced in full, then You must produce that document or tangible thing to the greatest extent possible. Whenever a document or tangible thing is not produced in full, or is produced in redacted form, You must indicate that fact on the document or tangible thing produced.

14.     If there are no documents or tangible things that exist responsive to a specific production request herein, then You must indicate that fact in Your written response.

15.     If, after making Your initial production and inspection, You obtain or become aware of any further Documents or Electronically Stored Information responsive to these Requests, You are required to produce such additional documents to Plaintiff's counsel pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

16.     In construing any Request, the singular form of a word shall be interpreted as plural and plural as singular as necessary to bring within the scope of the Request any information or documents which might otherwise be construed to be outside its scope.

17.     In construing any Request, whenever appropriate, "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request any information which might otherwise be construed to be outside its scope; and "all" shall mean "any and all," unless the context requires otherwise.

18.     Each Request shall be construed independently and not with reference to any other Request herein for purposes of limitation, unless a Request so specifies.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      Documents sufficient to show the identity of each individual who participated in drafting and/or reviewing the NDA.

2.      All communications between You, on the one hand, and any other person(s), on the other, concerning terminating Ms. Grant's employment and/or the NDA.

3.      All communications between any of Your employees or agents, on the one hand, and any other person(s), on the other, regarding concerning terminating Ms. Grant's employment and/or the NDA.

4.      All communications between any of WWE's employees, officers, directors, or agents, on the one hand, and any other person(s), on the other, concerning terminating Ms. Grant's employment and/or the NDA.

5.      All drafts of the NDA.

6.      All communications between You, on the one hand, and Linda McMahon, on the other, concerning Ms. Grant and/or the NDA.

7.      All communications between You, on the one hand, and Dr. Carlon Colker, on the other, concerning Ms. Grant and/or the NDA.

8.      Ms. Grant's complete employment file.

9.      All documents and communications generated by WWE's human resources personnel, including but not limited to communications to and from Meredith Hutt, regarding Ms. Grant's employment and separation from WWE and/or the NDA.

10.     All communications between You and/or Your counsel, on the one hand, and Jonathan Shapiro, Esq., on the other, concerning the NDA.

11.     All Board Materials from January 1, 2019 to January 30, 2025.

12.    All minutes of the Board's Audit Committee from January 1, 2019 to January 30, 2025.

13.    All documents and communications between You, on the one hand, and Endeavor, on the other, concerning disclosure of WWE's litigation liabilities from January 1, 2019 to April 3, 2023.

14.    All documents and communications produced by You to government investigators, including but not limited to the Department of Justice and/or Securities and Exchange Commission, concerning Ms. Grant and/or the NDA.

15.    Documents sufficient to show (a) all subpoenas and/or voluntary requests for production and/or testimony received by You and/or Your counsel concerning the SEC Action and (b) Your responses and objections, if any, to the government's requests.

16.    All documents and communications concerning WWE's claim that, "[a]lthough WWE was a party to the Settlement Agreements—one signed in 2019 and one signed in 2022—McMahon failed to disclose the agreements to WWE's Board of Directors ("Board"), legal department, accountants, financial reporting personnel, and auditor[,]"[2] in the SEC Action.

17.    All documents and communications collected and reviewed in response to a request and/or subpoena from the government; determined to be responsive; withheld under an assertion of privilege; and later found to be non-privileged and discoverable under the crime fraud exception by the Southern District of New York, as affirmed by the Second Circuit Court of Appeals in *In re Grand Jury Subpoenas Dated September 13 (2025)*, Docket Nos. 24-1588-cv (L), 24-1589-cv (Con) (2d. Cir. Feb 7, 2025).

---

[2] SEC Order ¶ 3.

18.    Documents sufficient to show the scope and methodology of the Board's Internal Investigation.

19.    Documents sufficient to identify all person(s) interviewed in the course of the Board's Internal Investigation.

20.    All documents and communications concerning the findings and recommendations of the Board's Internal Investigation.

Dated:  Milford, CT
          June 18, 2025

**PLAINTIFF JANEL GRANT**

By   */s/ Ann E. Callis*
    HOLLAND LAW FIRM, LLC
    Eric D. Holland (phv207692)
    Gregory R. Jones (phv207693)
    211 North Broadway, Suite 2625
    St. Louis, MO 63102
    Tel: (314) 241-8111/Fax: (314) 241-5554
    eholland@hollandtriallawyers.com
    gjones@hollandtriallawyers.com

    Ann E. Callis (phv207694)
    6181 Bennett Drive, Suite 210
    Edwardsville, Illinois 62025
    Tel: (618) 452-1323/Fax: (618) 452-8024
    acallis@hollandtriallawyers.com

    */s/ Julie V. Pinette*
    David A. Slossberg (ct13116)
    Erica O. Nolan (ct31097)
    Julie V. Pinette (ct30573)
    HURWITZ, SAGARIN, SLOSSBERG & KNUFF, LLC
    135 Broad Street
    Milford, CT 06460
    Tel: (203) 877-8000/Fax: (203) 878-9800
    DSlossberg@hssklaw.com
    ENolan@hssklaw.com
    JPinette@hssklaw.com

## CERTIFICATE OF SERVICE

This is to certify that on June 18, 2025, a copy of the foregoing was served by electronic

mail on:

Christopher M. Wasil
Morgan, Lewis & Bockius LLP
One State St.
Hartford, CT 06103
860-240-2700
christopher.wasil@morganlewis.com

Daniel J. Toal
Liza M. Velazquez
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
212-373-3000
dtoal@paulweiss.com
lvelazquez@paulweiss.com

Mitchell Webber
Paul, Weiss, Rifkind, Wharton & Garrison LLP
2001 K Street, NW
Washington, DC 20006-1047
202-223-7300
mwebber@paulweiss.com

James A. Budinetz
Snigdha Mamillapalli
McCarter & English, LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103
860-275-6765
jbudinetz@mccarter.com
smamillapalli@mccarter.com

Jessica T. Rosenberg
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
212-872-1000
jrosenberg@akingump.com

_/s/ Julie V. Pinette_
Julie V. Pinette