**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| JANEL GRANT,<br><br>                       Plaintiff,<br><br>                       v.<br><br>WORLD WRESTLING ENTERTAINMENT, INC. n/k/a WORLD WRESTLING ENTERTAINMENT, LLC; VINCENT K. MCMAHON; and JOHN LAURINAITIS,<br><br>                       Defendants. | Civil Action No.: 3:24-cv-00090 (SFR) |

**DEFENDANT WORLD WRESTLING ENTERTAINMENT, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SERVE MOTION-RELATED DISCOVERY**

ORAL ARGUMENT REQUESTED

**TABLE OF CONTENTS**

**Page(s)**

PRELIMINARY STATEMENT ...............................................................................................1

BACKGROUND ..............................................................................................................................2

ARGUMENT ....................................................................................................................................4

I.      GRANT IS NOT ENTITLED TO DISCOVERY RELATED TO DEFENDANTS' MOTIONS TO COMPEL ARBITRATION ..........................................5

      A.      Grant Has Failed to Provide Non-Conclusory Facts or Evidence Relating to the Alleged Invalidity of the Arbitration Provision ...............................6

      B.      The SEC Order and the Second Circuit Crime-Fraud Decision Are Irrelevant to Defendants' Motions to Compel Arbitration and Do Not Support Grant's Request for Motion-Related Discovery ........................................8

II.     GRANT'S DISCOVERY REQUESTS EXCEED THE PROPER SCOPE OF "MOTION-RELATED" DISCOVERY AND WOULD CAUSE AN UNDUE BURDEN ON DEFENDANTS AND UNNECESSARY DISCOVERY DISPUTES FOR THE COURT .............................................................................10

      A.      Grant's "Motion-Related" Requests Are Not Remotely Tailored to the Issue in Defendants' Motions to Compel Arbitration, But Instead Attempt to Circumvent the Discovery Stay ..........................................................11

      B.      The Requests, Which Implicate Significant Relevance and Privilege Concerns, Are Unduly Burdensome and Prejudicial and Would Lead to Extensive Discovery Disputes ................................................................12

CONCLUSION ..............................................................................................................................13

# TABLE OF AUTHORITIES
Page(s)

**Cases**

*Ahmad* v. *Day*,
   2021 U.S. Dist. LEXIS 32401 (S.D.N.Y. Feb. 22, 2021) ........................................................... 10

*Alvarez* v. *Experian Info. Sols., Inc.*,
   2021 WL 2349370 (E.D.N.Y. June 7, 2021) ........................................................................... 11

*de Moura Castro by Hilario* v. *Loanpal, LLC*,
   715 F. Supp. 3d 373 (D. Conn. 2024) ..................................................................................... 11

*Flores* v. *Nat'l Football League*,
   2022 WL 3098388 (S.D.N.Y. Aug. 4, 2022) ................................................................. 5, 10, 12

*Golightly* v. *Uber Techs., Inc.*,
   2021 WL 3539146 (S.D.N.Y. Aug. 11, 2021) ......................................................................... 11

*In Re: Grand Jury Subpoenas Dated September 13, 2023*,
   128 F.4th 127 (2d Cir. 2025) ..................................................................................................... 9

*Grimmett* v. *DMM Sols., Inc.*,
   2024 WL 5090009 (S.D.N.Y. Dec. 11, 2024) ....................................................................... 6, 7

*Legacy Cap. 26, LLC* v. *Chaldean Enter., LLC*,
   2023 WL 5530307 (S.D.N.Y. Aug. 28, 2023) ...................................................................... 5, 11

*Michel* v. *Parts Auth., Inc.*,
   2016 WL 11798927 (E.D.N.Y. June 17, 2016) ......................................................................... 7

*Moton* v. *Maplebear Inc.*,
   2016 WL 616343 (S.D.N.Y. Feb. 9, 2016) .................................................................... 5, 6, 11

*Olsen* v. *Charter Commc'ns, Inc.*,
   2019 WL 3779190 (S.D.N.Y. Aug. 9, 2019) ................................................................... 6, 9, 10

*Weiss* v. *Travex Corp.*,
   2002 WL 1543875 (S.D.N.Y. July 12, 2002) ............................................................................ 6

**Other Authorities**

Federal Rule of Civil Procedure 26(f) .................................................................................... 2, 3

Defendant World Wrestling Entertainment, LLC ("WWE") respectfully submits this memorandum of law in opposition to Plaintiff Janel Grant's Motion for Leave to Serve Motion-Related Discovery (the "Discovery Motion" or "Disc. Mot."), ECF No. 126.

