**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JANEL GRANT, | : | |
| | : | |
| Plaintiff, | : | Case No.: 3:24-cv-00090-SFR |
| | : | |
| vs. | : | |
| | : | |
| WORLD WRESTLING | : | |
| ENTERTAINMENT, INC. n/k/a WORLD | : | April 1, 2026 |
| WRESTLING ENTERTAINMENT, LLC | : | |
| and VINCENT K. MCMAHON, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER**
**RENEWED MOTION FOR LEAVE TO SERVE MOTION-RELATED DISCOVERY**

Pursuant to Rules 26 and 56 of the Federal Rules of Civil Procedure and this Court's Orders of May 7, 2025 (ECF No. 116) and February 23, 2026 (ECF No. 132), Plaintiff Janel Grant respectfully submits this memorandum of law in support of her Renewed Motion for Leave to Serve Discovery in connection with Defendants Vince K. McMahon and World Wrestling Entertainment, Inc. n/k/a World Wrestling Entertainment, LLC ("WWE")'s respective motions to compel arbitration. *See* ECF Nos. 122, 124. As set forth herein, good cause exists to deny or stay the Motions to Compel Arbitration and permit Plaintiff to serve targeted discovery into the formation of the arbitration clause at issue. Furthermore, since Plaintiff first sought leave to serve these discovery requests, Defendants have produced these documents again to plaintiff-shareholders in the Delaware Shareholder Litigation, and Defendants have testified under oath about the circumstances surrounding the formation of the NDA. Accordingly, and in the alternative to the relief sought in Plaintiff's Opposition to the Motion to Compel Arbitration, filed contemporaneously herewith, Plaintiff respectfully requests that the Court enter an Order granting

**ORAL ARGUMENT REQUESTED**

Plaintiff leave to serve the attached discovery requests, and deny or defer final adjudication of Defendants' Motion to Compel Arbitration until this discovery is complete.[1]

## I.       PROCEDURAL HISTORY

Plaintiff Janel Grant is a former employee of WWE who was subjected to physical and emotional abuse, sexual assault and sexual trafficking perpetrated by former WWE Chairman Vince McMahon.  She filed this action in January 2024 to assert claims against Defendants under the Speak Out Act, the Trafficking Victims Protection Act, and under Connecticut law for negligence, civil battery, and intentional or negligent infliction of emotional distress.  *See* Compl., ECF No. 1.  On June 11, 2024, this case was stayed at the request of the Government (*see* ECF No. 68), and the stay was lifted on January 16, 2025 (ECF No. 93).

On January 31, 2025, Plaintiff filed a motion for leave to amend her Complaint to incorporate the significant factual developments that had occurred over the course of the stay, including persuasive authority throwing the legality of the arbitration clause at dispute in this case into question.  *See* ECF No. 94.  Before the Court ruled on the motion for leave to amend, Defendants moved to stay discovery with the anticipation that they would be renewing their previous motions to compel arbitration.  *See* ECF Nos. 109-111.  On May 7, 2025, the Court granted Plaintiff's Motion to Amend (ECF No. 115) and Defendants' Motion to Stay Discovery (ECF No. 116, the "Discovery Order").  In its Discovery Order, the Court contemplated that discovery may be necessary in connection with the Arbitration Motions:

> Plaintiff may seek leave to take motion-related discovery in response to Defendants' motion to compel arbitration as described below. . . .  If, upon reviewing Defendants' memoranda, Plaintiff seeks motion-related discovery, she must confer with Defendants to determine whether the parties can resolve the issue without court intervention.  If the parties are unable to resolve the dispute amongst themselves, Plaintiff may file a motion seeking leave to take motion-related discovery.

---

[1] A Proposed Order is attached hereto as Exhibit A.

*Id.*

On June 13, 2025, Defendants McMahon and WWE each filed a motion to compel arbitration. *See* ECF Nos. 122 & 124 (collectively, the "Arbitration Motions"). Upon reviewing the Arbitration Motions, Plaintiff determined that discovery was necessary in order for Plaintiff to adequately respond to the issues of fact raised in Defendants' Arbitration Motions, including the creation and enforceability of the nondisclosure agreement ("NDA") arbitration provision at issue in this case. Plaintiff prepared and served requests for document production directed to these issues on Defendants McMahon and WWE, attached hereto as Exhibit B (the "Requests").

In line with the Court's May 7, 2025 Discovery Order, counsel for the Parties held a meet and confer on June 20, 2025 to discuss Plaintiff's discovery Requests. Defendants declined to offer any documents in response to the Requests, necessitating this motion.

