**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JANEL GRANT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:24-cv-00090-SFR |
| v. | ) | |
| | ) | |
| WORLD WRESTLING ENTERTAINMENT, INC., | ) | |
| a/k/a WORLD WRESTLING ENTERTAINMENT, | ) | |
| LLC; and VINCENT K. MCMAHON, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT VINCENT K. McMAHON'S OPPOSITION TO PLAINTIFF'S**
**RENEWED MOTION FOR LEAVE TO SERVE MOTION-RELATED DISCOVERY**

**McCARTER & ENGLISH, LLP**

James A. Budinetz (ct16068)
Snigdha Mamillapalli (ct31142)
McCarter & English, LLP
CityPlace I, 185 Asylum Street
Hartford, CT  06103
Telephone: (860) 275-6765
Facsimile: (860) 724-3397
jbudinetz@mccarter.com
smamillapalli@mccarter.com

**AKIN GUMP STRAUSS HAUER &**
**FELD LLP**

Jessica T. Rosenberg
  (admitted *pro hac vice*)
Ilana Roberts
  (admitted *pro hac vice*)
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
jrosenberg@akingump.com
iroberts@akingump.com

*Attorneys for Defendant*
*Vincent K. McMahon*

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................... 1

PROCEDURAL HISTORY...................................................................................................... 2

ARGUMENT ........................................................................................................................... 3

I.      Plaintiff Fails to Meet Her Burden for Motion-Related Discovery ................................... 3

II.     The Discovery Sought Is Within Plaintiff's Possession, Custody, and Control ................. 5

III.    Plaintiff's Sweeping Requests Are Overly Broad, Untethered from the Issues, and Impose
        an Undue Burden on McMahon ...................................................................................... 7

IV.     The SEC Order, Second Circuit Decision, and Delaware Shareholder Litigation Are
        Irrelevant ....................................................................................................................... 8

V.      If the Court Grants Any Motion-Related Discovery, Strict Limitations Should Be
        Imposed and Reciprocal Discovery Should Be Permitted ............................................... 10

        A.      Any Discovery Must Be Narrowly Tailored to the Pending Motions .................. 11

        B.      Any Discovery Cannot Seek Privileged Material .............................................. 11

        C.      Any Discovery Granted to Plaintiff Warrants Reciprocal Discovery ................... 11

CONCLUSION...................................................................................................................... 11

## TABLE OF AUTHORITIES

CASES                                                                                                   PAGE(S)

*Alvarez v. Experian Info. Sols., Inc.*,
No. 19-cv-3343, 2021 WL 2349370 (E.D.N.Y. June 7, 2021)................................................5

*Buckeye Check Cashing, Inc. v. Cardegna*,
546 U.S. 440 (2006)................................................................................................................4

*Doctor's Assocs., Inc. v. Distajo*,
66 F.3d 438 (2d Cir. 1995)......................................................................................................4

*Flores v. NFL*,
No. 22-cv-871, 2022 WL 3098388 (S.D.N.Y. Aug. 4, 2022)............................................3, 4, 6

*Golightly v. Uber Techs., Inc.*,
No. 21-cv-3005, 2021 WL 3539146 (S.D.N.Y. Aug. 11, 2021)..............................................5

*In re Grand Jury Subpoenas Dated Sept. 13, 2023*,
128 F.4th 127 (2d Cir. 2025) ................................................................................................9

*Grimmett v. DMM Sols., Inc.*,
No. 24-cv-5903, 2024 WL 5090009 (S.D.N.Y. Dec. 11, 2024) ........................................4, 11

*Guidotti v. Legal Helpers Debt Resol., LLC*,
716 F.3d 764 (3d Cir. 2013)....................................................................................................3

*de Moura Castro ex rel. Hilario v. Loanpal, LLC*,
715 F. Supp. 3d 373 (D. Conn. 2024)....................................................................................5

*Hudson v. Babilonia*,
No. 14-cv-01646, 2015 WL 1780879 (D. Conn. Apr. 20, 2015).............................................5

*Laszczak v. Autozone, Inc.*,
No. 06-cv-1954, 2008 WL 11377711 (D. Conn. June 19, 2009) ............................................7