**PRELIMINARY STATEMENT**

Grant is not entitled to motion-related discovery. She has entirely failed to allege sufficient facts calling into question the validity of the arbitration provision in the separation and non-disclosure agreement between Grant, Vincent McMahon, and WWE (the "Agreement"). Over the course of nearly 18 months of pleadings and motion practice, Grant has yet to allege a single fact suggesting that the relevant arbitration provision itself is not what it purports to be—a valid and enforceable agreement to resolve any allegations by means of alternative dispute resolution. In this Circuit, there is a demanding and clear standard for granting jurisdictional discovery in connection with motions to compel arbitration, and Grant comes nowhere close to meeting that standard.

Nor are Grant's document requests a legitimate proposal to take such motion-related discovery. Two months ago, in opposing WWE's motion for a stay of discovery, Grant represented to the Court that she had no intention of taking broad-based merits discovery, but rather that she intended to seek "targeted discovery into the formation of" the Agreement "after Defendants' renewed motions to compel arbitration [were] filed to help resolve disputed issues of fact at the heart of Defendants' jurisdictional arguments." ECF No. 113 at 8. The discovery requests that Grant now asks the Court to authorize are neither targeted nor limited to the formation of the Agreement. They are full merits discovery requests, covering a six-and-a-half-year time period, seeking documents potentially relevant to all substantive aspects and issues of the case, with many that are plainly *not* relevant. Grant's document requests are a transparent attempt to

circumvent the Court's stay order and initiate full merits discovery before the Court is able to decide Defendants' motions to compel arbitration. *See* ECF No. 116 (granting WWE's motion to stay discovery and permitting Grant to file a request for "leave to take motion-related discovery").

Grant's Discovery Motion should be denied and she should be required, at long last, to respond to Defendants' motions to compel arbitration.

## BACKGROUND

Since January 25, 2024, when Grant filed the original Complaint, Defendants have thrice sought to compel arbitration. After WWE promptly filed its second motion to compel on December 23, 2024, *see* ECF No. 86,[1] following the conclusion of a six-month stay of this action, Grant twice moved for a status conference and, for the first time, indicated that she planned to amend the Complaint, *see* ECF Nos. 88, 90. On January 16, 2025, the Court denied Grant's motions but allowed her to submit a motion for leave to file an amended complaint addressing why she should be permitted to amend "despite the expiration of the deadline for filing amended pleadings contained in ECF No. 7." ECF No. 93. The Court also denied Defendants' renewed arbitration motions "without prejudice to renewal following the Court's decision on Plaintiff's motion for leave to amend the complaint." *Id.*

On March 28, 2025, while her Motion for Leave to Amend the Complaint was pending, Grant unilaterally filed Plaintiff's portion of a Rule 26(f) Report. ECF No. 106. In it, she noted that she would seek discovery on eight broadly defined topics and proposed that all document, deposition, and expert discovery in the case be completed by December 1, 2025. *Id.* at 5–6. In response, WWE filed a Motion to Stay Discovery in light of Defendants' forthcoming

---

[1] On December 23, 2024 and December 24, 2024, respectively, Defendants McMahon and Laurinaitis also filed renewed motions to compel arbitration. ECF Nos. 85, 87. Laurinaitis was voluntarily dismissed from this action with prejudice on May 30, 2025. ECF No. 121.

2

renewal of their motions to compel, which, if granted, would obviate the need for merits discovery in this forum. *See* ECF Nos. 109, 110, 111. In her opposition brief, Grant walked back the demand in her Rule 26(f) Report that merits discovery be immediately commenced, and instead asserted that she would seek only "targeted discovery into the formation of the agreement after Defendants' renewed motions to compel arbitration [were] filed"—in particular, discovery related to her allegation that the Agreement was signed under "duress and coercion." ECF No. 113 at 7–8.