At the meet and confer, Plaintiff suggested that the parties prepare a joint scheduling proposal to accommodate this Motion and the discovery sought, with Plaintiff's Oppositions to the Arbitration Motions due thirty (30) days after Defendants complete their production of discovery ordered under this Motion, and any Reply from Defendants due twenty-one (21) days thereafter. Defendants stated that updating the briefing schedule was premature and declined to join Plaintiff's scheduling proposal.

On June 23, 2025, Plaintiff filed her first Motion for Leave to File Motion-Related Discovery (ECF No. 126) (the "First Discovery Motion"). On June 30, 2205, Defendants Opposed the First Discovery Motion (ECF Nos. 127-128).

Separately, on November 22, 2023, WWE shareholders filed a securities lawsuit challenging WWE's merger with the Ultimate Fighting Championship, owned and operated through TKO Group Holdings, a public company majority-controlled by Endeavor Group Holdings, Inc., based on Defendant McMahon's concealment of litigation risks and the

3

nondisclosure agreement at issue in this case. *See In re World Wrestling Entertainment, Inc. Merger Litigation*, 2023-1166-JTL (Del. Ch. 2023 (the "Delaware Shareholder Litigation"). Discovery is currently ongoing in this action. Since Plaintiff filed her First Discovery Motion, filings unsealed in the Delaware Shareholder Litigation have illuminated evidence that is highly relevant to instant dispute—whether Defendants may enforce the NDA's compulsory arbitration clause to silence Plaintiff as a matter of law.

From October through December 2025, in the Delaware Shareholder Litigation, former and current WWE directors and executives including Vince McMahon, Stephanie McMahon, Brad Blum, Paul Levesque, Ari Emanuel, Mark Shapiro, and Nick Khan testified under oath about, in part, the circumstances surrounding the formation of the NDA at issue.

On February 6, 2026, this Court denied Plaintiff's First Discovery Motion with leave to renew, instructing that "Plaintiff may renew her Motion for Leave to Take Discovery in conjunction with filing her response in opposition to Defendants' Motions to Compel. After reviewing the briefing, the court will determine whether to permit the parties to take limited, reciprocal discovery." (ECF No. 130).

## II.    LEGAL STANDARD

"In the context of motions to compel arbitration brought under the Federal Arbitration Act ('FAA'), 9 U.S.C. § 4 (2000), the court applies a standard similar to that applicable for a motion for summary judgment." *Hudson v. Babilonia*, No. 3:14-CV-01646 (MPS), 2015 WL 1780879, at *1 (D. Conn. Apr. 20, 2015) (internal citations omitted). Under Rule 56(d) of the Federal Rules of Civil Procedure, the Court may deny or defer ruling on a motion for summary judgment until necessary discovery is provided. *See* Fed. R. Civ. P. 56(d) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or

declarations or to take discovery; or (3) issue any other appropriate order.")  "Only when there is no genuine issue of fact concerning the formation of the agreement should the court decide as a matter of law that the parties did or did not enter into such an agreement."  *D'Antuono v. Serv. Rd. Corp.*, 789 F. Supp. 2d 308, 320 (D. Conn. 2011) (citation modified).

"In a typical motion to compel arbitration . . . some discovery may be allowable or necessary."  *Hudson*, 2015 WL 1780879, at *1.  "[D]iscovery on a motion to compel arbitration is appropriate when the party opposing arbitration comes forth with reliable evidence that is more than a naked assertion . . . that it did not intend to be bound by the arbitration agreement, even though on the face of the pleadings it appears that it did."  *Flores v. Nat'l Football League*, 2022 WL 3098388, at *2 (S.D.N.Y. Aug. 4, 2022) (citation modified).  If an "arbitration clause was induced by fraud," then the defrauded party is not bound by that clause and "there can be no arbitration."  *Doctor's Assocs., Inc. v. Distajo*, 66 F.3d 438, 457 (2d Cir. 1995) (internal citations omitted).

## III.   ARGUMENT

Defendants' Arbitration Motions seek to enforce an illegal NDA with an arbitration provision.  Plaintiff signed the NDA, including the underlying arbitration clause, in an extreme state of duress and coercion at the hands of Vince McMahon.  *See* Part III.B.1, *infra*.  Further, the NDA and its arbitration clause were drafted and signed in furtherance of crimes, including several violations of federal securities laws by Defendant McMahon, according to a Consent Order Defendants negotiated with the Securities and Exchange Commission ("SEC").  *See* Part III.B.2, *infra*.  The Department of Justice also presented sufficient evidence to the Southern District of New York and Second Circuit to find that communications between Defendants McMahon and WWE's former outside counsel related to the NDA were subject to the crime fraud exception to attorney-client privilege and must be produced.  *Id.*  Since the First Discovery Motion, Defendants

have further produced substantial records and testimonial evidence directly relevant to the validity of the NDA in the parallel Delaware Shareholder Litigation. *See* Part III.C, *infra*.