*Legacy Cap. 26, LLC v. Chaldean Enter., LLC*,
No. 22-cv-5758, 2023 WL 5530307 (S.D.N.Y. Aug. 28, 2023)..............................................4

*McCord v. Goode*,
308 S.W.3d 409 (Tex. Ct. App. 2010) .....................................................................................6

*Moton v. Maplebear*,
No. 15-cv-8879, 2016 WL 616343 (S.D.N.Y. Feb. 9, 2016) ..............................................3, 6

*Olsen v. Charter Commc'ns, Inc.*,
Nos. 18-cv-3388, 18-cv-4972, 2019 WL 3779190 (S.D.N.Y. Aug. 9, 2019)..........................6

*In re Parcel Tanker Shipping Servs. Antitrust Litig.*,
 Nos. 03-cv-1919, 03-md-1568, 2005 WL 3360584 (D. Conn. Nov. 9, 2005) ..........................3

*Ross v. Am. Express Co.*,
 547 F.3d 137 (2d Cir. 2008)....................................................................................................3

*Upjohn Co. v. United States*,
 449 U.S. 383 (1981)...............................................................................................................11

*Vaigasi v. Solow Mgmt. Corp.*,
 No. 11-cv-5088, 2016 WL 616386 (S.D.N.Y. Feb. 16, 2016) ...................................................8

*Vellali v. Yale Univ.*,
 No. 16-cv-1345, 2020 WL 5790443 (D. Conn. Sept. 28, 2020)................................................7

**STATUTES**

18 U.S.C. § 1591(e)(2)...............................................................................................................6

Defendant Vincent K. McMahon, by and through his undersigned attorneys, respectfully files this Opposition to Plaintiff's Renewed Motion for Leave to Serve Motion-Related Discovery, ECF Nos. 139 (the "Renewed Motion"), 140 ("Pl. Mem.").

## INTRODUCTION

Plaintiff again seeks sweeping discovery to which she is not entitled.  To obtain motion-related discovery here, Plaintiff must produce "reliable evidence that is more than a naked assertion" that she did not intend to be bound by the arbitration clause.  She offers none.  Instead, she repeats the same allegation that she was coerced into executing the Settlement Agreement as a whole.  But the Settlement Agreement's clear delegation of authority to the arbitrator—reinforced by decades of Supreme Court precedent—forecloses discovery at this juncture.

Plaintiff never explains why evidence of coercion—evidence about her mental state and perceptions—would be in McMahon's possession rather than her own.  Nor does she explain how documents in McMahon's custody could support her arbitration challenge when she herself purportedly amassed 81,000 text messages, emails, videos, and photographs (and sat for 30 hours of clinical interviews), ECF No. 138-4 ("Raghavan Decl.") ¶¶ 2, 4, and has failed to identify a single communication or document supporting that she was coerced into agreeing to the arbitration clause.

Meanwhile, Plaintiff ignores the controlling authority cited in McMahon's prior discovery opposition and this Court's repeated instruction that any discovery be "motion-related" and "limited."  *See* ECF Nos. 116 ("May 7, 2025 Order"), 130 ("February 6, 2026 Order"). Undeterred, she now seeks to serve twenty-two sweeping discovery requests—up from twenty— spanning seven-and-a-half years, each untethered to the arbitration issue she purports to be exploring.  Her stated objective is belied by the requests themselves, which do not even mention

1

the arbitration clause once.  The Renewed Motion is yet another transparent attempt to conduct premature merits discovery in the wrong forum, and the Court should deny it.

**PROCEDURAL HISTORY**

Plaintiff filed this action on January 25, 2024, in contravention of the parties' Confidential Settlement Agreement, General Release and Covenant Not to Sue.  *See* ECF No. 117 (the "Am. Compl."), Ex. A (the "Settlement Agreement").  Over two years ago, Defendants filed motions to compel arbitration, ECF Nos. 30, 35, 61, which Plaintiff failed to timely oppose, ECF No. 49 (Scheduling Order).  Those motions were denied without prejudice while the case was stayed for six months.  ECF No. 68.  After the stay, Defendants promptly renewed their motions, and Plaintiff again failed to timely oppose.  ECF Nos. 85-87; 91 at 2.  Instead, Plaintiff sought leave to amend her complaint, which the Court granted.  ECF No. 93.  The Court again denied Defendants' motions to compel without prejudice.  *Id.*  Before her motion to amend was decided, Plaintiff prematurely sought merits discovery, ECF No. 106, which Defendants moved to stay, ECF Nos. 109-11.