On May 7, 2024, the Court granted WWE's Motion to Stay Discovery, *see* ECF No. 116, and Grant's Motion for Leave to Amend the Complaint, *see* ECF No. 115.[2] The Court set a briefing schedule for Defendants' renewed motions to compel arbitration and, if the parties were unable to reach agreement, permitted Grant to "file a motion seeking leave to take motion-related discovery" by June 23, 2025. ECF No. 116. WWE filed its renewed Motion to Compel Arbitration on June 13, 2025. ECF No. 124.[3]

On June 18, 2025, Grant sent a set of proposed discovery requests to Defendants (the "Requests"). Despite Grant's representation in her opposition to WWE's Motion to Stay Discovery regarding the limited and targeted nature of the discovery she would seek, the Requests to WWE call for documents responsive to 18 broad categories, the vast majority of which are entirely unrelated to the formation of the Agreement or WWE's Motion to Compel, let alone to the arbitration provision of the Agreement. *See* ECF No. 126-3 at 8–10.[4] For example, Grant's Requests demand:

---

[2]   Grant filed her First Amended Complaint (the "Amended Complaint") that same day. *See* ECF No. 117.

[3]   Defendant McMahon also renewed his Motion to Compel Arbitration on June 13, 2025. ECF No. 122.

[4]   Grant's equally broad Requests to McMahon include 20 categories and are in large part duplicative of her requests to WWE. *See id.* at 19–21.

- All materials for WWE Board of Directors meetings and all minutes of the Audit Committee of the Board of Directors (Requests 9 and 10);

- All documents between WWE and Endeavor—the principal shareholder of WWE's parent company—regarding "WWE's litigation liabilities" (Request 11);

- All documents "produced . . . to government investigators" concerning Grant (Request 12); and

- With respect to an internal investigation regarding certain unrecorded expenses, documents "sufficient to show the scope and methodology of the Board's Internal Investigation," "sufficient to identify all person(s) interviewed in the course of the Board's Internal Investigation," and all documents "concerning the findings and recommendations of the Board's Internal Investigation" (Requests 16, 17, and 18).

*Id.* at 8–10.

Notwithstanding Grant's representation that she would seek "targeted discovery into the formation of the agreement," ECF No. 113 at 8—which, according to her Amended Complaint, occurred over the course of several weeks in January 2022, *see* First Amended Complaint ("Am. Compl."), No. 3:24-cv-00090-SFR (D. Conn.), ECF No. 117, ¶¶ 237–57—Grant's Requests have relevant time periods of four years and three months (Request 11); six years and one month (Requests 9 and 10); and six years and five months (Requests 1–8 and 12–18).

The parties met and conferred on June 20, 2025 regarding the Requests and did not reach agreement. Grant filed the present Discovery Motion on June 23, 2025.

## **ARGUMENT**

To obtain discovery related to a motion to compel arbitration, the party opposing arbitration must provide reliable evidence that she did not intend to be bound by the arbitration

4

provision at issue. Grant has failed to put forth any such facts. Even if—contrary to fact and law—she had satisfied this strict standard, Grant's requests are wholly improper. She seeks broad discovery that is unrelated to the motion to compel and, in many cases, irrelevant even to her underlying claims and plainly privileged.

I.  **GRANT IS NOT ENTITLED TO DISCOVERY RELATED TO DEFENDANTS' MOTIONS TO COMPEL ARBITRATION**

"[I]n the Second Circuit, discovery on a motion to compel arbitration is appropriate 'when the party opposing arbitration "comes forth with reliable evidence that is more than a naked assertion . . . that it did not intend to be bound" by the arbitration agreement, even though on the face of the pleadings it appears that it did.'" *Flores* v. *Nat'l Football League*, 2022 WL 3098388, at *2 (S.D.N.Y. Aug. 4, 2022) (quoting *Moton* v. *Maplebear Inc.*, 2016 WL 616343, at *4 (S.D.N.Y. Feb. 9, 2016)); *see Legacy Cap. 26, LLC* v. *Chaldean Enter., LLC*, 2023 WL 5530307, at *1 (S.D.N.Y. Aug. 28, 2023). The party opposing arbitration and seeking discovery bears the burden of offering "facts or evidence to place the validity of the [a]greement to arbitrate in issue." *Flores*, 2022 WL 3098388, at *2 (quoting *Moton*, 2016 WL 616343, at *5).