Each of Plaintiff's requests for production is directed at the formation of the NDA and one or more of these disputed issues of fact raised by Defendants' Arbitration Motions. Targeted discovery into the formation and enforceability of the arbitration clause at issue in this case is necessary to resolve these issues of disputed fact and demonstrate that Defendants have no right to muzzle Plaintiff and deprive her of her day in court.

**A.    Good Cause Exists to Grant Targeted Discovery Into the Formation of the NDA Prior to Ruling on the Arbitration Motions.**

Plaintiff's requested discovery is essential to resolving disputed issues of fact central to her Opposition to Defendants' Arbitration Motions. "Arbitration . . . is a matter of consent, not coercion." *Moss v. BMO Harris Bank, N.A.*, 24 F. Supp. 3d 281, 285 (E.D.N.Y. 2014) (internal citations omitted). Thus, "[w]hile the FAA expresses a strong federal policy in favor of arbitration, the purpose of Congress in enacting the FAA was to make arbitration agreements as enforceable as other contracts, but not more so." *Id.* at 285–86. When deciding a motion to compel arbitration, courts apply a "standard similar to that applicable for a motion for summary judgment," *see Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016) (internal citations omitted), and under Rule 56(d) of the Federal Rules of Civil Procedure, the Court may deny or defer ruling on a motion for summary judgment until necessary discovery is provided. *See* Fed. R. Civ. P. 56(d).

Discovery is appropriate here because Defendants' Arbitration Motions raise disputed issues of fact regarding the creation and enforceability of the NDA, including the arbitration provision. Plaintiff's requested discovery is narrowly tailored to the issue of the enforceability of the arbitration clause and the conditions under which Plaintiff executed it. Second Circuit courts routinely grant discovery under similar circumstances. *See, e.g., de Moura Castro by Hilario v. Loanpal, LLC*, 715 F. Supp. 3d 373 (D. Conn. 2024) (denying motion to stay pending arbitration

6

and permitting parties to motion for discovery regarding whether a valid arbitration agreement exists); *Legacy Cap. 26, LLC v. Chaldean Enter., LLC*, No. 22-CV-05758 (LJL), 2023 WL 5530307, at *1-2 (S.D.N.Y. Aug. 28, 2023) (granting motion to lift stay to allow targeted jurisdictional discovery where "Defendants have provided sufficient evidence to warrant limited discovery on whether the arbitration clause was induced by fraud"); *Golightly v. Uber Techs., Inc.*, No. 21-CV-3005 (LJL), 2021 WL 3539146 (S.D.N.Y. Aug. 11, 2021) (denying motion to stay discovery and allowing Plaintiff's targeted jurisdictional discovery requests related to pending motion to compel arbitration); *cf. Alvarez v. Experian Info. Sols., Inc.*, No. 2:19-CV-03343-(JS)(JMW), 2021 WL 2349370, at *2 (E.D.N.Y. June 7, 2021) (granting a stay of discovery "except for . . . arbitration-related discovery" the Court previously ordered).

### B. Defendants' Arbitration Motions Raise Disputed Issues of Fact Concerning the Formation of the NDA.

In arguing that the arbitration agreement is valid, enforceable, and entered into willingly, Defendants' Arbitration Motions raise several issues of disputed fact surrounding the formation and legality of the arbitration clause at issue. (*See* ECF No. 122-1§ I ("The Parties Entered into a Valid and Enforceable Agreement to Arbitrate"); ECF No. 124-1 § I ("The Parties Unambiguously Agreed to Arbitrate").) As a matter of public policy, Plaintiff has good cause to seek these documents, among other categories of documents related to the issue of duress and coercion, as they speak directly to the legality, formation, and enforceability of the arbitration clause at issue.

#### 1. *Plaintiff Was Coerced to Sign the NDA Under Duress.*

Plaintiff has good cause to seek targeted discovery to support her position that the arbitration clause was induced by fraud, duress, and coercion and is void as a matter of law under the Speak Out Act, 42 U.S.C. § 19404, and/or the Ending of Forced Arbitration Act, Pub. L. No. 117-90. As outlined in her First Amended Complaint, Plaintiff signed the NDA, and the underlying arbitration clause, under an extreme state of duress and coercion. (*See* Am. Compl.,

7

ECF No. 117 at ¶¶ 237-257.)  Defendant McMahon put Ms. Grant under immense pressure to sign, urging that her refusal would not only jeopardize McMahon, his family, and the Company, but would surely force Plaintiff to become a public headline, suffer reputational ruin (including from the pornographic content McMahon had captured), and face legal consequences from McMahon's and WWE's near-limitless legal resources.  Plaintiff has provided sufficient evidence to warrant targeted discovery on whether the arbitration clause was induced by coercion and fraud, and she seeks documents that speak directly to the duress and coercion surrounding the formation of the arbitration clause.