On May 7, 2025, the Court granted leave to amend, ECF No. 115, and stayed discovery pending Defendants' anticipated renewal of their motions to compel arbitration.  May 7, 2025 Order.  On June 13, 2025, Defendants renewed their motions.  ECF Nos. 122 ("Motion to Compel"), 124 ("WWE's Motion to Compel").  Rather than oppose the motions, Plaintiff served twenty document requests on McMahon and eighteen on WWE and moved for motion-related discovery and an extension of her opposition deadline.  ECF Nos. 126, 126-1 (the "First Discovery Motion").  On July 1, 2025, the Court stayed Plaintiff's opposition deadline pending resolution of the First Discovery Motion.  ECF No. 129.

On February 6, 2026, the Court denied the First Discovery Motion, holding that "Plaintiff ha[d] not met her burden to show good cause for taking discovery before responding to

Defendants' Motions to Compel Arbitration." February 6, 2026 Order. The Court observed that "[c]ourts do not grant discovery requests related to a motion to compel arbitration as a matter of course," and that "the Amended Complaint concedes that Plaintiff signed an agreement containing an arbitration clause." *Id*. (citations omitted). The Court ordered Plaintiff to file her opposition to Defendants' motions to compel and permitted her to renew the First Discovery Motion at that time. *Id*. The Court stated it would review any renewed motion to determine whether to permit "limited, reciprocal discovery." *Id*. On April 1, 2026, Plaintiff filed the Renewed Motion. ECF Nos. 139, 140.

## ARGUMENT

### I.    Plaintiff Fails to Meet Her Burden for Motion-Related Discovery

Plaintiff has failed—again—to carry her burden for motion-related discovery. "[G]iven the 'strong federal policy favoring arbitration . . . ,' courts do not grant discovery requests related to a motion to compel arbitration as a matter of course." *Flores v. NFL*, No. 22-cv-871, 2022 WL 3098388, at \*1 (S.D.N.Y. Aug. 4, 2022) (quoting *Ross v. Am. Express Co.*, 547 F.3d 137, 142 (2d Cir. 2008)); February 6, 2026 Order (same). Indeed, courts conduct only a "limited review to ensure . . . that a valid agreement to arbitrate exists." *In re Parcel Tanker Shipping Servs. Antitrust Litig.*, Nos. 03-cv-1919, 03-md-1568, 2005 WL 3360584, at \*4 (D. Conn. Nov. 9, 2005) (citations omitted).[1] This limited discovery is available "***only*** when the party opposing arbitration 'comes forth with ***reliable evidence*** that is ***more than a naked assertion*** . . . that it did not intend to be bound' ***by the arbitration agreement***." *Moton v. Maplebear*, No. 15-cv-8879, 2016 WL 616343, at \*4 (S.D.N.Y. Feb. 9, 2016) (quoting *Guidotti v. Legal Helpers Debt Resol., LLC*, 716 F.3d 764,

---

[1] Although district courts sometimes address the question of whether the claims at issue fall within the scope of the arbitration clause, *In re Parcel Tanker*, 2005 WL 3360584, at \*4, they decline to do so where, as here, parties have delegated arbitrability to the arbitrator, *see* Motion to Compel, Arg. § II(A); WWE's Motion to Compel, Arg § II.

774 (3d Cir. 2013)) (emphases added); *Flores*, 2022 WL 3098388, at \*2 (same).  Plaintiff has not met this bar.