"Although the Court evaluates a motion to compel arbitration under a 'standard similar to that of a summary judgment action,' the standards for evaluating discovery requests in the context of a motion for summary judgment and a motion to compel arbitration are not similar." *Id.* at *1 (quotations and citation omitted). While discovery requests related to a motion for summary judgment are "almost always" granted, "given the strong federal policy favoring arbitration as an alternative means of dispute resolution," a court should not permit discovery related to a motion to compel "as freely as it may when deciding a motion for summary judgment" or "as a matter of course." *Id.* (quotations and citation omitted).

5

Grant has failed to present any allegations, let alone "reliable evidence," that she did not intend to be bound by the arbitration provision or that the agreement to arbitrate was induced by fraud or duress. As a result, her Discovery Motion should be denied.

A. **Grant Has Failed to Provide Non-Conclusory Facts or Evidence Relating to the Alleged Invalidity of the Arbitration Provision**

Grant is not entitled to the discovery she seeks because neither her Amended Complaint nor her Discovery Motion offers any facts or evidence—let alone "reliable evidence"—to support her contention that the arbitration provision in the Agreement was "induced by fraud, duress, and coercion." Disc. Mot. at 6–7.

Courts deny requests for discovery where the party resisting arbitration fails to "allege sufficient facts to show that their agreement to [the] *arbitration clause* was fraudulently induced." *Olsen* v. *Charter Commc'ns, Inc.*, 2019 WL 3779190, at *6 n.7 (S.D.N.Y. Aug. 9, 2019) (emphasis added) (denying request for limited discovery on claim that agreement was induced by fraud); *see, e.g.*, *Moton*, 2016 WL 616343, at *5 (denying discovery where plaintiff failed to offer facts or affidavit showing that arbitration agreement was invalid); *Weiss* v. *Travex Corp.*, 2002 WL 1543875, at *3 (S.D.N.Y. July 12, 2002) (denying request for "limited discovery on the issue of fraudulent inducement" where plaintiff failed to "demonstrate the required 'substantial relationship' between the purported fraudulent conduct and plaintiff's assent to the arbitration clause in particular"); *Grimmett* v. *DMM Sols., Inc.*, 2024 WL 5090009, at *2 (S.D.N.Y. Dec. 11, 2024). Second Circuit caselaw is clear that, without sufficient allegations grounded in reliable facts or evidence challenging the arbitration provision in particular—as opposed to the agreement containing the arbitration provision as a whole—no discovery is warranted in connection with a motion to compel arbitration. Grant has failed to put forth any such reliable evidence.

While the Amended Complaint includes allegations—albeit, conclusory allegations—of fraud and duress, it does not include *any* factual allegations directed to the arbitration provision as distinct from the Agreement as a whole. Grant's assertion that the Amended Complaint includes allegations that Grant agreed to "the underlying arbitration clause[] under an extreme state of duress and coercion" is refuted by the Amended Complaint itself. *See* Disc. Mot. at 6. The allegations in the Amended Complaint concerning the Agreement either: (i) relate to the validity of the Agreement as a whole or to the Agreement's confidentiality provision specifically, *see* Am. Compl., ¶¶ 308–16, 327–45; or (ii) consist of legal conclusions that the arbitration provision is also invalid without any supporting factual allegations relating specifically to the arbitration provision, Am Compl., ¶¶ 260–61, 314, 344. Grant's assertion in the Discovery Motion that she faced "immense pressure" to sign the Agreement likewise is not specifically related to the arbitration provision. Disc. Mot. at 6–7. *See Grimmett*, 2024 WL 5090009, at *3 (while granting targeted discovery on motion to compel, denying plaintiff's request for discovery on her theory that the arbitration provision was fraudulently induced because her allegations "relate to the contract as a whole, rather than to the arbitration agreement in particular"); *see also Michel* v. *Parts Auth., Inc.*, 2016 WL 11798927, at *5 (E.D.N.Y. June 17, 2016) (finding plaintiff's claim regarding his limited ability to speak and read English insufficient to warrant discovery related to defendants' motion to compel arbitration).