### 2.    *Defendants' Seek to Rely on an Arbitration Clause Drafted and Signed in Furtherance of Multiple Crimes.*

On January 10, 2025, the SEC announced it had reached a settlement agreement with Defendant McMahon for securities violations related to this matter.  *See* Order Instituting Cease-and-Desist Proceedings Pursuant to Section 21c of the Securities Exchange Act of 1934, Making Findings, and Imposing a Cease-and-Desist Order, *SEC v. McMahon*, Admin. Proc. File No. 3-22391 (Jan. 10, 2025) [the "SEC Order"], https://www.sec.gov/files/litigation/admin/2025/34-102143.pdf.  The SEC "announced settled charges against Vince McMahon, the former Executive Chairman and CEO of World Wrestling Entertainment Inc., for signing two settlement agreements, one in 2019 and one in 2022, on behalf of himself and WWE without disclosing the agreements to WWE's Board of Directors, legal department, accountants, financial reporting personnel, or auditor.  Doing so circumvented WWE's system of internal accounting controls and caused material misstatements in WWE's 2018 and 2021 financial statements."  Press Release 2025-1, SEC, *Vince McMahon, Former CEO of WWE, Charged for Failure to Disclose to WWE Two Settlement Agreements He Executed on Behalf of WWE* (Jan. 10, 2025), https://www.sec.gov/newsroom/press-releases/2025-1.  One of the illegal agreements cited in the SEC Order is the non-disclosure agreement Ms. Grant was coerced to sign, and it is the same

8

agreement Defendants invoke to propose that this Court compel Ms. Grant to arbitrate her claims against them.

Subsequent authority from the Second Circuit revealed on February 7, 2025, that the government conducted discovery into the formation of this agreement and the circumstances under which Defendants WWE and McMahon demanded Ms. Grant sign it. *See In Re: Grand Jury Subpoenas Dated September 13 (2025)*, Case Nos. 24-1588-cv (L), 24-1589-cv (Con) (2d Cir. 2025) [the "CA2 Crime Fraud Order"]). These highly relevant documents have already been collected and reviewed by Defendants and their agents for relevance and privilege in response to government subpoenas. *Id.* at 2-3. Furthermore, the Second Circuit affirmed a lower court ruling that certain communications between Defendant McMahon and then-WWE outside counsel K&L Gates relating to this agreement, which were withheld from their prior government productions as privileged, fall under the crime fraud exception and must be disclosed. *Id.* at 7.

Targeted discovery into documents the Government reviewed to substantiate the allegations underlying the SEC Order and CA2 Crime Fraud Order will speak to the legality and enforceability of the arbitration clause at dispute in this case.

### C.    Since the First Discovery Motion Was Briefed in 2025, Defendants Have Produced Records and Given Sworn Testimony Directly On Point in the Delaware Shareholder Litigation.

Likewise, Defendants have produced substantial evidence concerning the NDA in the parallel Delaware Shareholder Litigation. *See e.g.*, *In re World Wrestling Entm't, Inc. Merger Litig.*, No. 2023-1166-JTL, Pls.' Mot. to Compel the D&O Defs. & TKO to Produce Docs (Public Version), Exs. 1, 10 (Del. Ch. filed Dec. 23, 2025). In that action, Defendants have produced records related to the formation of the NDA and Plaintiff's state of duress during that time. Furthermore, Defendants' agents including Vince McMahon, Stephanie McMahon, Brad Blum, Paul Levesque, Ari Emanuel, Mark Shapiro, and Nick Khan, have testified under oath about these

9

records and their personal knowledge of the circumstances surrounding the formation of the NDA. This testimony and evidence is directly relevant to the factual disputes surrounding Defendants' effort to enforce the NDA and compel arbitration in this action. Plaintiff is entitled to review this highly relevant, material, and useful evidence, and this Court's is entitled to consider it to adjudicate whether the NDA and its arbitration clause may be enforced with the benefit of a full record.

Plaintiff has amended her proposed discovery requests to encompass these documents and testimony. *See* Exhibit B.