Plaintiff argues that she needs discovery to support the allegation that she was coerced into signing the Settlement Agreement.  *See, e.g.*, Pl. Mem. 7-8.  But, whether she was coerced into signing the Agreement (she was not) is irrelevant to the pending Motion to Compel.  Supreme Court precedent firmly establishes that attacks must be directed at the arbitration provision itself. *See Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 449 (2006); *see also Grimmett v. DMM Sols., Inc.*, No. 24-cv-5903, 2024 WL 5090009, at \*3 (S.D.N.Y. Dec. 11, 2024) ("Regardless of how specifically she has alleged them, Plaintiff's claims of fraudulent inducement and unconscionability are irrelevant at this stage because they relate to the contract as a whole, rather than to the arbitration agreement in particular.").  Plaintiff's own authorities confirm this.  In *Doctor's Associates, Inc. v. Distajo*, 66 F.3d 438 (2d Cir. 1995), the Second Circuit held that the district court could address fraudulent inducement only because, unlike here, the party resisting arbitration alleged that "they were fraudulently induced to assent to the arbitration clause—***not to the rest of the contract***."  *Id.* at 457 (emphasis added).  Here, neither the evidence that Plaintiff posits nor discovery that she seeks suggests that she "'did not intend to be bound' ***by the arbitration agreement***," *Flores*, 2022 WL 3098388, at \*2 (emphasis added), underscoring that the requested discovery is outside the scope of the Renewed Motion.

Plaintiff's cited authority does not suggest otherwise.  In half of the cases she cites, the movant—unlike Plaintiff—presented substantial evidence tailored to the arbitration agreement itself demonstrating the need for discovery.  *See Legacy Cap. 26, LLC v. Chaldean Enter., LLC*, No. 22-cv-5758, 2023 WL 5530307, at \*1 (S.D.N.Y. Aug. 28, 2023) (granting limited discovery where movant offered evidence of undisclosed ties between the drafter, the industry, and the

4

arbitral forum); *de Moura Castro ex rel. Hilario v. Loanpal, LLC*, 715 F. Supp. 3d 373, 381-88, 396 (D. Conn. 2024) (granting limited discovery after movants presented evidence their signatures were forged).  In the other half, courts granted discovery on narrow issues where, unlike here, "the requested information [would] not intrude into the substantive matters that would be subject to arbitration."  *Golightly v. Uber Techs., Inc.*, No. 21-cv-3005, 2021 WL 3539146, at *4 (S.D.N.Y. Aug. 11, 2021); *accord Alvarez v. Experian Info. Sols., Inc.*, No. 19-cv-3343, 2021 WL 2349370, at *1-2 (E.D.N.Y. June 7, 2021); *Alvarez v. Experian Info. Sols., Inc.*, ECF No. 53 (Apr. 9, 2021) (noting prior arbitration-related discovery on narrow issue following completion of substantial merits and class-certification discovery).

"Here, the Amended Complaint concedes that Plaintiff signed an agreement containing an arbitration clause."  February 6, 2026 Order.  And, unlike the movant in *Hudson v. Babilonia*, No. 14-cv-01646, 2015 WL 1780879 (D. Conn. Apr. 20, 2015), Plaintiff has neglected to "'raise genuine disputes of material fact as to whether an arbitration agreement between [the parties] was ever formed.'"  February 6, 2026 Order (quoting *Hudson*, 2015 WL 1780879, at *2).  Given that Plaintiff has failed to produce any evidence—much less "reliable evidence"—that she did not intend to be bound by the arbitration provision, this Court should again deny motion-related discovery.

## II.    The Discovery Sought Is Within Plaintiff's Possession, Custody, and Control

Motion-related discovery is also unwarranted here because Plaintiff, herself, would have such evidence if it existed.  Plaintiff claims she signed the Settlement Agreement "in an extreme state of duress and coercion."  Pl. Mem. at 5, 7.  Yet, despite possessing 81,000 texts, emails, videos, and photographs, *see* Raghavan Decl. ¶ 4, she has not produced a single document or sworn statement suggesting she felt pressured, forced, threatened, or intimidated into agreeing to arbitrate.  It is Plaintiff's communications with her counsel and others—not McMahon's—that

5

could be probative of the threats she alleges she received or the duress she claims she was under.

Duress occurs when one person makes unlawful threats or engages in coercive behavior "that causes another person to commit acts that they would otherwise not commit."[2]  The federal trafficking statute similarly defines coercion as threats "against any person" or conduct intended to "cause a person to believe" that refusal would result in harm.  18 U.S.C. § 1591(e)(2).  Coercion and duress are not schemes hatched in secret; they are words and actions directed at the subject— "unlawful conduct of such a character as to destroy the other party's exercise of free will and judgment."  *McCord v. Goode*, 308 S.W.3d 409, 413 (Tex. Ct. App. 2010).