Not only has Grant not adduced facts calling the validity of the arbitration provision itself into question, but she has, in fact, painted a picture in her Amended Complaint of an arms-length negotiation over the Agreement and its terms, including the arbitration provision. Grant herself, who has a law degree, worked in a legal role at WWE, Am. Compl., ¶¶ 86, 91; she personally negotiated an increased payment of three times McMahon's original offer of

$1,000,000 in consideration for her non-disclosure of their relationship, Am. Compl., ¶ 245; she independently retained counsel to help her negotiate the Agreement, Am. Compl., ¶ 247; and her counsel aggressively negotiated and "wordsmith[ed]" the terms of the Agreement, to McMahon's annoyance, and explained those terms to Grant, Am. Compl., ¶¶ 249, 251, 255, 260. Grant does not dispute the authenticity of the Agreement itself or her signature. *See* Am. Compl., ¶ 257. The only suggestion of coercion or duress as to the overall Agreement—which does not touch at all on the arbitration provision—is that Grant alleges that McMahon prevailed on her to sign the Agreement quickly to avoid potential adverse effects on McMahon, his family, WWE, and Grant herself. *See* Am. Compl. ¶¶ 250–57. As explained in WWE's Motion to Compel Arbitration, the sole alleged fact in Grant's 93-page Amended Complaint that *does* relate to the arbitration provision itself is that Grant was specifically apprised of the arbitration provision by her counsel—which *undercuts* her claim that she was somehow tricked or unduly pressured into agreeing to that provision. *See* Am. Compl., ¶ 260. Grant has, accordingly, not met the standard for motion-related discovery.

### B. The SEC Order and the Second Circuit Crime-Fraud Decision Are Irrelevant to Defendants' Motions to Compel Arbitration and Do Not Support Grant's Request for Motion-Related Discovery

Grant attempts to rely on the January 10, 2025 SEC cease-and-desist order against McMahon (the "SEC Order") and the Second Circuit's February 7, 2025 Crime-Fraud Decision (the "Crime-Fraud Decision") to support her request for motion-related discovery, but never explains how either bears on "the legality and enforceability of the arbitration clause." *See* Disc. Mot. at 7–8. Nor could she. Neither is relevant to the validity of the arbitration clause—or, for that matter, the validity of the Agreement itself.

As discussed in WWE's Opposition to Grant's Motion for Leave to Amend the Complaint, the SEC Order does not in any way suggest that the Agreement is invalid or

8

unenforceable, let alone speak to the arbitration provision of the Agreement. The SEC Order fined McMahon for violating certain accounting and disclosure-related offenses. The SEC Order does not find that the Agreement is unlawful or invalid. On the contrary, the SEC Order presupposes that the Agreement *is* enforceable and therefore should have been disclosed to WWE's legal and accounting departments. *See* ECF No. 100 at 5–6. Likewise, the Crime-Fraud Decision upholds the District Court's ruling that certain communications were subject to the crime-fraud exception because there was probable cause to believe they were in furtherance of a crime or fraud and were intended to facilitate or conceal criminal activity—namely, circumvention of internal controls. *See In Re: Grand Jury Subpoenas Dated September 13, 2023*, 128 F.4th 127, 145 (2d Cir. 2025).[5] That alleged criminal activity, and the Second Circuit's ruling, have nothing whatsoever to do with the validity of the Agreement, let alone the arbitration provision itself.

Grant mentions the SEC Order and the Crime-Fraud Decision to try to shroud the Agreement in suspicion, but both documents are publicly available, neither concludes or in any way assumes that the Agreement itself is invalid or unenforceable, and both concern alleged efforts to avoid proper disclosure and accounting of the Agreement. Neither the SEC Order nor the Crime-Fraud Decision even mentions the word "arbitration." Grant's claim that her requested discovery regarding the SEC Order and the Crime-Fraud Decision "will speak to the legality and enforceability of the arbitration clause at dispute" is flatly refuted by the documents themselves, and she "cannot avoid arbitration with the unsubstantiated hope that discovery may turn up something." *Olsen*, 2019 WL 3779190, at *6 n.7.