### D. Plaintiff's Requests For Production Are Directed At Disputed Issues Of Fact.

Each of Plaintiff's Requests is directed at one or more of these disputed issues of fact raised in in Defendants' Arbitration Motions. *See* Exhibit B. The Requests are aimed at documents related to the formation of the NDA and arbitration clause, Plaintiff's mental state during the negotiation of the NDA and arbitration clause, issues of duress and coercion, and the NDA's role in related crimes, including materials related to the crime fraud exception and securities law violations announced in the SEC Order. These documents speak directly to the legality, formation, and enforceability of the arbitration clause at issue and are necessary for Plaintiff's response to the Arbitration Motions.

### E. Discovery Into The Formation of the NDA Is Not Unduly Burdensome.

Unlike with most similar discovery motions, Defendants will suffer almost no burden from producing the documents Plaintiff seeks. All, or substantially all, of the documents Plaintiff requested in their Requests have already been collected, reviewed, and produced by Defendants to the Government in connection with the SEC Order and CA2 Crime Fraud Order, or to the Plaintiff-shareholders in the Delaware Shareholder Litigation. A re-production of files produced in these

10

prior proceedings could be made immediately, with minimal burden on Defendants, as these documents have already been screened for relevance and privilege.

**F.     Plaintiff's Claims Should Not Be Removed To Secret Arbitration On An Incomplete Record Available Selectively To Defendants, But Not Plaintiff Or This Court.**

As set forth in Plaintiff's Opposition and supporting declarations, Plaintiff has established through sworn testimony and persuasive evidence that the NDA and its arbitration clause are invalid as a matter of law.  However, if the Court requires further proof, substantial additional evidence establishing the invalidity of the NDA is readily available to only one side in this dispute—Defendants.

Defendants have collected, collated, reviewed, and produced records and testified under oath about the formation of the NDA in parallel proceedings, including two federal criminal investigations and the Delaware Shareholder Litigation.  WWE even accepted a $1.3 million victim restitution payment on the basis of a consent judgment, wherein McMahon and WWE conceded that the NDAs were signed in furtherance of a criminal scheme by McMahon.  SEC Order at 9.  Yet Defendants demand this Court must enforce the illegal NDA on its face, without the benefit of a complete record, and notwithstanding their own adverse admissions.  WWE and McMahon insist that they are entitled to withhold this highly relevant evidence from this Court.

Plaintiff's position that the Arbitration Motions must fail is supported by substantial legal and evidentiary support, based on her own experience and Defendants' publicly available records and admissions.  However, if the Court believes that more is needed, Plaintiff should have the opportunity to review the records she seeks in the attached requests.  Substantial justice requires that Plaintiff have an opportunity to review and cite to this highly material evidence in support of her opposition, and that this Court not revoke her opportunity to face her abusers in open court on a partial record.

11

IV.    **CONCLUSION**

For the foregoing reasons, Plaintiff Janel Grant respectfully renews her request for an Order granting her leave to serve Motion-Related Discovery, and any other or further relief as this Court deems just and proper.

**PLAINTIFF JANEL GRANT**

/s/  *Ann E. Callis*
HOLLAND LAW FIRM, LLC
Eric D. Holland (phv207692)
Gregory R. Jones (phv207693)
211 North Broadway, Suite 2625
St. Louis, MO 63102
Tel: (314) 241-8111/Fax: (314) 241-5554
eholland@hollandtriallawyers.com
gjones@hollandtriallawyers.com

Ann E. Callis (phv207694)
6181 Bennett Drive, Suite 210
Edwardsville, Illinois 62025
Tel: (618) 452-1323/Fax: (618) 452-8024
acallis@hollandtriallawyers.com

*/s/ Aaron C. Lang*
Aaron C. Lang (phv51511)
NELSON MULLINS RILEY & SCARBOROUGH LLP
330 Madison Avenue, 27th Floor
New York, New York 10017
Tel: (267) 229-6029/Fax: (646) 428-2610
Aaron.lang@nelsonmullins.com

*/s/ Erica O. Nolan*
David A. Slossberg (ct13116)
Erica O. Nolan (ct31097)
Julie V. Pinette (ct30573)
Hurwitz, Sagarin & Slossberg, LLC
135 Broad Street
Milford, CT 06460
Tel: (203) 877-8000/Fax: (203) 878-9800
DSlossberg@hss.law
ENolan@hss.law
JPinette@hss.law

*Attorneys for Plaintiff Janel Grant*

12

## **CERTIFICATE OF SERVICE**

This is to certify that on April 1, 2026, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to all parties that are unable to accept electronic filing.  Parties may access this filing through the Court's electronic system.

*/s/ Erica O. Nolan*
Erica O. Nolan (ct31097)