Here, "no discovery can add to the store of [Plaintiff's] knowledge" on these topics.  *Moton*, 2016 WL 616343, at *5.  "All information pertinent to the 'suggestions' made by Plaintiff" that she entered the agreement under duress "would be within [her own] possession, custody, and control and no one else's."  *Id.*  "Because Plaintiff[] should know whether" she was coerced into the arbitration clause, "the Court can only assume that [she is] attempting to embark on an impermissible fishing expedition."  *Flores*, 2022 WL 3098388, at *2; *see also Olsen v. Charter Commc'ns, Inc.*, Nos. 18-cv-3388, 18-cv-4972, 2019 WL 3779190, at *6 n.7 (S.D.N.Y. Aug. 9, 2019) ("The plaintiffs should be able to allege sufficient facts to show that their agreement to each arbitration clause was fraudulently induced if in fact it was fraudulently induced, but they have failed to do so.  The plaintiffs cannot avoid arbitration with the unsubstantiated hope that discovery may turn up something.").  Unsurprisingly, Plaintiff cites no case granting motion-related discovery to a party seeking evidence of its own alleged duress.

Finally, if any discovery is warranted, it is Plaintiff's to produce.  Should the Court consider Plaintiff's duress and coercion arguments and Dr. Raghavan's supporting declaration (it should

---

[2]  *See Duress*, Legal Information Institute, Cornell Law Sch. (last reviewed Nov. 2025), https://www.law.cornell.edu/wex/duress.

not), Defendants must receive the "approximately 81,000 texts, emails, videos, and photographs" and notes or recordings from the 30 hours of interviews that Dr. Raghavan considered. *See* Raghavan Decl. ¶¶ 2-4. The law and fundamental fairness demand that Defendants be permitted to scrutinize these materials and have their own expert independently assess them. *Vellali v. Yale Univ.*, No. 16-cv-1345, 2020 WL 5790443, at *1 (D. Conn. Sept. 28, 2020) ("Where an expert acknowledges relying on or otherwise considering facts or data in forming an opinion, that material has been placed directly in issue."); *Laszczak v. Autozone, Inc.*, No. 06-cv-1954, 2008 WL 11377711, at *2 (D. Conn. June 19, 2009) (holding that "all materials considered by a testifying expert witness in forming her opinion are fully discoverable by the adverse party" (citation modified)).

### III.    Plaintiff's Sweeping Requests Are Overly Broad, Untethered from the Issues, and Impose an Undue Burden on McMahon

The Court need not reach Plaintiff's Discovery Requests because she has not met her burden. But even if she had, the requests are overbroad and confirm her intent to circumvent the arbitration clause through premature merits discovery.

Plaintiff claims her twenty-two requests for production are "targeted" and "narrowly tailored" to the Motion to Compel. Pl. Mem. at 6-7. They are neither. ECF No. 139-3 ("Proposed Discovery Requests") at 8-11, 20-22.[3] Not a single request targets the arbitration clause—the sole potentially viable area for discovery. Indeed, the word "arbitration" does not appear once in the eleven-page document Plaintiff seeks to serve on McMahon. *Id*. at 14-24. Nor are they narrowly tailored. Instead, the requests span seven-and-a-half years, and the vast majority demand "all" documents or communications in a given category. *Id.* at 17, 20-22. And, every one of Plaintiff's Proposed Discovery Requests improperly goes to the merits, with many seeking documents related

---

[3] Citations to pages in this section are to the official ECF page numbers stamped at the top of the filing.

to the Settlement Agreement as a whole—the precise subject matter of Count II of the Amended Complaint. *See* Am. Compl. ¶¶ 336-45. The requests contravene this Court's prior orders staying merits discovery, *see* May 7, 2025 Order, and denying purported motion-related discovery, *see* February 6, 2026 Order. Plaintiff's requests go far beyond the "limited," "motion-related" discovery contemplated by her motions—they exceed even what courts permit in full-blown merits discovery. *See Vaigasi v. Solow Mgmt. Corp.*, No. 11-cv-5088, 2016 WL 616386, at *15 (S.D.N.Y. Feb. 16, 2016) ("Blanket requests of this kind are plainly overbroad and impermissible." (citation omitted)).