---

[5] Although the Crime-Fraud Decision is anonymized, WWE assumes for purposes of this Opposition that it concerns communications between McMahon and his counsel.

9

## II. GRANT'S DISCOVERY REQUESTS EXCEED THE PROPER SCOPE OF "MOTION-RELATED" DISCOVERY AND WOULD CAUSE AN UNDUE BURDEN ON DEFENDANTS AND UNNECESSARY DISCOVERY DISPUTES FOR THE COURT

Even assuming that Grant could provide "reliable evidence" challenging the enforceability of the arbitration provision, the Requests are improper and the Court should deny Grant's motion on that independent basis. Because the Court's analysis in deciding a motion to compel arbitration is "generally limited to determining whether there is a valid agreement to arbitrate, whether one party has failed to perform its duties under that agreement, and whether the agreement, properly interpreted, encompasses the dispute at hand," motion-related discovery must also be limited to those issues. *See Flores*, 2022 WL 3098388, at *2. Where the party opposing arbitration has met its burden to "come[] forth with reliable evidence that is more than a naked assertion . . . that it did not intend to be bound by the arbitration agreement," discovery should be limited to the alleged grounds for invalidating the agreement to arbitrate. *Id.* (internal quotation marks and citations omitted); *see also Ahmad* v. *Day*, 2021 U.S. Dist. LEXIS 32401, at *3–6 (S.D.N.Y. Feb. 22, 2021) (granting limited discovery into the metadata of an arbitration agreement in response to plaintiff's contention that his signature was falsified, and denying all other discovery requests). Grant's Requests far exceed this limited scope.

### A. Grant's "Motion-Related" Requests Are Not Remotely Tailored to the Issue in Defendants' Motions to Compel Arbitration, But Instead Attempt to Circumvent the Discovery Stay

To the extent Grant is entitled to motion-related discovery at all, it must be tethered to motion-related issues. *Olsen*, 2019 WL 3779190, at *6 n.7. Grant's Requests do not even attempt to meet that standard. Simply put, the discovery Grant seeks is not relevant to the issue in Defendants' motions to compel arbitration: the enforceability of the arbitration provision. Instead, it is a clear effort to obtain merits discovery in circumvention of the Court-ordered stay.

10

At the outset, Grant does not, and cannot, explain why evidence supporting her basis for opposing Defendants' motions to compel arbitration—her contention that she signed the Agreement "in an extreme state of duress and coercion"—would be in the Defendants' possession, as opposed to her own. *See* Disc. Mot. at 4; *Moton*, 2016 WL 616343, at *5 (denying motion-related discovery and noting that "[a]ll information pertinent" would be within plaintiff's "possession, custody, and control and no one else's"). But even if she could, the cases cited by Grant herself in her Discovery Motion make clear that any motion-related discovery must be "limited" to the "restricted inquiry" of the right to arbitrate. *See Golightly* v. *Uber Techs., Inc.*, 2021 WL 3539146, at *3–4 (S.D.N.Y. Aug. 11, 2021) (permitting motion-related discovery where "the breadth of the discovery sought [was] narrow," "the time period for the requests [was] limited," and "[p]laintiff [did] not ask for all documents"); *de Moura Castro by Hilario* v. *Loanpal, LLC*, 715 F. Supp. 3d 373, 401 n.22 (D. Conn. 2024) (permitting the parties to "move the [c]ourt to allow discovery which [was] narrowly limited to the issue of whether valid arbitration contracts exist[ed]"); *Legacy*, 2023 WL 5530307, at *1 (permitting "limited discovery on whether the arbitration clause was induced by fraud"); *Alvarez* v. *Experian Info. Sols., Inc.*, 2021 WL 2349370, at *2 (E.D.N.Y. June 7, 2021) (allowing for only "arbitration-related discovery" while staying all other discovery).