The Discovery Requests would also impose an undue burden on McMahon. This case—which does not belong in this forum—has been pending for over two years. Plaintiff's sweeping requests would require document collection, review, and production, further delaying adjudication in the proper forum. Her assertion that "[a]ll, or substantially all, of the documents Plaintiff requested . . . have already been collected, reviewed, and produced" to the government or to the Delaware Shareholder Litigation plaintiffs, *see* Pl. Mem. at 10, lacks support. In any event, it defies common sense to claim that a "re-production of files" could be "made immediately" in an unrelated civil litigation without reviewing whether each document is relevant to the narrow issue here. *Id.* at 10-11.

## IV. The SEC Order, Second Circuit Decision, and Delaware Shareholder Litigation Are Irrelevant

The Court should not be distracted by Plaintiff's references to the January 10, 2025 SEC order (the "SEC Order"), the February 7, 2025 Second Circuit decision, or the 2023 Delaware Shareholder Litigation. None is relevant to this action, much less to the pending Motion to Compel.

Plaintiff grossly mischaracterizes the SEC Order despite McMahon's prior corrections. *See, e.g.*, ECF No. 98 at 9-10.[4] She argues that the SEC Order demonstrates that the Settlement Agreement is "illegal" and "drafted and signed in furtherance of crimes, including several violations of federal securities laws." Pl. Mem. at 5, 8. This is demonstrably false. First, nothing in the SEC Order suggests the Settlement Agreement was "illegal." *Id.* at 8. On the contrary, the SEC Order *presumes* the Agreement's legality and enforceability: it recounts that WWE restated its financial records to account for its obligations under the binding agreement. *See* SEC Order ¶ 37. Second, the SEC Order makes no reference to the arbitration clause—the only clause at issue—let alone suggests it was "drafted and signed in furtherance of crimes." Pl. Mem. at 5. Third, the SEC Order reflects a no-admit-no-deny settlement of civil violations, not criminal charges. *See* SEC Order ¶ 1. Any allegations in that order are not McMahon's admissions and are not cognizable here. Finally, the alleged violations relate to a purported failure to disclose two agreements to WWE for accounting purposes. *Id.* ¶ 2. The Settlement Agreement's enforceability was not at issue, nor were the circumstances under which Plaintiff entered it.

Plaintiff also cites an anonymized Second Circuit decision addressing a crime-fraud privilege ruling arising from sealed grand jury proceedings in the Southern District of New York. *In re Grand Jury Subpoenas Dated Sept. 13, 2023*, 128 F.4th 127, 130 n.1 (2d Cir. 2025). The alleged "crime or fraud" at issue in that case—which Plaintiff neglects to mention—concerned circumvention of internal corporate accounting controls. *Id.* at 142. The decision addresses a discrete set of attorney-client communications allegedly "structured and intended to conceal the resulting agreements from the Company" for accounting purposes. *Id.* at 145. Like the SEC Order,

---

[4] *See also* Vincent Kennedy McMahon, Exchange Act Release No. 102143, 2025 WL 70147 (Jan. 10, 2025) (cease and desist order); Press Release, SEC, *Vince McMahon, Former CEO of WWE, Charged for Failure to Disclose to WWE Two Settlement Agreements He Executed on Behalf of WWE* (Jan. 10, 2025), https://www.sec.gov/newsroom/press-releases/2025-1.

the decision does not address the enforceability of any underlying agreement, claims of duress or coercion, or any issue related to the arbitration clause.  It is entirely irrelevant.