Many of Grant's Requests are plainly irrelevant—for example, she seeks "all" WWE "Board Materials" between January 1, 2019 and January 30, 2025, ECF No. 126-3 at 8, but does not (and cannot) articulate how materials from the WWE Board of Directors could possibly bear on the validity of the Agreement's arbitration provision. Even the few Requests that facially touch on the Agreement are not relevant to the adjudication of the validity of the arbitration provision in particular, which will turn on whether the agreement to arbitrate itself, and not the

Agreement as a whole, was induced by fraud or duress. *See* Am. Compl., ¶¶ 260–61, 314, 344. Grant seeks documents "sufficient to show the identity of each individual who participated in drafting and/or reviewing the NDA," "[a]ll communications . . . concerning terminating Ms. Grant's employment and/or the NDA," "[a]ll drafts of the NDA," and "[a]ll documents and communications generated by WWE's human resources personnel" related to "Ms. Grant's employment and separation from WWE and/or the NDA." ECF No. 126-3 at 8. None of these categories of documents is necessary to resolve Defendants' motions to compel arbitration because they do not shed light on "the validity of the agreement to arbitrate" in particular. *Flores*, 2022 WL 3098388, at *2. Indeed, Grant's Requests do not once reference the arbitration provision.

Grant's Requests are a far cry from her representations to the Court that she seeks "directed," "[t]argeted," "aimed," and "narrowly tailored" discovery that speaks "directly to the legality, formation, and enforceability of the arbitration clause at issue." Disc. Mot. at 3, 4, 5, 6, 7, 8. Because the Requests instead seek full-blown merits discovery in contravention of the stay, the Court should reject them. In the event that the Court does permit Grant to seek limited discovery in support of her opposition to Defendants' motions to compel arbitration, WWE respectfully requests that WWE be allowed to obtain equivalent reciprocal discovery from Grant.

      **B.**      **The Requests, Which Implicate Significant Relevance and Privilege Concerns, Are Unduly Burdensome and Prejudicial and Would Lead to Extensive Discovery Disputes**

Grant's claim that her requested discovery "would impose no undue burden on Defendants" is unsupported and inaccurate. *See id.* at 9. The Requests would significantly delay adjudication of the pending motions to compel arbitration. Collecting, reviewing, and producing documents in response to Grant's proposed Requests would take many months to complete—the equivalent of a full merits document discovery period. And many of Grant's Requests implicate significant relevance and privilege issues that will likely require motion practice to resolve,

including Grant's Requests for documents concerning: (i) WWE's response to "government investigators, including but not limited to the Department of Justice and/or Securities and Exchange Commission" (Requests 12–15); and (ii) an internal investigation conducted by a Special Committee of WWE's Board of Directors (Requests 16–18). ECF No. 126-3 at 9–10. Such litigation would unnecessarily burden the Court and further delay the transfer of this case to arbitration. And WWE would be further prejudiced because litigation regarding these Requests—which are directed to the merits of Grant's claims, rather than to their arbitrability—should occur before the arbitration panel, not this Court.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Grant's Motion for Leave to Serve Motion-Related Discovery.

Dated: June 30, 2025								Respectfully submitted,

By: */s/ Daniel J. Toal*

**MORGAN LEWIS & BOCKIUS LLP**

Christopher M. Wasil (ct28578)
One State Street
Hartford, CT 06103-3178
Phone: (860) 240-2700
Fax: (860) 240-2701
Email: christopher.wasil@morganlewis.com

David A. McManus (*pro hac vice*)
One Federal Street
Boston, MA 02110-1726
Phone: (617) 341-7700
Fax: (617) 341-7701
Email: david.mcmanus@morganlewis.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

Daniel J. Toal (phv10907)
Liza M. Velazquez (phv02132)
1285 Avenue of the Americas
New York, NY 10019-6064
Phone: (212) 373-3000
Fax: (212) 757-3990
Email: dtoal@paulweiss.com
        lvelazquez@paulweiss.com

Mitchell D. Webber (phv207889)
2001 K Street, NW
Washington, DC 20006-1047
Phone: (202) 223-7442
Fax: (202) 379-4162
Email: mwebber@paulweiss.com

*Attorneys for Defendant World Wrestling Entertainment, LLC*

14

**CERTIFICATE OF SERVICE**

I certify that on June 30, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

*/s/ Daniel J. Toal*
Daniel J. Toal