The same is true of the Delaware Shareholder Litigation.  Plaintiff's claim that this litigation includes "testimony and evidence [that] is directly relevant to the factual disputes surrounding Defendants' efforts to enforce the NDA and compel arbitration," Pl. Mem. at 10, lacks merit.  That case involves former WWE stockholders' fiduciary-duty claims relating to WWE's merger with a subsidiary of Endeavor Group Holdings, Inc. ("Endeavor"), alleging that McMahon negotiated exclusively with Endeavor, resulting in a below-market price.  Complaint, *In re World Wrestling Ent., Inc. Merger Litig.*, No. 2023-1166-JTL (Del. Ch. Nov. 17, 2023).  It concerns alleged control over the merger approval process and whether minority stockholders' interests were disregarded—nothing to do with whether Plaintiff agreed to arbitrate.  *Id.*  Predictably, Plaintiff's Discovery Requests concerning that litigation make no attempt to limit themselves to the arbitration agreement, nor could they.  *See* ECF No. 139-3 at 22 (Requests to McMahon 21-22) (seeking "[a]ll documents used to prepare for, produced during, and related to" all fact witnesses' depositions, as well as McMahon's entire deposition transcript and exhibits).

## V.      If the Court Grants Any Motion-Related Discovery, Strict Limitations Should Be Imposed and Reciprocal Discovery Should Be Permitted

The Court should deny the Renewed Motion in full and decide McMahon's Motion to Compel on the binding legal authority cited therein.  Should the Court nevertheless consider Plaintiff's coercion and duress arguments—both improperly aimed at the entire Settlement Agreement—it is Defendants, not Plaintiff, who must receive discovery, particularly into the materials underlying Dr. Raghavan's report.  *Supra* § II.  If the Court grants any discovery to Plaintiff, it must be strictly circumscribed and reciprocal, as contemplated by the May 7, 2025 and February 6, 2026 Orders.

### A.    Any Discovery Must Be Narrowly Tailored to the Pending Motions

If the Court permits any motion-related discovery, it must be tailored to the arbitration clause. *See Grimmett*, 2024 WL 5090009, at *3 ("To the extent Plaintiff seeks discovery in connection with a claim of fraudulent inducement, such efforts must be reasonably calculated to uncover information likely to show that the arbitration clause specifically, as opposed to the contract generally, was the result of fraud."). The time period should likewise be limited to the three weeks over which the Settlement Agreement was negotiated. *See* Am. Compl. ¶¶ 249-57.

### B.    Any Discovery Cannot Seek Privileged Material

Attorney-client privilege is "the oldest of the privileges for confidential communications known to the common law," intended "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). At least one Discovery Request seeks material clearly protected by attorney-client privilege and the attorney work-product doctrine. *See* ECF No. 139-3 at 20 (seeking "[a]ll drafts of the NDA"). This request, and any others seeking privileged material, are improper for this additional reason.

### C.    Any Discovery Granted to Plaintiff Warrants Reciprocal Discovery

Should the Court grant limited, motion-related discovery to Plaintiff—which it should not—McMahon respectfully requests reciprocal discovery on equivalent topics, including any communications between Plaintiff, third parties, or McMahon relating to the arbitration clause and Plaintiff's state of mind during the drafting and execution period.

### CONCLUSION

For the foregoing reasons, Defendant McMahon respectfully requests that the Court deny in full Plaintiff's Renewed Motion for Leave to Serve Motion-Related Discovery.

11

Date: May 13, 2026                              Respectfully submitted,

                                                **AKIN GUMP STRAUSS HAUER &
                                                FELD LLP**

                                By:    */s/ Jessica T. Rosenberg*

                                       Jessica T. Rosenberg
                                         (admitted *pro hac vice*)
                                       Ilana Roberts
                                         (admitted pro hac vice)
                                       One Bryant Park
                                       New York, NY  10036
                                       Telephone: (212) 872-1000
                                       Facsimile: (212) 872-1002
                                       jrosenberg@akingump.com
                                       iroberts@akingump.com


                                       **McCARTER & ENGLISH, LLP**
                                       James A. Budinetz (ct16068)
                                       Snigdha Mamillapalli (ct31142)
                                       CityPlace I, 185 Asylum Street
                                       Hartford, CT  06103
                                       Telephone: (860) 275-6765
                                       Facsimile: (860) 724-3397
                                       jbudinetz@mccarter.com
                                       smamillapalli@mccarter.com

12

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 13, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all Parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

*/s/ Jessica T. Rosenberg*

13